## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | Case No. 18 C 3029 |
| Plaintiff, | ) | |
| | ) | Hon. John Z. Lee, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A HIPAA AND MENTAL HEALTH PROTECTIVE ORDER**

Plaintiff THOMAS SIERRA, by his attorneys, submits this response in opposition to the Defendants' motion for entry of a HIPAA and mental health protective order (Dkt. 97), stating in support as follows:

### INTRODUCTION

1. Plaintiff does not object to the entry of a HIPAA and mental health protective order in this case. Indeed, Plaintiff agrees that there is a need for a court order putting in place a procedure by which medical and mental health care records can be sought, and by which such records will be kept as confidential in compliance with applicable federal and state law.

2. However, Defendants' proposed protective order goes much farther by asking the Court to pre-judge issues of discoverability of particular records. First, it seeks a blanket order that Plaintiff has waived all medical and mental health privileges and protections, regardless of the records' timing, nature, or relationship to the claims or damages in this case. Second, it asks the Court to do just the opposite for Defendants: to find that there is no possible discoverable

basis for the production of Defendants' medical or mental health records, and so they should not be part of the HIPAA and mental health protective order.

3. In both cases, Defendants ask the Court to reach broad rulings about the scope of discovery, and to do so in a vacuum, without the benefit of any actual request for records, or even a perfected dispute about such records. The Court should reject Defendants' invitation to anticipatorily predetermine that, when it comes to medical and mental health records, Plaintiff has waived all privileges as to *everything*, and Defendants' records are relevant as to *nothing*.

4. Instead, the Court should enter the portions of Defendants' HIPAA and mental health protective order that serves the traditional purpose of such an order: providing a mechanism for the disclosure of medical and mental health records and for placing confidentiality and restrictions on their use in accordance with federal and state law. The question of which particular records of the parties are relevant in this case, and what particular privileges are applicable and/or waived, can be addressed if and when requests are made and disputes arise.

## LEGAL STANDARD

5. Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir.2009). "Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so." *Bond*, 585 F.3d at 1074. The rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012).

6.      As the moving party, Defendants bear the burden of showing good cause for the protective order they seek. *Cent. States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co.*, No. 10 C 2881, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012) (citing *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994)). In determining whether there is good cause for a protective order, the court must balance the harm to the party seeking the protective order against the importance of public disclosure. *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341–42 (N.D.Ill. 2008).

## DISCUSSION

7.      As set forth above, Plaintiff does not oppose the entry of a protective order covering medical and mental health records. Attached as Exhibit A is Plaintiff's redlined version of Defendants' HIPAA and mental health protective order, which performs this function without including additional portions pre-judging issues of waiver and relevance. Attached as Exhibit B is a clean version.

### *The Court Should Not Enter Defendants' Protective Order Deeming Blanket Waiver by Plaintiff of All Possible Medical and Mental Health Privileges*

8.      Defendants' proposed order contains the following undisputed (in black) and disputed language (in red, strikethrough):

> The Court finds good cause exists for the entry of a HIPAA and Mental Health Protective Order for Plaintiff's (**THOMAS SIERRA**) medical, mental health information, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of protected health information ("PHI") and mental health information during the course of this litigation. ~~The Court further finds that Plaintiff has affirmatively placed his medical and mental health condition at issue in this litigation by seeking damages for physical injuries and emotional distress in addition to filing a claim for intentional infliction of emotional distress thereby waiving any privilege pursuant to HIPAA; the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110, et seq.); and the physician-patient privilege (735 ILCS 5/8-802); the Medical Patient Rights Act (410 ILCS 50 *et seq.*); the Illinois Constitution right to privacy (Illinois Constitution at Article I § 6); and the~~

3

> ~~psychotherapist-patient privilege set forth in *Jaffee v. Redmond* (518 U.S. 1 (1996))~~:

The first half of the paragraph is what is necessary to effectuate the purpose of a protective order, and is undisputed. The second half is gratuitous. It acts as a judicial finding that no matter what medical or mental health records Defendants seek, Plaintiff has waived all possible privileges. The Court should decline Defendants' request to make such a premature, blanket finding.

9. It should decline to do so not just as a mere formality; it is for good reason. For one, contrary to Defendants' contention, Plaintiff has not waived the patient-psychotherapist privilege.

10. In *Jaffe v. Redmond*, 518 U.S. 1, (1996), the Supreme Court recognized that "confidential communication between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. at 15. *Jaffe* explained that the purpose of the privilege is to promote the public interest in the honest exchange of communication between a psychotherapist and their patient by establishing that information about the patient's mental health will not be disclosed to third-parties. *Id.* at 10-12.

