IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Thomas Sierra,** <br><br> Plaintiff, <br><br> v. <br><br> **Reynaldo Guevara et al.,** <br><br> Defendants. | No. 18 C 3029 <br><br> Hon. John Z. Lee, <br> District Judge <br><br> Hon. M. David Weisman, <br> Magistrate Judge |

**Plaintiff's Response to Defendant City of Chicago's
Status Report Regarding *Monell* Document Production**

Plaintiff Thomas Sierra, through his attorneys, respectfully submits the following response to the City of Chicago's Status Report Regarding *Monell* Document Production:

In its status report filed on January 17, 2020, Defendant City of Chicago proposed a timeline for complying with this Court's order to produce complaint register files and homicide investigative files from Area 5 from the years 1991 through 1995. It requests five to six months to produce the complaint register files and five months to produce the investigative files—meaning that *Monell* production will not be complete, at the earliest, until June 2020. Based on Plaintiff's counsel's experience litigating similar cases against the City, Plaintiff believes that this proposed timeline significantly overestimates the time required to produce these files, which are central to Plaintiff's *Monell* theories. Plaintiff

therefore respectfully requests that the Court set a shorter deadline for the completion of this production.

A.   **Complaint register files**

The City's request for five to six months to produce the complaint register files represents an unnecessary and unjustifiable delay. First, based on Plaintiff's counsel's experience, the City's characterizations of the time required to identify responsive files are considerably exaggerated. In another case, *Cazares v. Frugoli*, No. 13 C 5626 (N.D. Ill.), the City stated that it has developed a computerized search tool that makes all of the complaint histories for each officer readily accessible. According to the City,

> CPD has created a new search tool that allows the user to simultaneously search all databases in which CR information is stored, including two sources that may contain older CR information potentially not stored in the three databases that CPD traditionally has searched when responding to a request for an officer's CR history. . . . CPD's new tool allows the user to create a master index listing all CRs for a given officer, regardless of the database in which information about the CRs may be found.

Ex. 1, City of Chicago's Position Paper in *Cazeres v. Frugoli*, No. 13 C 5626 (N.D. Ill.), at 3.

Counsel for the Plaintiff recently learned that in another case involving the disclosure of complaint register files, the City represented to the court that it could produce those files much faster than they have contended in this case. In a status report filed in *Green v. Chicago Police Department*, No. 15 CH 17646 (Cook Cty. Cir. Ct.), which is attached as Exhibit 2 to this response, the City explained

2

that despite the fact that complaint register files are "extremely sensitive" and require careful review before being produced, its vendor is will be able to produce 3,000 files *every month*. Ex. 2 ¶¶ 7–8. Assuming that there are approximately 300 responsive complaint register files that must be newly produced in this case—likely an overestimation given that one year's worth of the files are already being produced in *Solache* and *Reyes*, Nos. 18 C 1028 and 18 C 2312 (N.D. Ill)—it would take the City only about three days to produce the files based on their representation in *Green*. Even affording the City the benefit of the doubt that such a rapid production is impracticable in this case for one reason or another, the request for five to six months to turn over these documents is plainly excessive.[1]

    Plaintiffs' counsel's experience in similar cases also suggests that the City's time estimates are unreasonable. The City contends, for example, that this production is time-consuming because all the complaint register files will have to be reviewed for redactions. But in previous cases, including *Hood v. City of Chicago*, 17 C 1970 (N.D. Ill.), and *Washington v. Boudreau*, 16 C 1893 (N.D. Ill.), the City did not review complaint register files for redactions, and the City has not explained why it would go through that process in this case. Moreover, the protective order that has already been entered in this case is sufficient to ensure

---

[1] Notably, the court in *Green* found that the Chicago Police Department had "willfully and intentionally failed to comply with the Court's order to produce" complaint register files and imposed a statutory penalty under the Illinois Freedom of Information Act. *See* Exhibit 3, Omnibus Order of Jan. 10, 2020, *Green v. Chicago Police Dep't*, No. 15 CH 17646, at 7–8.

3

that materials produced confidentially will not be disclosed. *See* dkt. 123. For these reasons, the City's contention that it needs five to six months to produce the requested complaint register files is without merit.

