IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 3029 |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The case is before the Court on the City of Chicago's motion for reconsideration for the Court's December 3, 2019 Order granting in part plaintiff's motion to compel. For the reasons set forth below, the motion [156] is denied.

## Discussion

A motion to reconsider an interlocutory order:

[M]ay be granted where the Court has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case.

*Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Caine*, 897 F. Supp. 2d at 717.

The City says reconsideration is appropriate because the Court made its ruling under the mistaken impression that the City did not object to the production of homicide files for the purpose of comparing them to the Cook County State's Attorney's Office files. (*See* Mot. Recons., ECF 156 at 2; 12/3/19 Order, ECF 154 at 2 & n.2.) The City's purported acquiescence was not, however, the linchpin of the Court's analysis. Rather, the Court ordered limited production of the homicide files because:

> Plaintiff . . . explained a means by which the requested information, despite the burdens of production, is sufficiently important for him to access and review in an effort to prove his case. The fact that plaintiff has no other ready means of gathering this type of information and his Monell claim raises questions that are important not only to him but to the public-at-large also justifies the burden involved in the discovery requested. In short, the importance of the information sought, the parties' relative access to the information sought, and the importance of the litigation as a whole justify the burden associated with the production of the homicide files . . . .

(12/3/19 Order, ECF 154 at 2.) Thus, any misapprehension of this point by the Court is not a basis for reconsidering the Order.

The City also argues that the Court's ruling is wrong because the Court misunderstood the nature of the "permanent retention files." Those files are "meant to be a *subset* of the investigative file[s]," the City says, so the fact that the permanent retention files differ from the investigative files proves nothing. (Mot. Recons., ECF 156 at 5) (emphasis in original). As plaintiff points out, however, "[t]he contents of an investigative file [may] contain information that contradicts the contents of a permanent retention file," which may suggest that evidence was fabricated. (Resp. Mot. Recons., ECF 158 at 4.) Accordingly, comparing the two sets of files is not necessarily a futile exercise, as the City maintains.

The City's remaining arguments simply rehash points it made in briefing or during oral argument. Thus, they are not a basis for reconsideration either.

Additionally, the City asks for "clarification and the means of enforcement" of the Court's prohibition on plaintiff re-investigating the crimes documented in the homicide files. (Mot. Recons., ECF 156 at 10.) Specifically, the City asks the Court for an order barring plaintiff from: (1) giving the files to anyone not working on this case; (2) using the files for any purpose other than working on this case; and (3) using the files for leads for investigating and locating additional potential plaintiffs and cases. (*Id.*)

As an initial matter, as plaintiff notes, this is a request for a protective order, not for clarification of the 12/3/19 order. Moreover, there already is a protective order in this case which states, among other things, that "Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof." (Agreed Confidentiality Order, ECF 123 ¶ 4(a).) If the City marks the homicide files confidential—a step to which plaintiff,

2

by making this argument, has forfeited any objection (*see* Resp. Mot. Recons., ECF 158 at 9)—it will receive the relief it requests.  As a result, there is no basis for clarifying the 12/3/19 order.

**SO ORDERED.**                                             **ENTERED:   February 27, 2020**

**M. David Weisman**
**United States Magistrate Judge**