IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | No. 18 C 3029 |
| *Plaintiff,* | ) | |
| | ) | Hon. John Z. Lee, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |

## PARTIES' JOINT STATUS REPORT

Pursuant to the Court's order (Dkt. 199), the parties submit the following joint status report:

### A. Current Deadlines/ Magistrate Referral

1. This case has been referred to Magistrate Judge Weisman for discovery supervision. Pursuant to the parties' Amended Proposed Joint Scheduling Order[1] regarding *Monell* production, the City made an initial rolling production of CR files on September 25, 2020. It is Plaintiff's position that this Court's Order (Dkt. 195) also required Defendant City to begin producing homicide files (Investigative Files and Records Division Files), on a rolling basis starting on September 25, 2020, but that Defendant City failed to do so. The City disagrees with Plaintiff's position. Nonetheless, the parties are currently conferring regarding this issue, and the City has indicated that it will provide Plaintiff with an update on its production by 10/8,

---

[1] Entered on June 10, 2020, by Magistrate Judge Weisman (Dkt. 195).

at which point Plaintiff can determine whether any additional motion practice is necessary.

## B. Progress of Discovery

2. Discovery is ongoing in this case. Since the parties last appeared for a status hearing in this case, the parties have continued to engage in written discovery and have taken several remote depositions. The parties are continuing to work to coordinate additional remote depositions of third-party witnesses. Additionally, the parties have had initial discussions regarding taking party depositions. Since the last status hearing, the parties have conducted the following third-party depositions:

- Damages Witness Ivette Tapia
- Gang Crimes Specialist Ed Wiora
- Police Officer Patrick Casey
- Police Officer Ken Trempe

3. Additionally, Defendants requested, and the parties had previously scheduled the deposition of third-party damages witness Tomas Sierra. Mr. Sierra's deposition was unfortunately canceled. Mr. Sierra is elderly, fell ill and was admitted to the hospital, and he furthermore lives out of state. In addition, Mr. Sierra has limited access to the technology necessary to conduct remote depositions. Plaintiff's counsel is currently making every effort to reschedule Mr. Sierra's deposition.

4. The parties are working to schedule the following third-party depositions:

- ASA William Farrell
- ASA Patti Sudendorf
- ASA Joseph Alesia

5. Plaintiff has additionally requested dates for the following third-party officer:

- Police Officer J. Rodriguez, Star #4660 – The City is working on getting a date for officer Rodriguez.

6. Finally, Plaintiff has previously requested dates for the depositions of all the Defendant officers in this case.

### C. Pending Motions

7. There are no currently pending motions in this case.

### D. Settlement Efforts

8. There are no current settlement discussions in this case.

### E. Agreed Proposed Schedule

9. The parties agree that they do not believe any specific schedule need be set at this time. The parties will continue to conduct written discovery, are conferring about outstanding discovery, and are conferring about depositions that are appropriate to conduct remotely.

10. There currently is no fact discovery cut off. The parties still have several party and third-party depositions to take, some of which the parties are currently

working to schedule as remote video depositions. The Court has not yet set an expert discovery or dispositive motion deadline. The parties are not requesting that this Court set expert discovery or dispositive motion deadlines at this time.

### F. Any Agreed Action the Court can Take Without a Hearing

11. None at this time.

### G. Need for a Telephonic Hearing with the Court

12. The parties do not believe a telephonic or in-person hearing with the judge is necessary at this time.

Dated: October 6, 2020

Respectfully submitted,

| /s/ Sean Starr | MARK A FLESSNER | /s/ Josh M. Engquist |
|---|---|---|
| Jon Loevy | Corporation Counsel of the City of Chicago | James G. Sotos |
| Anand Swaminathan | | Josh M. Engquist |
| Steven Art | | Jeffrey R. Kivetz |
| Josh Tepfer | | David A. Brueggen |
| Sean Starr | /s/ Eileen E. Rosen | Samantha J. Pallini |
| Rachel Brady | Eileen E. Rosen | Special Assistant |
| John Hazinski | Catherine M. Barber | Corporation Counsel |
| Loevy & Loevy | Theresa Berousek Carney | The Sotos Law Firm, P.C. |
| 311 N. Aberdeen St. | Austin G. Rahe | 141 W. Jackson, Suite 1240A |
| Chicago, Illinois 60607 | Special Assistant Corporation Counsel | Chicago, Illinois 60604 |
| (312) 243-5900 | Rock Fusco & Connelly, LLC | (630) 735-3300 |
| **For Plaintiff** | 321 N. Clark Street, Suite 2200 | **For Defendants JoAnn Halvorsen, as Special Representative for the estate of Ernest Halvorsen, Wojcik, McMurray, Figueroa, and Biebel** |
| | Chicago, Illinois 60654 | |
| | (312) 494-1000 | |
| | **For Defendant City of Chicago** | |

4

/s/ Thomas M. Leinenweber
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Special Assistant Corporation Counsel
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 663-3003
**For Defendant Guevara**

## CERTIFICATE OF SERVICE

    I, Sean Starr, an attorney, hereby certify that on October 6, 2020 I caused the foregoing Joint Status Report to be filed using the Court's CM/ECF system, thereby effectuating service on all counsel of record.

                                                  /s/ Sean Starr
                                                  *Attorney for Plaintiff*