<u>**TRANSCRIBED FROM DIGITAL RECORDING**</u>

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO ALMODOVAR, JR., | ) | Docket No. 18 CV 2341 |
|      Plaintiff, | ) | |
| -vs- | ) | Chicago, Illinois |
| REYNALDO GUEVARA et al., | ) | June 14, 2021 |
| | ) | 2:12:19 o'clock p.m. |
|      Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM NEGRON, | ) | Docket No. 18 CV 2701 |
|      Plaintiff, | ) | |
| -vs- | ) | |
| REYNALDO GUEVARA et al., | ) | |
|      Defendants. | ) | |

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | Docket No. 18 CV 3029 |
|      Plaintiff, | ) | |
| -vs- | ) | |
| REYNALDO GUEVARA et al., | ) | |
|      Defendants. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. DAVID WEISMAN, MAGISTRATE JUDGE

**APPEARANCES**:

| | |
|---|---|
| For Plaintiff Almodovar: | BONJEAN LAW GROUP |
| | BY: MS. JENNIFER A. BONJEAN |
| | MS. ASHLEY BLAIR COHEN |
| | 467 Saint Johns Place |
| | Brooklyn, New York  11238 |

**PLEASE NOTIFY OF INCORRECT SPEAKER IDENTIFICATION**
NOTE:  FAILURE TO STAND NEAR THE MICROPHONE MAKES
PORTIONS UNINTELLIGIBLE AND INAUDIBLE.

LAURA LACIEN, CSR, RPR, RMR, F/CRR
Official Court Reporter
219 South Dearborn Street, Suite 1212
Chicago, Illinois  60604
(312) 408-5032

1    **APPEARANCES**:    (Cont'd)

2    For Plaintiff Sierra:        LOEVY & LOEVY
                                  BY:   MR. ANAND SWAMINATHAN
3                                 311 North Aberdeen Street
                                  3rd Floor
4                                 Chicago, Illinois  60607

5    For individual              THE SOTOS LAW FIRM PC
     Defendants except           BY:   MR. JOSH MICHAEL ENGQUIST
6    Guevara:                    141 West Jackson Boulevard
                                  Suite 1240A
7                                 Chicago, Illinois  60604

8    For Defendant Guevara:       LEINENWEBER BARONI & DAFFADA LLC
                                  BY:   MS. MEGAN KELLY McGRATH
9                                 120 North LaSalle Street
                                  Suite 2000
10                                Chicago, Illinois  60602

11   For Defendant               ROCK FUSCO & CONNELLY LLC
     City of Chicago:            BY:   MS. EILEEN ELLEN ROSEN
12                                321 North Clark Street
                                  Suite 2200
13                                Chicago, Illinois  60654

14   Also Present:               COOK COUNTY STATE'S ATTORNEY'S
     (for Case Number            OFFICE
15   19 CV 2441)                 BY:   MR. EDWARD M. BRENER
                                  50 West Washington Street
16                                5th Floor
                                  Chicago, Illinois  60602

17

18

19

20

21

22

23

24

25

1      (The following digitally recorded proceedings were had

2  in open court:)

3      COURTROOM DEPUTY:  18 CV 2341, Almodovar versus

4  Guevara, et al., 18 CV 2701, Negron versus Guevara, et al.;

5  and 18 CV 3029, Sierra versus Guevara, et al.

6      THE COURT:  Good afternoon.  Almodovar versus

7  Guevara, for plaintiff?

8      MS. BONJEAN:  Good morning, your Honor -- or good

9  afternoon, I guess -- it's Jennifer Bonjean on behalf of the

10  plaintiff.

11      THE COURT:  Good morning -- or good afternoon.

12  Anyone else from your team, Ms. Bonjean?

13      MS. BONJEAN:  Not -- well, Ms. Cohen is here but

14  not on a separate phone call so I will put her appearance on

15  the record.

16      THE COURT:  Okay.  Great.  Thank you very much.

17  For Guevara?

18      MS. McGRATH:  Good afternoon -- excuse me.  Good

19  afternoon, your Honor.  Megan McGrath for defendant Guevara.

20      THE COURT:  Good afternoon.  For the City of

21  Chicago?

22      MS. ROSEN:  Good afternoon, your Honor.  Eileen

23  Rosen on behalf of defendant City of Chicago.

24      THE COURT:  Good afternoon.  And for the other

25  defendant?

