IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| **Thomas Sierra**, | No. 18 C 3029 |
| Plaintiff, | Hon. John Z. Lee, |
| | District Judge |
| v. | |
| | Hon. M. David Weisman, |
| **Reynaldo Guevara** et al., | Magistrate Judge |
| Defendants. | |

**Plaintiff's Supplement to Rule 72 Objections**
**Regarding Documents Related to the _Klipfel_ Litigation**

Plaintiff Thomas Sierra, through his undersigned counsel, respectfully submits the following citation of supplemental evidence in support of his Rule 72 Objections to Order Denying Plaintiff's Motion to Compel Production of Documents Relating to the _Klipfel_ Lawsuit (dkt. 234). In support, Plaintiff states as follows:

1.      On January 29, 2021, Plaintiff filed his Rule 72 objections to the Magistrate Judge's order denying his motion to compel the production of documents from the case of _Klipfel v. Bentsen_, No. 94 C 6415 (N.D. Ill.).

2.      Since Plaintiff filed his Rule 72 objections, discovery in this and other pending cases against Detective Guevara has continued to reveal information establishing the connection between Guevara and Joseph Miedzianowski, as well as information demonstrating that discovery into Miedzianowski's misconduct is directly relevant to Plaintiff's _Monell_ claims that the Chicago Police Department failed to adequately train, supervise, or discipline its officers engaged in relevant forms of misconduct at the time that Plaintiff was framed for murder.

3.     Plaintiff therefore respectfully submits this citation of evidence to apprise the Court of this additional information further confirming the relevance of Plaintiff's discovery requests into the *Klipfel* case.

## Deposition of Jose Maysonet

4.     On April 16, 2021, Jose Juan Maysonet, the plaintiff in *Maysonet v. Guevara*, 18 C 2342 (N.D. Ill.) sat for a deposition. The transcript of that deposition is attached as Exhibit 1.

5.     Mr. Maysonet testified that when he was a teenager, Guevara and Miedzianowski came to his home together to look for illegal drugs. Ex. 1 at 137:7-17; 143:22-145:3.

6.     A few weeks or months later, Mr. Maysonet encountered Guevara and Miedzianowski together in a neighborhood restaurant. *Id.* at 152:23-153:22. Guevara and Miedzianowski were back in the kitchen talking, drinking, and snorting cocaine. *Id.* at 155:1-14.

7.     At that time, in Miedzianowski's presence, Guevara and Maysonet struck up a deal for Maysonet to make protection payments to Guevara. *Id.* at 156:1-158:5; 158:13-159:3.

8.     Maysonet, a member of the Latin Kings street gang, became "good buddies" with Guevara through their protection agreement. *Id.* at 158:13-159:11; 161:3-7; 178:10-25.

9. Maysonet testified that Miedzianowski was "always present," *id.* at 205:2-6, though they did not speak, as Maysonet was a monolingual Spanish-speaker at the time, *id.* at 137:15-138:9.

10. On a later occasion, Guevara and Miedzianowski were driving together when Guevara pulled over Maysonet and they discussed the details of the protection agreement. *Id.* at 164:15-166:3; 168:15-17.

11. Maysonet stopped paying Guevara for protection when Guevara arrested Maysonet's friend, who took his own life soon thereafter. *Id.* at 175:4-18; 180:18-181:19.

12. Several months later, Maysonet was arrested in connection with an attempted murder. *Id.* at 212:6-9. While Maysonet was at Area 5, Detective Guevara began interrogating him about a different homicide. *Id.* at 280:15-281:15. Guevara began yelling at Maysonet, slapping him, and hitting him on the head and the body with a Yellow Pages directory and a flashlight while Maysonet was handcuffed to a wall. *Id.* at 281:16-286:19. Succumbing to Guevara's repeated physical abuse, Maysonet eventually broke down agreed to confess to the homicide to stop the beatings. *Id.* at 295:17-297:9.

13. As a result, Maysonet was convicted of murder and sentenced to natural life in prison. *Id.* at 357:14-19.

**Deposition of William Dorsch**

14. On June 11, 2021, former Chicago Police Detective William Dorsch gave a deposition in the consolidated cases of *Reyes v. Guevara*, No. 18 C 1028 (N.D. Ill.),

and *Solache v. Guevara*, No. 18 C 2312 (N.D. Ill.). The transcript of that deposition is attached as Exhibit 2.

15.    Mr. Dorsch testified regarding an incident that occurred in 1989 or 1990 involving Defendant Guevara, who at the time was still a gang crimes officer before his promotion to detective. Ex. 2 at 85:11-86:6.

16.    Dorsch stated that during the course of a homicide investigation, Guevara brought two juvenile witnesses to the station, accompanied by an older Hispanic man. *Id.* at 92:20-93:5; 112:13-113:7.

17.    The police obtained a photograph of a suspect based on a lead developed by Guevara, *id.* at 116:8-117:4, which Dorsch used to conduct a photo array procedure with one of the juvenile witnesses, *id.* at 117:7-15; 120:4-16. Guevara was present in the room during the photo array. *Id.* at 120:17-24.

18.    While the juvenile was looking over the photos but before he had made any identification, Guevara intervened and told the juvenile which photograph to pick. *Id.* at 121:1-5.

