IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thomas Sierra, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18 CV 3029 |
| v. | ) |
| | ) |
| Reynaldo Guevara, et. al. | ) |
| | ) |
| Defendants. | ) |

SUPPLEMENT TO
COOK COUNTY PUBLIC DEFENDER'S
MOTION TO QUASH OR MODIFY SUBPOENA

On June 21, 2021, the Public Defender of Cook County filed a motion to quash or modify a subpoena directed to the Cook County Public Defender, (CCPD), a non-party, as being unduly burdensome. Since that date, new developments have surfaced which further highlight why this subpoena, along with subpoenas issued in related cases filed by Plaintiff's attorneys, foist an untenable burden on the CCPD.

**The Subpoena Issued to the CCPD in this Case and the Reyes case.**

As discussed in the CCPD's motion, Plaintiffs served upon the CCPD a subpoena to produce documents (the "Sierra Subpoena"). This subpoena directed the CCPD to produce 515 case files. An additional 23 files were later added to the list of subpoenaed files. A few months after they sent the Sierra Subpoena to the CCPD, counsel for the Plaintiffs in this case also sent a subpoena to the CCPD on behalf of the Plaintiff in *Reyes v. Reynaldo Guevara*, 18 CV 1028 (the "Reyes Subpoena"). Attached to that subpoena was a rider directing the CCPD to produce an additional 263 of its case files.

1

Combined, the Reyes Subpoena and the Sierra Subpoenas directed the CCPD to produce a total of 801 files. This number is four times the average number of files the CCPD is requested to produce in a normal calendar year.

**The Velez Subpoena**

On July 21, 2021, the CCPD received a subpoena issued in *Velez v. City of Chicago*, 18 CV 8144, which requires it to produce files relating to about 900 RD numbers. (Exhibit A) Because one RD number may correspond to multiple criminal files, the plaintiff's attorneys in Velez are most likely demanding well over 1000 files from the CCPD. This is in addition to the 801 files already demanded from the CCPD in this case and the Reyes case. The CCPD simply does not have the resources to respond to these demands and cannot afford to have its limited staff and funds diverted to work unrelated to its mission.

Not all tasks associated with responding to these subpoenas can be outsourced. Only long-time CCPD staff members who are familiar with the multiple systems used to store files and number boxes can determine in which boxes the requested files may be found. Only CCPD staff members can locate those boxes in the warehouse. Only CCPD attorneys can review those files, which sometime contain thousands of documents, to determine which documents must be withheld or redacted. Therefore, outsourcing certain other tasks related to the production does not remove the excessive burden that falls on the CCPD.

Before receiving any of the subpoenas issued in the Reyes, Sierra and Velez cases, the CCPD had already accumulated a backlog of over 100 unfulfilled subpoena demands due to the pandemic. Thus, each of the subpoenas issued in these three cases places an unprecedented demand on the CCPD, which was already stressed by other unrelated subpoenas.

**Conclusion**

As the CCPD argued in its motion, this Court should examine the *cumulative* effect of subpoenas issued to the CCPD in these three similar cases (Reyes, Sierra and Velez), brought by the same attorneys, when determining if those subpoenas are burdensome. The CCPD also asks the Court to consider the high likelihood that *more* subpoenas will be served upon the CCPD in other similar pending cases. Private litigants may financially benefit from the outcome of this litigation, but the CCPD, drawn into this dispute against its will, will not benefit in any way.

Wherefore, the CCPD requests that the Plaintiffs' subpoena served upon the CCPD should be quashed.

    Respectfully submitted,

    Sharone R. Mitchell, Jr
    Public Defender of Cook County

    */s/Karen J. Dimond*

    _____
    By:    Karen J. Dimond
            Deputy Public Defender
            69 West Washington, Suite 1600
            Chicago, Illinois 60602
            (312)603-0712
            Karen.dimond@cookcountyil.gov
            3126059

## Certificate of Service

  I, Karen Dimond, hereby certify that on July 27, 2021, I e-filed a copy of the above SUPPLEMENT TO COOK COUNTY PUBLIC DEFENDER'S MOTION TO QUASH OR MODIFY SUBPOENA and that all counsel of record will thereby receive a copy of it.

                                           _____
                                           */s/Karen J. Dimond*