IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | Case No. 18 C 3029 |
| Plaintiff, | ) | |
| | ) | Hon. John Z. Lee, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**CITY OF CHICAGO'S POSITION STATEMENT ABOUT *MONELL* DISCOVERY**

Defendant City of Chicago ("the City"), by and through its undersigned attorneys, respectfully submits this position statement pursuant to this Court's October 21, 2021 Order that the parties provide "a proposal for how to move forward with *Monell* discovery." (Dkt. 339).

The October 21, 2021 Order followed a series of orders addressing *Monell* discovery. On September 10, 2021, this Court denied the City's Motion for Protective Order to Prevent Undue Strain on Public Resources for Speculative *Monell* Discovery ("City's Motion") (Dkt. 328), where the City advocated that the *Monell* discovery Sierra demanded is irrelevant and only creates an unnecessary burden on non-party public entities, particularly the Cook County Public Defender's Office (CCPDO) and the Cook County State's Attorney's Office (CCSAO). Then, on September 20, 2021, this Court granted the CCPDO's motion to quash Sierra's subpoena for hundreds of files, commenting that to call Sierra's attempt a fishing expedition does a disservice to fisherman, and ruling the burden outweighs the benefit because Sierra does not even know what exculpatory evidence he is looking for. (Dkt. 333; Ex. 1, Tr., 9/20/21, p.5). While the Court denied the City's motion, it agreed with the City's arguments in part, stating that the idea the CCPDO files are a barometer of what was produced is "a bit fanciful." Ex. 1 at p. 14.

As such, all motions related to the *Monell* discovery in this case have been decided. Sierra has not issued any additional discovery, nor has he moved to reconsider. And, despite multiple opportunities to do so in the over three years this case has been pending, Sierra has still not identified a single police report that the CPD failed to produce to him in violation of *Brady v. Maryland* to justify this "labyrinth of discovery" in the first instance. (Dkt. 333 at p.2).

For these reasons, it is unclear what the Court is asking the City to do. While Sierra has suggested that the parties rely on the set of files MJ Harjani ordered produced in the *Solache/Reyes* cases, and the Court stated that it was strongly considering that proposal, there is *no pending motion* requiring an order from this Court.[1] If Sierra intends to rely on the *Solache/Reyes* files and abandon all other discovery avenues, a Court order is unnecessary. He will simply produce those files, just as he has routinely reproduced discovery from other cases here.

Rather, what Sierra appears to want is some order binding the City to the *Solache/Reyes* files. Because there is no pending motion, it is unclear if Sierra is asking the Court to rule that the *Solache/Reyes* files are sufficient to prove his *Monell* theories here, that they are a representative sample of the City's policies, or something else. But Rule 26 allows the Court to grant or deny discovery; it does not allow the Court to make qualitative judgments about how the parties will make use of the discovery in resolving the claims. And, if the Court were inclined to bind the City in some way to this set of files, the only articulated basis is Sierra's claim that they are convenient because another Court ordered them but under a different analysis.

Bear in mind, MJ Harjani did not grant the CCPDO's motion to quash in *Solache/Reyes* like this Court did. And, even though MJ Harjani previously ordered the production of some CCPDO

---

[1] *See Novelty, Inc. v. Mt. View Marketing*, No. 1:07-cv-01229-SEB-JMS, 2009 U.S. Dist. LEXIS 153600, at *7 (S.D. Ind. Oct. 15, 2009) (declining to issue advisory opinion about hypothetical discovery requests that have not been provided to the Court); *Orthoarm, Inc. v. American Orthodontics Corp.*, No. 06-C-0532, 2009 U.S. Dist. LEXIS 140343, at *3 (E.D. Wis. Feb. 9, 2009) (rejecting an advisory opinion on issues that have not ripened); *Kmoch v. Klein*, Case No. 95 C 2256, 1996 U.S. Dist. LEXIS 3916, at *9 (N.D. Ill. Mar. 28, 1996) (an advisory opinion regarding discovery would be unwise and improper).

