IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Thomas Sierra**, <br><br> Plaintiff, <br><br> v. <br><br> **Reynaldo Guevara** et al., <br><br> Defendants. | No. 18 C 3029 <br><br> Hon. John Z. Lee, <br> District Judge <br><br> Hon. M. David Weisman, <br> Magistrate Judge |

**Parties' Joint Status Report and Motion for Extension Regarding
Fact and Expert Discovery**

Given today's deadline for the completion of fact discovery, and the parties' upcoming status hearing on March 4, 2022, Dkt. 349, the Parties jointly submit this joint status report regarding fact and expert discovery, and motion to extend fact discovery, stating in support as follows:

1. On December 14, 2021, the Court granted the parties an extension to March 1, 2022 to complete all individual and *Monell* fact discovery, and set a status hearing for March 4, 2022 to discuss an expert discovery schedule. Dkt. 349.

2. The parties have been working diligently to complete fact discovery by the deadline, and to narrow their witness lists, which have borne fruit. However, due to scheduling challenges with several witnesses, and additional challenges from coordinating discovery across the various Guevara cases, the parties have several

depositions that remain to be completed. The parties have been working to schedule the last remaining depositions in March.[1]

3. In addition, the parties have partially completed the 30(b)(6) deposition of the City, which is the only deposition Plaintiff has sought related to his *Monell* claim (other than the relevant aspects of the depositions being conducted as part of the individual case). However, in an effort to streamline this process, the parties have been working to negotiate an agreement to rely on a single deposition of each City designee to be used across cases. Those negotiations have been productive, and the Parties are in the process of scheduling the 30(b)(6) deposition across cases (including *Sierra*).

4. Although the parties recognize the need to complete fact discovery without further delay, in light of the scheduling issues that leave several depositions to be completed, the Parties move for an extension to April 15, 2022 to complete the remaining depositions.

5. With regard to the expert discovery schedule, the Parties have different views, set forth below.

6. Plaintiff's position is that an expert discovery schedule can be set now, even as the Parties complete the remaining depositions. Plaintiff believes that the Court can set an expert discovery schedule now, and Plaintiff will work to make his expert disclosures even as the remaining depositions are completed. The

---

[1] One of the depositions that needs to be completed is of Alberto Rodriguez, the incarcerated eyewitness who previously refused to answer questions. At his most recent deposition, he requested counsel before answering questions. The Parties will be separately filing a joint motion regarding Mr. Rodriguez today.

Defendants believe additional conferrals are necessary regarding Plaintiff's *Monell* claims before an expert discovery schedule can be set. The Parties state their respective positions below:

7. Plaintiff proposes the following expert deadlines:

   Plaintiff's expert disclosures due May 2, 2022
   Defendants' expert disclosures due July 1, 2022
   Plaintiff's rebuttal disclosures due August 15, 2022

By way of background, Plaintiff made his expert disclosures in *Reyes* on January 15, 2022. Of course, Plaintiff will disclose new expert opinions regarding his individual case, but the *Monell*-related disclosures in this case will substantially overlap with the opinions disclosed in *Reyes*. In particular, Plaintiff disclosed three *Monell* experts in *Reyes*, opining about (1) a widespread practice of abuse of suspects in homicide investigations, (2) deficient policies and practices resulting in the systemic underproduction of police records, resulting in the withholding of exculpatory information, and (3) deficient policies and practices related to the City's disciplinary system. There are no allegations of abuse in this case, so of course Plaintiff will not offer an expert in this case on topic (1). Plaintiff will offer experts on topics (2) and (3), and anticipate that those opinions—which rely on partially overlapping homicide files and CR files—will mirror the opinions already offered in *Reyes*. Plaintiff anticipates that he may offer an expert on only one *Monell* topic not disclosed in *Reyes*: (4) deficient policies and practices related to eyewitness identification procedures. Given the substantial overlap in expert opinions to be offered in this case, Plaintiff believes his proposed expert schedule is reasonable,

3

and minimizes any delay in completing discovery even as the parties finish the final depositions.

        8.        Defendants' position: Before setting an expert discovery schedule, Defendants would like to schedule a time to confer with Plaintiff to better understand how he envisions relying on a large volume of documents produced with the bates label designation "PTP." In December 2021 and January 2022, the plaintiffs in most of the various Guevara cases collectively produced the PTP documents in advance of plaintiff Solache and Reyes's expert disclosures. Solache and Reyes then produced their expert reports in mid-January, relying, in part, on the PTP production. Because of the fact discovery and expert deadlines in the *Solache* and *Reyes* cases, the City Defendants moved to bar the documents and the corresponding expert opinions. *See Reyes v. Guevara*, No. 18-cv-1028, Dkt. 562, 564, 569). Having reviewed the expert disclosures in *Solache* and *Reyes*, Defendants believe a meet and confer with Plaintiff is necessary to discuss his reliance on the PTP production in this case. After the conferral, the Defendants expect to be in a better position to discuss setting expert deadlines.

March 1, 2022

Respectfully submitted,

| /s/ Anand Swaminathan | CELIA MEZA | /s/ Josh M. Engquist |
|---|---|---|
| Jon Loevy | Corporation Counsel of the | James G. Sotos |
| Anand Swaminathan | City of Chicago | Josh M. Engquist |
| Steven Art | | Jeffrey R. Kivetz |
| Josh Tepfer | | David A. Brueggen |
| Sean Starr | /s/ Eileen E. Rosen | Samantha J. Pallini |

4

| | | |
|---|---|---|
| Rachel Brady<br>Loevy & Loevy<br>311 N. Aberdeen St.<br>Chicago, Illinois 60607<br>(312) 243-5900<br>**For Plaintiff** | Eileen E. Rosen<br>Catherine M. Barber<br>Theresa Berousek Carney<br>Austin G. Rahe<br>Special Assistant<br>Corporation Counsel<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, Illinois 60654<br>(312) 494-1000<br>**For Defendant City of Chicago** | Special Assistant<br>Corporation Counsel<br>The Sotos Law Firm, P.C.<br>141 W. Jackson, Suite 1240A<br>Chicago, Illinois 60604<br>(630) 735-3300<br>**For Defendants JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, deceased, Wojcik, McMurray, Figueroa, and Biebel** |
| /s/ Megan K. McGrath<br>Megan K. McGrath<br>Thomas M. Leinenweber<br>James V. Daffada<br>Kevin E. Zibolski<br>Special Assistant<br>Corporation Counsel<br>Leinenweber Baroni & Daffada, LLC<br>120 N. LaSalle Street, Suite 2000<br>Chicago, Illinois 60602<br>(312) 663-3003<br>**For Defendant Guevara** | | |

## CERTIFICATE OF SERVICE

      I, Anand Swaminathan, an attorney, hereby certify that on March 1, 2022 I caused the foregoing Joint Status Report to be filed using the Court's CM/ECF system, thereby effectuating service on all counsel of record.

/s/ Anand Swaminathan
*Attorney for Plaintiff*
