IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Thomas Sierra**, | No. 18 C 3029 |
| Plaintiff, | Hon. John Z. Lee, District Judge |
| v. | |
| **Reynaldo Guevara** et al., | Hon. M. David Weisman, Magistrate Judge |
| Defendants. | |

**PARTIES' JOINT MOTION TO APPOINT COUNSEL
AND FURTHER COMPEL THE DEPOSITION OF ALBERTO RODRIGUEZ**

Plaintiff and Defendants, by their respective counsel, respectfully move for an order compelling the attendance of third-party Alberto Rodriguez at his previously-ordered deposition in this matter, stating as follows:

1. As described in the parties' last joint motion on this subject, Dkt. 313, the parties in this case have been working to take the deposition of Alberto Rodriguez, who is an important third-party witness to the crime of which Plaintiff alleges he was wrongly convicted. At all times, Alberto Rodriguez has been incarcerated in federal prison on an unrelated conviction. Mr. Rodriguez now has refused to participate in his deposition again, making an additional motion necessary.

2. When discovery opened in this case, Plaintiff made an oral motion to take the deposition of Mr. Rodriguez in the federal prison where he is incarcerated, which this Court granted. Dkt. 90.

3. The federal facility in which Mr. Rodriguez is incarcerated, FCI Forrest City Low, required additional information to schedule Mr. Rodriguez's deposition,

and so, on May 30, 2019, Plaintiff renewed his motion, and this Court again granted the motion. Dkt. 115.

4. In July 2019, this Court ordered the parties to conduct conversations with Mr. Rodriguez jointly "until either Mr. Rodriguez identifies counsel (at which time communication shall go through counsel, unless selected counsel directs otherwise), or Mr. Rodriguez indicates that he does not wish to have counsel represent him (triggering the normal approach to interviewing witnesses)." Dkt. 125.

5. Mr. Rodriguez initially stressed, during a telephone conversation with all counsel, that he refused to testify about this incident again as he had already done so on other occasions.[1]

6. As previously reported, the parties attempted to contact Mr. Rodriguez jointly, Dkt. 136, and they worked with the Bureau of Prisons to schedule an in-person deposition for Mr. Rodriguez in a manner that was safe and complied with COVID-19 protocols, both those in place here in Chicago and where Mr. Rodriguez is incarcerated, Dkt. 220.

7. On April 21, 2021, Plaintiff again renewed his motion to take Mr. Rodriguez's deposition, again because the facility in which Mr. Rodriguez is incarcerated required additional information before scheduling the deposition. Dkt. 261. This Court granted the motion for a third time on April 28, 2021. Dkts. 263 & 264.

---

[1] In addition to testifying in the instant action's underlying criminal matter, Mr. Rodriguez was deposed by Loevy & Loevy in *Johnson v. Guevara*, 1:05 cv 1042 (NDIL), on January 9, 2009.

8. The parties continued their attempts to schedule Mr. Rodriguez's deposition, and the facility in which he is housed even confirmed a date, but Mr. Rodriguez refused to participate in that deposition. First, he sent a letter to Plaintiff's counsel, saying in summary that it was a traumatic memory for him, that he "has the right under the 5th Amendment to not give any testimony that may change what happened or incriminate [him]self under oath during the deposition," and that he "fears for his personal safety and security." In addition, Mr. Rodriguez stated that he would not recall the incident.

9. Second, Mr. Rodriguez communicated to Bureau of Prisons personnel that, if the parties arrived at the facility for his deposition, he would refuse to participate. Those personnel reported that to Plaintiff's counsel, who in turn reported it to Defendants' counsel.

10. The parties then agreed that it made little sense to proceed with Mr. Rodriguez's deposition if he simply refused to attend, and they agreed that an order from this Court compelling his attendance was, at that point, necessary. The parties jointly moved to compel Mr. Rodriguez to attend. Dkt. 313. This Court granted the motion. Dkt. 327.

11. On December 14, 2021, the parties' attorneys traveled to FCI Forrest City Low, in Forrest City, Arkansas. Mr. Rodriguez was brought to the room where his deposition was to proceed, and the parties began the deposition. Mr. Rodriguez refused to take the oath and refused to testify. He was told repeatedly that the Court had ordered his deposition. In response, he asked to consult with an attorney before

3

he testified. Counsel explained to Mr. Rodriguez that he did not have an attorney representing him at the deposition. Mr. Rodriguez then said on the record that he would not testify without an attorney present, and he requested that the Court provide him with an attorney. The parties agreed to jointly move this Court for that appointment, and they informed Mr. Rodriguez of what they intended to do.

12. A complete transcript of what occurred on December 14, 2021 is attached as Exhibit A to this motion.

13. Consistent with Rule 30(a)(2)(B), this Court has granted leave to conduct Mr. Rodriguez's deposition. There is no question he is a critical witness. The facility in which he is incarcerated is prepared to facilitate his continued deposition. Mr. Rodriguez has no basis to resist appearing to answer questions put to him at a deposition in this matter. Obtaining his testimony remains important to all parties. Providing him with appointed counsel with whom he can consult prior to his testimony will assist in facilitating his deposition to obtain his testimony.

WHEREFORE, the parties request that this Court appoint counsel to represent Mr. Rodriguez for the purpose of his deposition in this matter, compel him to attend his continued deposition, and order any other relief that this Court deems appropriate.

March 8, 2022                                             Respectfully submitted,

| | |
|---|---|
| /s/ Steve Art | /s/ Samantha J. Pallini |
| Jon Loevy | James G. Sotos |
| Anand Swaminathan | Josh M. Engquist |
| Steven Art | Jeffrey R. Kivetz |
| Rachel Brady | David A. Brueggen |
| Sean Starr | Samantha J. Pallini |

4

Loevy & Loevy
311 N. Aberdeen St.
Chicago, Illinois 60607
(312) 243-5900
**For Plaintiff**

/s/ Eileen E. Rosen
Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Austin G. Rahe
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 494-1000
**For Defendant City of Chicago**

Special Assistant Corporation Counsel
The Sotos Law Firm, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
(630) 735-3300
**For Defendants JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, Wojcik, McMurray, Figueroa, and Biebel**

/s/ Megan K. McGrath
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Megan K. McGrath
Special Assistant Corporation Counsel
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 663-3003
**For Defendant Guevara**

5

**CERTIFICATE OF SERVICE**

I, Steve Art, an attorney, hereby certify that on March 8, 2022, I served a copy of the foregoing motion on all counsel of record through the Court's electronic filing system.

/s/ Steve Art
*Counsel for Thomas Sierra*