11. Of course, like all privileges, the psychotherapist-patient privilege can be waived. *Id.* at 15 n.14. Defendants would have the Court believe that the very act of seeking non-monetary damages in the form of emotional distress waives the patient-psychotherapist privilege (and all other privileges). (Dkt. 97 at 4-6.) But that is not the case. "[T]he psychotherapist-patient relationship is not waived when a plaintiff does not intend at trial to offer evidence of consultations with a psychotherapist or rely on expert testimony concerning the distress allegedly caused by a defendant's actions." *Noe v. R.R. Donnelley & Sons*, 2011 WL 137698, at *1 (N.D. Ill. Apr. 12, 2011); *see also Caine v. Burge*, 2012 WL 6720597, at *2 (N.D. Ill. Dec. 27, 2012)

4

(citing, among other authorities, *Flowers v. Owens*, 274 F.R.D. 218, 225 (N.D. Ill. 2011) (Cole, Mag.); *EEOC v. Area Erectors, Inc.*, 247 F.R.D. 549, 552 (N.D. Ill. 2007) (Mahoney, Mag.), *Taylor v. ABT Electronics Inc.*, 2007 WL 1455842, at * 2 (N.D. Ill. May 14, 2007) (Anderson, J.); *EEOC v. DHL Express*, 2011 WL 6825497, at *6 (N.D. Ill. Dec. 27, 2011) (St. Eve., J.) (explaining that the "overwhelming weight of authority in this District holds that an individual's medical records are not discoverable unless that individual has placed her psychological state in issue by claiming more than mere 'garden variety' psychological injuries" (and collecting cases)). As another Court put it, a "party waives the privilege by claiming damages in situations where that party plans to introduce evidence of psychological treatment in support of their damages claim at trial," but privilege is "not waived where the plaintiff does not seek damages for emotional distress by introducing evidence that is not specific, concrete, or for which they received counseling as a result." *Awalt v. Marketti*, 287 F.R.D. 409, 418 (N.D. Ill. 2012).

12. Here, Plaintiff seeks damages for the obvious and intrinsic damages that flow from his twenty years of wrongful imprisonment. He has not disclosed any mental health counselors or treaters, and he has not disclosed records or asserted any mental health diagnosis like Post-Traumatic Stress Disorder, Major Depressive Disorder, etc. Plaintiff has not waived the patient-psychotherapist privilege.

13. To the extent the parties are in disagreement on that point, it is not necessary to resolve that question in order to enter the HIPAA and mental health protective order. All the protective order does it put in place the mechanism for such records to be produce. The appropriate step at which to resolve questions about whether any waivers have occurred is if and when Defendants request specific records, Plaintiff objects to the request, the parties confer, and a perfected dispute comes before the Court through a motion to compel. Then, the Court can

consider the issue in the context of the particular request being made and the objections thereto. It would be premature to resolve the issue now by prejudging a motion to compel that has not been filed; indeed, no underlying *subpoena* for such records has even been issued.

### The Court Should Not Prematurely Conclude that Defendants' Medical and Mental Health Records are Undiscoverable For Any Purpose

14. At the same time that Defendants want to use the protective order to obtain a ruling that Plaintiff has waived all medical and mental health privileges, they want to simultaneously obtain a ruling that all of Defendants' medical and mental health records are undiscoverable.

15. But again, that request is gratuitous. In entering a HIPAA and mental health protective order, there is no need for the Court to make blanket rulings about theoretical disputes about the discoverability of particular records. If and when Plaintiff makes such a request, the Defendants could of course object to the relevance, and the Court would have the opportunity to consider any disputes in context, rather than as a matter of theory.

16. In other words, the entry of the protective order including all parties does *not* grant Plaintiff access to any Defendant's medical or mental health records (and indeed, related to the first issue, should not act as a blanket waiver of their privileges). It merely creates procedure for ensuring the confidentiality and appropriate treatment of such records if requested and produced.[1]

17. Accordingly, the Court should enter a single protective order, putting in place a procedure by which any party's medical and mental health care records produced in the case will

---

[1] It is possible that there will be medical and mental health records for Defendants subject to this protective order, even without the issuance of subpoenas for such records. Such information may be contained in Defendants' personnel files and CR files, which they have agreed to produce. In trying to resolve this matter, Plaintiff asked Defendants if they could confirm that no such information was contained in Defendants' CR files or personnel files, but Defendants declined to do so.

6

be kept as confidential in compliance with applicable federal and state law. Plaintiff's edited version of Defendants' Motion does just that, and is attached as Exhibit A, with a clean copy as Exhibit B.

                                   RESPECTFULLY SUBMITTED,

                                   */s/ Anand Swaminathan*
                                   *One of the Attorneys for Plaintiff Thomas Sierra*

                                   Jon Loevy
                                   Anand Swaminathan
                                   Steven Art
                                   Sean Starr
                                   Loevy & Loevy
                                   311 N. Aberdeen St., Third Floor
                                   Chicago, IL 60607
                                   (312) 243-5900
                                   anand@loevy.com

## **CERTIFICATE OF SERVICE**

I, Anand Swaminathan, an attorney, certify that on April 19, 2019, I filed the foregoing Response in Opposition to Defendant's Motion for Entry of HIPPA and Mental Health Protective Order using the Court's CM/ECF system, which effected service on all counsel of record.

                                                   /s/ Anand Swaminathan
                                                   *One of Plaintiff's Attorneys*