**B.     Investigative files**

The City's estimate that it will take five months to produce the investigative files in this case is similarly excessive. It contends that it will take about 450 hours to scan 300 files—implying a rate of about an hour and a half per file. The City's only explanation for this estimate is that the files often contain irregular sheets of paper that must be scanned individually. But based on Plaintiff's counsel's experience in *Rivera v. City of Chicago*, No. 12 C 4428 (N.D. Ill.), as well as other cases in which counsel has inspected the original investigative files, the documents are fastened together inside the file with a two-hole punch. The fastener can be removed in a matter of seconds, and the vast majority of the documents in the file are 8.5" x 11" pieces of paper that can be scanned in minutes; miscellaneous documents of different sizes, if any, can then be scanned individually in a few additional minutes. Indeed, Plaintiff's counsel has experience scanning large numbers of very similar files with mixed contents (e.g., attorneys' files from old homicide cases), and has been able to scan multiple files in less than an hour. If the City can scan just two investigative files per hour, the scanning process for 300 files will take only 150 hours in total—not 450 hours as the City suggests.

4

The City also states that the production may take longer than the estimated five months because "it is unlikely that CPD personnel will have the opportunity to devote their full workday to this request." Dkt. 159 at 3. If personnel availability is an obstacle to the timely disclosure of these documents, the Plaintiff offers to hire an outside vendor to complete the production. As was his position during the briefing on the motion to compel *Monell* discovery, "Sierra stands willing to share the cost and burden of production." Dkt. 138 at 15.

The City further contends that it needs eight weeks to conduct a privilege review before the files can be produced. As with the complaint register files, a privilege review would be unnecessary and unusual. There is no need for a privilege review before producing police investigative files that contain no privileged information. Notably, the City has not listed any documents from the investigative files disclosed in this case, *Reyes*, No. 18 C 2312 (N.D. Ill), or *Gomez*, No. 18 C 3335 (N.D. Ill.) on any privilege log.

Experience from previous cases suggests that the City will be able to complete production of the investigative files in about two months. In *Kluppelberg v. City of Chicago*, No. 13 C 3963 (N.D. Ill.), the City was ordered on July 23, 2015 to produce 660 investigative files. *See* Ex. 4, *Kluppelberg* Order of July 23, 2015. The City hired a vendor, the first production was made on August 11, 2015, and the production was completed on November 2, 2015. *See* Ex. 5, Discovery Correspondence in *Kluppelberg*. In *Rivera*, on September 24, 2013, the City was ordered to produce, among other things, Area 5 files from 1985–1991, to

5

be scanned and produced by a third-party vendor at Mr. Rivera's expense. *See* Ex. 6, Order of Sept. 24, 2013 in *Rivera*. The City delayed in obtaining a vendor, but eventually gave the vendor the go-ahead to start scanning on or after November 19, 2013. The 138 files were produced in mid-December, approximately three weeks later (a period that included the Thanksgiving holiday). *See* Ex. 7, Correspondence from *Rivera*.

## CONCLUSION

The City's over-inflated estimates of the time it needs to complete the ordered production risk prejudice to all parties in this litigation. As the Plaintiff argued in his briefing regarding the motion to compel *Monell* discovery, the complaint register files and investigative files are essential to the Plaintiff's claims because they contain evidence that the City failed to adequately train, supervise, and discipline its officers to prevent the kind of investigative misconduct that occurred in this case. And the City's disclosure of these files is only the beginning of a longer process of review by Plaintiff's counsel and by one or more experts that will analyze the documents. The Court should not permit the City to needlessly delay disclosing essential documents, particularly given that significant additional work will be required when they are ultimately produced. Because the City's proposed timeline will unnecessarily postpone the completion of discovery in this case and increase the cost of this litigation to all parties as the proceedings drag on, Plaintiff respectfully requests that the Court

order the City to produce the requested *Monell* discovery in fewer than the five to six months requested in the City's status report.

Dated: January 22, 2020                                                                   Respectfully submitted,

                                                                                                       /s/ John Hazinski
                                                                                                       *Attorney for Plaintiff Sierra*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
John Hazinski
LOEVY & LOEVY
311 N. Aberdeen St. 3rd Floor
Chicago, IL 60607
(312) 243-5900
hazinski@loevy.com

## CERTIFICATE OF SERVICE

      I, John Hazinski, an attorney, hereby certify that on January 22, 2019, I filed the foregoing Plaintiff's Response to Defendant City of Chicago's Status Report Regarding *Monell* Document Production using the Court's CM/ECF system, which effected service on all counsel of record.

                                                                                       /s/ John Hazinski
                                                                                     *Attorney for Plaintiff Sierra*