1       MR. ENGQUIST:  Good afternoon, your Honor.  Josh

2   Engquist on behalf of the other individual officers.

3       THE COURT:  Good afternoon.  Thank you for being

4   here, Mr. Engquist.

5       Next, Negron versus Guevara, for plaintiff Negron?

6   Any takers?

7       MR. SWAMINATHAN:  It sounds like Russell would

8   typically be on but I can -- I can cover.  This is Anand

9   Swaminathan for plaintiff in the other cases you're going to

10  read off.  I can cover for Russell as well and Negron.

11      THE COURT:  Thank you.  Make sure he gives you

12  something nice in return.  For defendants, it's the same

13  lineup, correct, Ms. McGrath, Ms. Rosen, and Mr. Engquist?

14  Am I right?

15      MS. McGRATH:  Yes, your Honor.

16      MR. ENGQUIST:  That's correct, your Honor.

17      MS. ROSEN:  Yes, Judge.

18      THE COURT:  And then Sierra, for plaintiff?

19      MR. SWAMINATHAN:  Anand Swaminathan for plaintiff

20  Sierra.

21      THE COURT:  All right.  And again for defense

22  counsels, same lineup, correct?

23      MR. ENGQUIST:  Yes.

24      MS. McGRATH:  Yes, your Honor.

25      THE COURT:  All right.

1               MS. ROSEN:  Yes, Judge.

2               THE COURT:  Okay.  And then we have the other

3       referred cases -- thank you -- that are part of this overall

4       discovery management.  Who do we have from plaintiff's

5       counsel on those cases?

6               MR. SWAMINATHAN:  Anand Swaminathan.  I'm -- I'm

7       the -- I'm here for plaintiff's counsel in that other status

8       cases.

9               THE COURT:  All right.  And I thought there was one

10      other plaintiff's counsel or does that cover all the

11      plaintiff cases?

12              MR. SWAMINATHAN:  Well, I think between Ms. Bonjean

13      and then me -- then me covering for the Loevy & Loevy cases,

14      I think that should be it.

15              THE COURT:  Okay.  And then defense counsel is all

16      the same, correct?

17              MS. McGRATH:  Yes, Your Honor.

18              THE COURT:  All right.

19              MR. ENGQUIST:  Yes, your Honor.

20              MS. ROSEN:  Yes, Judge.

21              MR. BRENER:  Judge, this is Edward Brener.  I'm

22      sorry.  I would add I'm here from the Cook County State's

23      Attorney's Office on the Bouto case only.

24              THE COURT:  Okay.  Thank you.

25              All right.  So first Ms. Bonjean's motion is,

1    you'll recall from our last hearing, we had ruled -- this

2    Court had ruled in the Almodovar case without giving

3    Ms. Bonjean the benefit of filing a motion or responding, I

4    suppose.  She's now filed a motion to reconsider.  I've

5    reviewed it.  She does raise some issues that I think merit a

6    response.  I'd like a response -- I don't know if by Friday

7    is enough time -- joint response from all defendants.

8              MS. ROSEN:  Judge, I'm actually traveling.  We have

9    been packing up my daughter to bring her home from college so

10   if we could just get to Wednesday or Thursday of next week --

11             THE COURT:  Sure.

12             MS. ROSEN:  -- that would help on the defense side.

13             THE COURT:  That's fine with me.  How is the 24th?

14   That's Thursday.

15             MS. ROSEN:  That -- that should be fine.

16             THE COURT:  Okay.  And I just want one joint

17   response.  No reply.  We'll set a ruling date on that based

18   on where we are today on the other issues.

19             All right.  So next I want to talk about, in

20   general, where we are on the discovery issues that have been

21   presented that we're trying to resolve jointly.

22             Ms. Rosen, let me hear first from you and then I'll

23   hear from plaintiff's counsel.

24             MS. ROSEN:  Judge, the parties conferred and we

25   filed the status report on Friday pursuant to the Court's

1    orders and suggestion.  We've reached an agreement as set

2    forth in the status report which can be summarized as in all

3    of the implicated cases, so the cases in which the motion

4    to -- for a protective order to prevent the serial

5    depositions.

6            The parties have agreed to do one deposition that

7    would count for all of the cases for the overlap 404(b)

8    witnesses which, by last count, were 11.  That still leaves

9    non-overlap 404(b) witnesses which aren't implicated by

10   plaintiff's motions in each of the cases.