19.    In the following days, Dorsch and his partner sought out the two juveniles again and learned that they had been paid by the police to make identifications. *Id.* at 136:1-16; 137:7-21. Dorsch brought the juveniles to the State's Attorneys handling the case, who dismissed the charges against the suspect. *Id.* at 137:22-138:4; 142:15-143:3.

20.    Dorsch later learned that the older Hispanic man who came to the station with the juveniles was named Sam Perez. 94:18-22.

21. Recently, Perez told Dorsch that he (Perez) was present when the juvenile witnesses were paid by the police to make an identification. *Id.* at 136:14-22. Perez stated that the officer who paid the juveniles was Officer Miedzianowski. *Id.* at 106:18-24 ("I was there when Medzianowski paid him."). Guevara and Gawrys were also present when the juveniles were paid. *Id.* at 93:6-10 ("He told me he was there with Guevara, Miedzianowski, Galligan, and Gawrys when they paid the witnesses to make the identification.").

22. Specifically, Perez told Dorsch that Officer Miedzianowski had approached Perez about finding witnesses who could "put a case on" the suspect. *Id.* at 139:6-11. Perez took Miedzianowski to his cousin, who lived near the location of a recent homicide. *Id.* at 139:12-14. Miedzianowski, in the presence of Guevara and Gawrys, paid Perez's cousin and a friend of his cousin (the two juvenile witnesses) to make an identification. *Id.* at 139:15-140:1.

### Deposition of Philip Cline

23. On May 13, 2021, former Chicago Police Commander Philip Cline was deposed in the *Solache* and *Reyes* cases. The transcript of his deposition is attached as Exhibit 3.

24. Among other positions he held within the Chicago Police Department, Cline was a Commander of Area 5 detectives during the 1990s. Ex. 3 at 15:3-22.

25. Cline testified that Miedzianowski, a gang crimes specialist, was specifically assigned to work with the Area 5 violent crimes detectives, which would include Detective Guevara. *Id.* at 92:17-93:1.

26.     While he was a Commander at Area 5, Cline brought a complaint against Officer Miedzianowski. *Id.* at 89:24-90-12. Cline filed the complaint after coming to believe that Miedzianowski had taken a General Progress Report from a homicide file and improperly given it to a defense attorney. *Id.* at 90:23-91:3; 92:1-16.

27.     In Cline's view, Miedzianowski had tampered with a homicide investigation. *Id.* at 96:6-13. Cline contacted either the police superintendent or the Gang Crimes Commander to express that he did not want Miedzianowski working at Area 5. *Id.* at 97:22-98:5. As a result, Miedzianowski was banned from Area 5 because of Cline's concern that Miedzianowski was tampering with homicide investigations. *Id.* at 95:11-22.

### Deposition of Defendant George Figueroa

28.     George Figueroa, a defendant in this case, sat for a deposition on June 17, 2021. The transcript of that deposition is attached as Exhibit 4.

29.     Figueroa testified that he worked alongside Miedzianowski in Gang Crimes for about 16 years, up until Miedzianowski's arrest in 1998. Ex. 4 at 333:19-334:6. Figueroa and Miedzianowski worked together on a small team of seven to ten gang crimes specialists. *Id.* at 33:1-16; 35:3-16 ("We worked together on the same team for many years.").

30.     At the time, Figueroa was the main gang crimes officer who focused on a street gang called the Imperial Gangsters. *Id.* at 346:16-23. For example, Figueroa was strictly in charge of Operation Diamond, a narcotics operation targeting the Imperial Gangsters. *Id.* at 348:23-349:14.

31.     Nevertheless, Figueroa denied knowing before his arrest that Miedzianowski had been involved in a narcotics enterprise with known Imperial Gangsters leaders, including Juan Martir and Joseph DeLeon. *Id.* at 346:16-23; *see also id.* at 343:18-346:15.

32.     Unlike Martir and DeLeon, Plaintiff was a low-level member of the Imperial Gangsters. *Id.* at 297:19-298:8.

33.     Figueroa is not aware of any internal investigation conducted by the Chicago Police Department to identify any other Gang Crimes officers who were involved with Miedzianowski's criminal activity. *Id.* at 336:20-337:14. After Miedzianowski's arrest, at no time did anyone from the Chicago Police Department ever speak to Figueroa about Miedzianowski or his conduct as a gang crimes officer. *Id.* at 336:15-19.

                                    *        *        *

34.     Plaintiff submits the above-cited evidence to further demonstrate the connection between Miedzianowski and Defendants Guevara and Figueroa, and the relevance of the *Klipfel* discovery to Plaintiff's individual claims and *Monell* claims based on a failure to train, supervise, and discipline gang crimes officers and homicide detectives. This evidence was not available to Magistrate Judge Weisman when he reached his decision.[1]

---

[1] Indeed, Judge Weisman declined to consider Mr. Maysonet's history with Guevara and Miedzianowski, noting that these events were merely allegations in Mr. Maysonet's complaint. Dkt. 231 at 3 n.2. These allegations are now supported by Mr. Maysonet's sworn testimony.

July 5, 2021                              Respectfully submitted,

                                         /s/ John Hazinski
                                         *One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steven Art
Josh Tepfer
Sean Starr
Rachel Brady
John Hazinski
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
hazinski@loevy.com