files, the City's Motion is still pending.[2] Indeed, before ruling on the City's Motion, MJ Harjani required plaintiffs to file the documents they claim CPD withheld in violation of *Brady*. Plaintiffs identified several documents that they claim CPD withheld, but the City's Response makes clear that the documents plaintiffs claimed were missing were produced. (*Reyes*, 18-cv-1028, Dkt. 523). Ultimately, all the plaintiffs could describe as withheld *Brady* material were two photos, one photo was of the murdered mother's niece, and the other of plaintiffs' housemate who gave a handwritten statement in the case. (*Reyes*, Dkt. 532). The City directs the Court to the briefs for more detail, but, in sum, under no circumstances is either photo evidence that undermines the fact that the two plaintiffs confessed to invading a family's home, stabbing the parents, and stealing their orphaned children, in cooperation with their codefendant, Adriana Mejia, who, to this day, maintains her guilt and theirs. (*Reyes*, Dkt. 523, p. 6-9). Thus, if MJ Harjani grants the City's Motion and reverses the ruling on the CCPDO files, there is even less reason to entertain Sierra's reliance on those files here.

Accordingly, if the Court is requesting the City respond to Plaintiff's proposal that the City *agree* that the parties rely in some way on the *Solache/Reyes* files, the City will not agree to do so. This is no different than asking the City to stipulate. Sierra's attempt to use the City's decision not to stipulate to gain an advantage in the discovery dispute is a red herring. No Court has considered it. Rather, Sierra's inability to litigate his *Monell* theories within the bounds of Rule 26 is one that he created, and, apparently, cannot solve. Flipping the issue on to the City to avoid the problem is wrongheaded. He is asking the City to stipulate to something to avoid having to prove it. Sure, that is a less expensive route. It is less work in discovery. But it is unthinkable because it is not the City's obligation to help Sierra overcome his burden of proof when he cannot do it on his own.

---

[2] Even though the City filed its motion in several cases, this Court is the only one that denied it. The other Courts asked for briefing, and the motions are still pending. At a hearing, Magistrate Judge Cox questioned the plaintiff's counsel to identify some document in the City's file that was withheld, and he could not, causing the Judge to remark that she may revisit bifurcation. Ex. 2, *Bouto*, 19-cv-2441, Tr,, 9/22/21, p. 7-10.

To the extent that the Court is requesting the City to opine in some way on whether this Court can order the parties to rely on the *Solache/Reyes* files, the City cannot do so absent motion practice that cannot occur until after the full complement of *Solache/Reyes* files have been produced. Under the current schedule, that should happen January 10, 2022, when the CCSAO produces its files. That is the only way for the City to evaluate and respond to the legal and evidentiary basis Sierra offers to support his position and, quite frankly for this Court to issue any order on the topic.

That said, there are obvious problems with Sierra's proposal that jump out now. One is that the City is not in a position to agree to what discovery is sufficient or appropriate for Sierra to prove his claim. Sierra bears the burden of proof. The City has argued *ad nauseam* that Sierra has not identified any document the CPD failed to produce to him in violation of *Brady*. In that case, the City cannot envision any avenue for Sierra to prove his *Monell* theory using the CCPD files at all. In fact, despite being in possession of the City's files for almost a year, Sierra has not yet issued any follow up discovery related to the CPD files (besides requesting CCPDO files) or provided any supplemental disclosures, leaving the City to guess how this discovery leads to *Monell* liability. And, convenience cannot be a reliable method to choose the discovery when Sierra will use it to generalize about the City's policies as a whole. As explained at a recent hearing, plaintiffs in *Solache/Reyes* relied upon an expert analysis to choose a random sample of CCPDO files to draw conclusions in that case, that methodology has already failed because the CCPDO could not find all the files, meaning that set of files is already insufficient to meet the plaintiffs' expert's standards. Why, then, would the files be sufficient for any purpose here? That is Sierra's question to answer because it is Sierra's burden of proof.

Finally, the City does not object to the Court requiring Sierra to pursue targeted discovery before the Court orders any CCPDO production. For instance, Sierra could start by identifying all the exculpatory evidence in each of the CPD files, so the parties know what to look for in the

4

companion files. There may be none, in which case Sierra is at a dead-end again, and there is no reason to burden the CCPDO or the CCSAO.

Dated: November 5, 2021

Respectfully Submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

By: /s/ *Eileen E. Rosen*

*Special Assistant Corporation Counsel*
*for Defendant City of Chicago*


Eileen E. Rosen
Catherine M. Barber
Austin G. Rahe
Theresa Berousek Carney
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com