11           And then in order to allow defendants an

12   opportunity to prepare for and adequately address the issues

13   in each of the cases, the parties have agreed to up to eight

14   hours to complete the deposition of any particular overlap

15   404(b) witness and have agreed to complete the depositions of

16   these witnesses by --

17           THE COURT:  October 29th.

18           MS. ROSEN:  -- October the 29th, yes, 2021.  And

19   that deadline doesn't impact because the other cases all have

20   different deadlines for fact discovery and Monell discovery,

21   what have you, and they have each of their own either

22   potential issues or no issues.  So the other deadline, to the

23   extent that they need to be addressed for other reasons, will

24   need to get addressed separately but this deadline would

25   allow for these overlap witnesses to proceed.  So even if,

1    for example, fact discovery closed before October 29th, we'd

2    still have time to get these deps done.

3            THE COURT:  Okay.  And October 27th, I think,

4    that's what you have in the status.

5            MS. ROSEN:  It says 29th, I think.  Am I looking at

6    the --

7            THE COURT:  I'm looking at --

8            MS. ROSEN:  Yes, the 29th.

9            THE COURT:  Okay.

10           MS. ROSEN:  Sierra, right -- yeah -- is what we

11   filed.  August 27th is the deadline on Sierra alone that we

12   proposed.

13           THE COURT:  Okay.  Is -- any objection from any of

14   the plaintiff's counsels to what Ms. Rosen just represented,

15   which is in the status report in the Sierra matter,

16   Ms. Bonjean?

17           MR. SWAMINATHAN:  This is Anand Swaminathan.

18   Sorry.  Go ahead, go ahead, Jen.

19           MS. BONJEAN:  No, Judge, and I -- I'm -- no, Judge.

20   I'm not sure that I would even have standing.  I'm not sure

21   that my other case -- other than Almodovar and my other case,

22   I think, is not part of this group.  So, no, I have no

23   objection.

24           THE COURT:  Perfect.  Thank you.  Mr. Swaminathan,

25   go ahead.

1           MR. SWAMINATHAN:   Yes.   I think that's a -- that's

2     a totally good characterization of the agreement we reached

3     in support in the status report, Judge.

4           THE COURT:   Okay.

5           MS. ROSEN:   And then one additional -- sorry,

6     Judge.   One additional point as it relates to Almodovar.   So

7     because we have this open question at this point about who

8     and how many 404(b) witnesses there are, and we anticipate

9     that there may be some overlap witnesses, once we've -- and

10    if the Court doesn't rule -- so we don't have a final list

11    from Almodovar yet, we don't know if there's overlap.   We

12    assume there will be but we don't know it yet.

13          So we have agreed to provide Ms. Bonjean notice as

14    we schedule 404(b) witnesses in any of these cases and then

15    she has agreed to let us know if these witnesses -- the

16    witness is likely to be named in Almodovar so we are prepared

17    to take the dep in Almodovar as well.

18          THE COURT:   All right.   And, Ms. Bonjean, you're

19    comfortable with that arrangement, correct?

20          MS. BONJEAN:   Yes, Judge.   I suspect there will be

21    a significant overlap and I won't hold anybody up so that's

22    fine.

23          THE COURT:   Okay.   So the -- first of all, I want

24    to thank you all very much for working this out.   I think

25    this is a whole lot better than having, you know, a series of

1   different rulings or views from a series of different judges

2   so I think everyone is served well by this.

3            The next thing I'd like to impose upon counsel is

4   if someone could draft an order where everyone agreed to it,

5   send it to us, and then I can circulate it with the other

6   affected judges so they can enter it if they deem

7   appropriate -- and I'm assuming they will -- in their cases

8   but I'd just like to say here is the agreed order that the

9   parties have reached.

10           MR. SWAMINATHAN:  I'm -- I'm happy to confer with

11  defense counsel and just make sure we get you a -- get you

12  the proposed order reflecting our agreement.

13           THE COURT:  All right.  And do you think,

14  Mr. Swaminathan, you can get that done by close of business

15  Wednesday just so I can tell my colleagues that I'll have

16  something to circulate to them by then?

17           MR. SWAMINATHAN:  No -- no problem at all.

18           THE COURT:  All right.  Anything else that we need

19  to do today?

20           MS. ROSEN:  Judge, with respect to --

21           MR. SWAMINATHAN:  Go ahead.

22           MS. ROSEN:  Just with respect to Sierra itself --

23           THE COURT:  Yes.

24           MS. ROSEN:  -- separate from the global issue, we

25  talked about extending the fact discovery cutoff.  The

1    parties have conferred and we've agreed to August 27th as

2    reflected in the Sierra status report to complete discovery

3    in the underlying case.  And with respect to Monell

4    discovery, as we indicated in the status report, we're not in

5    a position to fairly and accurately pose -- propose a fact

6    discovery deadline on Monell because of a hold up that has

7    arisen.  We referenced the motion that was filed in

8    Solache/Reyes and my -- I anticipate one will get filed in

9    Sierra as well.

10            But the issue is, as part of plaintiff's Monell

11   claim, the Court both in Solache/Reyes and this Court -- and

12   some others but the ones that matter for today -- have

13   ordered the City to produce, and the City has produced, a

14   total of approximately 800 homicide investigative files for

15   800 different homicides and plaintiffs then issued a

16   subpoena, as we anticipated, to the Cook County Public

17   Defender's Office for the companion file.

18            The subpoena in Sierra has been -- was issued, I

19   think, in December of 2020 and the one in Solache/Reyes was

20   issued in March of 2021.  The Cook County Public Defender's

21   Office has attempted to comply with the subpoena and in the

22   process has determined that locating, reviewing, and

23   producing what amounts to hundreds and hundreds of files is

24   overly burdensome.  And so they filed a motion in

25   Solache/Reyes -- and, like I said, I think they're going to

1    file one in Sierra, too -- and until all of that is resolved,

2    it's hard to gauge how long Monell is going to take because

3    we also have heard that the Cook County State's Attorney's

4    Office is also planning to object once the City issues its

5    subpoena, which it hasn't done yet, because experience tells

6    us that the Cook County Public Defender's Office won't find

7    all its files, which it hasn't.  They've only found 50

8    percent and we're only interested in seeking the CCSAO files

9    for the found files and don't want to burden that agency with

10   seeking files that we're not interested in because there's no

11   PD file.

12              THE COURT:  Ms. Rosen, do you feel very smart since

13   you've predicted all of this months before?

14              MS. ROSEN:  I do feel very -- I do feel very, very

15   smart.

16              THE COURT:  Mr. Swaminathan, what's your view on

17   that issue?

18              MR. SWAMINATHAN:  I do agree that Ms. Rosen is

19   very, very smart and also --

20              THE COURT:  I didn't say she was.  I said "do you

21   feel like you are."  Maybe -- I think she is but that wasn't

22   the question.

23              MR. SWAMINATHAN:  And I also knew that I do

24   also -- I don't think -- I mean, I agree with her overall

25   statement about the issues that's pending and the Negron

1    resolution, around that issue.  I don't think it's -- you

2    know, I know we could give you a Monell deadline today but it

3    would be sort of somewhat arbitrary and I would say it should

4    be sooner and she'd say it should be later and I don't -- I

5    think it would be hard for you to rule on it so I think it's

6    fair to say we would get -- get some clarity around that

7    issue.

8              And then our view is, to the extent the Public

9    Defender's Office is going to oppose the subpoena, you know,

10   positions long ago, I think as they've done in Reyes, they

11   need to get their motion on file.  You know, we have a

12   position on that and we're going to limit our response.  I'm

13   happy to address it to you then rather than argue to you --

14   to you now so I don't think it merits -- makes sense to argue

15   now.

16             I think -- I think the main point that I would make

17   is simply that, one, we're going to need to set that deadline

18   and I agree it's going to be a different deadline than the

19   (inaudible) case deadline and this sort of 404(b) deadline of

20   October 29th that we discussed with you and I think it's --

21   like (inaudible) I would make it our view has been -- and I

22   think it's important that I say this again.  Our view has

23   been that if we had known the universe of files to be

24   requested, you know, many, many, many months ago -- maybe as

25   much as, you know, nine months to a year ago -- and they

1    couldn't get them subpoenaed and the State's Attorney files

2    could have been subpoenaed at the same time that the Public

3    Defender's felt.  Even putting aside -- you know, I'm just

4    telling you that they had the arguments that, well, we would

5    only request it for the ones where the PD is producing it

6    sooner even if you do accept that position, well now we do

7    know what universe the PD's Office had found and we've now

8    known that for some number of months so now the State's

9    Attorney's files could be reflected for the ones that the

10   Public Defender had said it did find.

11           So, you know, our view is that the subpoenas of the

12   State's Attorney should be going out and files should be

13   requested and, you know, whatever is going to ultimately be

14   done.  Either what's likely to happen is the Court's either

15   going to say, you know, Judge Harjani, or he's probably going

16   to say all right, the PD worked with plaintiff and, you know,

17   they said they'll pay for it and they'll bring people in so

18   get it done or you'll say okay, agree -- yeah, I'm only going

19   to order them to produce a percentage of the files.  Whatever

20   it is, this process can occur in parallel with the State's

21   Attorney's Office, right, so I just want to point that out to

22   say this should not be done serially.  It should be done

23   concurrently is our view.  But the -- but ultimately, we'll

24   have to get resolution around that hopefully in the next few

25   weeks and then come back to you with a Monell deadline.

1      THE COURT:  Okay.

2      MS. ROSEN:  Judge, if I could just make one point

3  on what could have been and couldn't have been done and with

4  the CCSAO.  I can tell you that we have just been provided an

5  updated spreadsheet by the Public Defender's Office in both

6  Sierra and Reyes on June 10th so that was four days ago and

7  all that tells us is the files that they might be able to

8  find.  We don't know.  And it's half of the files, less than

9  half of the files that had been requested.

10      So to suggest that the City should have just gone

11  ahead nine months ago and burdened the Cook County State's

12  Attorney's Office with files that -- in plaintiff's view

13  clearly because they didn't subpoena them and certainly in

14  the City's view have no relevance to this case seems to be a

15  non-starter but I just -- and we don't have to decide any of

16  this right now.  Obviously, we intend to issue our subpoena

17  as soon as we believe -- it depends (inaudible) and then we

18  can deal with that.

19      THE COURT:  Yeah.  I mean, we can kind of lay all

20  that to rest.  It just occurs to me that this idea that the

21  Monell discovery and litigation can occur prior to any trial

22  on any of the underlying claims.  You know, that is a trend

23  that at least I'm seeing.  I'm assuming you all are seeing.

24  And it occurs to me that if that liberty or that opening is

25  made available, that the discovery on those claims needs to

1    be re-imagined to make it useful because this time lag in,

2    you know, that the federal -- or the Public Defender's Office

3    can't find their own files on cases, you know, where people

4    are still serving sentences I imagine, you know, is

5    problematic on its face and it just suggests to me that if

6    this opening to conduct discovery continues to exist, you

7    know, we should be re-imagining what discovery looks like on

8    these kind of claims but that's for another day.

9            We are, you know, halfway through a system or a

10    process we've set up and we -- I'm part of the setup but

11    we've got to -- you know, we've got to come up with a system

12    to close out the process so I'll wait for the motions.  You

13    know, I -- it's unfortunate but Ms. Rosen has proven that

14    unpredictable that we find ourselves here, so.

15            All right.  Do we have status, a next status date?

16    We'll set -- we'll set a date for ruling on Ms. Bonjean's

17    motion and maybe that will be our next status date as well.

18    Hold on just for a second.

19            (Discussion off the record.)

20            THE COURT:  I'm sorry.  Give me one moment.

21            (Discussion off the record.)

22            THE COURT:  So Ms. Owens is pointing out that in

23    Negron, we've got 118 which is a motion that we're addressing

24    by this proposed order and then I think Sierra is at 245 --

25    let me double check -- but those will get resolved once we

1   get the proposed order so those motions will show pending now

2   but will be resolved once we enter the order.  I think that

3   takes care of everything.  We'll -- let me go through dates.

4   Ms. Rosen is out the 24th.

5           UNIDENTIFIED MALE SPEAKER:  Judge, just before you

6   do that, let me just -- I guess one thought that comes to my

7   mind is this motion that Ms. Rosen mentions correctly from

8   the Reyes case that the Public Defender's Office has filed, I

9   mean, one issue is just whether we should -- you know, the

10  motion raises a number of documents be produced in both Reyes

11  and Sierra and it goes through the list for both cases.  I

12  can imagine the motion would be exactly the same in this

13  case.

14          But what I'm concerned about is just ensuring

15  that to the -- you know, what Judge Harjani did was he said,

16  look, Public Defender, if you're going to -- you can have all

17  the discussions you want with counsel but also if you're

18  going to file a motion, I need you to file the motion by X

19  date so we can get this issue resolved and move forward.

20          I'm wondering whether it would be fruitful to have

21  the same thing done here.  It may get resolved naturally

22  because he's ruling on it in Reyes but it seems to me that,

23  you know, this has been dragging on for months and months at

24  the PD's Office.  To the extent they've now taken a position

25  on this, we need to get it resolved for Sierra's -- for the

1     purposes of Sierra as well should we set some date by which
2     they should either put the same motion or similar motion on
3     file in Sierra.
4           THE COURT:  Yeah.  Give me a second.  I'm looking
5     at something.
6           UNIDENTIFIED MALE SPEAKER:  Okay.
7        (Brief pause.)
8           THE COURT:  So I'm looking at a Solache/Reyes case
9     and it looks like they filed their motion on Thursday.
10          UNIDENTIFIED MALE SPEAKER:  Yeah.
11          MS. ROSEN:  Yes.
12          UNIDENTIFIED MALE SPEAKER:  And I think in -- Judge
13    Harjani set a date for us to file a response on the 18th, a
14    few days from this week, and then he -- I think he set a
15    hearing date the 23rd, I believe, the following week.  And so
16    it would seem to me, I mean, we just -- I mean, our response
17    is going to address the issue as to both cases.  You know, I
18    mean, I can preview the issue.  It will be -- our view is
19    we're very sympathetic to the Public Defender's challenge.
20    We're certainly open to stipulating to a smaller number of
21    files, if needed, you know, but that would be a stipulation.
22    Again, similar to the issue we had initially with Monell,
23    right.  If we can stipulate among the parties that some
24    smaller set of files is sufficient for sampling purposes, or
25    whatever, or for reaching conclusions, we're happy to do that

1    and otherwise we would say, look, we've got -- we're happy to

2    do the work for the Public Defender from here, we'll have all

3    the people to do it.  So I think -- I mean, I'm happy -- and

4    we'll put that issue into the briefing but I think the issue

5    is going to be the same for both Sierra and Reyes so we

6    could -- we could brief it for both purposes.

7                THE COURT:  I hear what you're saying.  It makes

8    sense.  I'm trying to think of a mechanism to achieve that.

9    Like, I cannot make a non-party do something --

10               UNIDENTIFIED MALE SPEAKER:  Yeah, yeah.

11               THE COURT:  -- at least I can't think of a ready

12   way to do that so I'm, you know --

13               UNIDENTIFIED MALE SPEAKER:  I mean, what -- go

14   ahead, go ahead.

15               MS. ROSEN:  So, Judge -- sorry.  So, Judge, the way

16   it sort of got teed up in front of Magistrate Judge Harjani

17   was that we had a status talking about the next phase of

18   discovery related to Monell and at that point information

19   had -- we had started -- and the City had been finally

20   informed that the PD was having trouble with the file so the

21   City didn't -- was unaware of that.  We were -- we can -- we

22   asked plaintiff's counsel about the status of their subpoenas

23   and we were being told they're working on it.  But then

24   finally in front of Magistrate Judge Harjani we were told

25   that the -- that the PD was struggling in locating the files

1 and that this is becoming overwhelming and they didn't have
2 the staff. So Magistrate Judge Harjani ordered a
3 representative from the Cook County Public Defender's Office
4 to appear at the hearing and that was Ms. Diamond who is the
5 person in charge of all of this and she expressed the
6 problems they were having at that status and then said -- and
7 then at that point Magistrate Judge Harjani said, well, if
8 you cannot work it out with the parties, then file -- and you
9 want to file a motion, then file your motion by a certain
10 deadline and that's how the deadline happened.

11      I suppose what we could do is I don't know that she
12 needs to necessarily appear again but perhaps if you issue an
13 order saying that to the extent that the PD has a motion to
14 file regarding the subpoena, give it some kind of deadline
15 and then we can just get it briefed that way.

16      I assume the motion will be very similar to what
17 was filed in Solache/Reyes but I don't really want to speak
18 for Ms. Diamond or her time constraints and so I'd give her a
19 week or so and maybe two weeks to get the file -- the motion
20 on file and then maybe that's the way to tee it up. And
21 we're -- both parties are in communication with her so we
22 could let her know.

23      THE COURT: Okay. I think what I can do is in this
24 case enter an order saying counsel is directed to contact the
25 Cook County -- or the Public Defender's Office and advise

1    them to -- if they wish to proceed, to proceed with filing a

2    motion, do so by a date --

3             MS. ROSEN:  Yeah.

4             UNIDENTIFIED MALE SPEAKER:  Okay.

5             THE COURT:  -- and, you know, I don't know what

6    that leaves me with if they don't but at least is a way to

7    get it going.  Do you think the 21st is going to give them

8    enough time?  I'm just -- I'm skimming through her motion

9    now.  I mean, some of this --

10             UNIDENTIFIED MALE SPEAKER:  I think so but I think

11   she's -- I think it would very likely to be the identical or

12   nearly identical motion.  I mean, she said she needs more

13   time.  I'm even -- I'm happy to work with Ms. Rosen and say,

14   hey, we'll reach out to you and let you know she asked for

15   some additional time and get her an extension on that.

16             THE COURT:  So we'll include in there counsel is

17   directed to reach out to the Cook County Public Defender's

18   Office and direct them to file any motion by the 21st.

19             And then did Judge Harjani issue a briefing

20   schedule?  I can just, you know, give you --

21             UNIDENTIFIED MALE SPEAKER:  Yeah.  I think

22   we have a -- yeah, we have a brief due on the 18th in

23   response right now and then the -- and then the Judge set a

24   hearing for, you know, some status on the 23rd to hear from

25   the parties and presumably issue some -- some ruling on it so

1     he's moving on a little bit of a faster time frame, which is

2     fine.  I mean, I think -- and it may even end up resolving

3     the issue to some extent.

4               THE COURT:  Okay.  So if you're filing on the

5     21st -- if you're filing something by the 18th, I don't want

6     to steal your thunder, but it sounds to me like you're going

7     to have the same basic stuff to say here, correct?

8               UNIDENTIFIED MALE SPEAKER:  Totally.  I mean, it's

9     the exact same issue which she briefed.  Her issue was

10    largely the number of files across Sierra and Reyes, right,

11    and so we're going to address it as to both.  So, I mean, I

12    would -- you know, if she happened to file -- if she happened

13    to file her motion the day before our response is due, we'd

14    file the response in both cases the next day, you know.  I

15    mean, it's not a -- you know, it's kind of --

16              THE COURT:  Okay.  So I'll give you until the 25th.

17    So, you know, if she files first on the 21st, I don't think

18    I'm putting you in a bad spot since it's going to

19    be basically the same --

20              UNIDENTIFIED MALE SPEAKER:  No problem.  No

21    problem.

22              THE COURT:  -- the 25th.  And then we can have a

23    status and motion on the 9th.  That's a Friday.  Give me one

24    second.

25          (Brief pause.)

```
 1              THE COURT:  What does, like, 11:00 o'clock on the
 2    9th look like for you all?
 3              MS. ROSEN:  Okay for the City.
 4              THE COURT:  Does that work for plaintiff?
 5    Mr. Swaminathan?
 6              MR. SWAMINATHAN:  Did you say 9th, your Honor,
 7    July?
 8              THE COURT:  Yes, sir.  July 9th.
 9              MR. SWAMINATHAN:  Yeah.  Yes, that works.  Thank
10    you.
11              THE COURT:  At 11:00 o'clock.  Ms. McGrath, does
12    that work for you?  You'll have to unmute yourself.
13              MS. McGRATH:  Your Honor, yes.  It does.
14              THE COURT:  Okay.  Mr. Engquist, does that work for
15    you?
16              MR. ENGQUIST:  It should, yes.
17              THE COURT:  All right.  And Ms. Bonjean and Ms.
18    Cohen?
19              MS. BONJEAN:  That's fine for us, Judge.  Thank
20    you.
21              THE COURT:  Okay.  11:00 o'clock on the 9th for
22    status and we'll set that for ruling on Ms. Bonjean's motion
23    as well.
24              MS. ROSEN:  Okay.
25              THE COURT:  Thank you all again very much.  We will
```

1    see you then.  Stay well.  Have a good July 4th.  Thank you.

2         (Proceedings concluded at 4:20 p.m.)

3

4                   C E R T I F I C A T E

5         I hereby certify that the foregoing is a transcription

6    of proceedings transcribed from digital proceedings held

7    before Magistrate Judge M. David Weisman on June 14, 2021.

8

9    /s/Laura LaCien
                                          June 17, 2021
10   _____               Date
     Laura LaCien
11   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25