IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Thomas Sierra**, | No. 18 C 3029 |
| Plaintiff, | Hon. John Z. Lee, District Judge |
| v. | |
| **Reynaldo Guevara** et al., | Hon. M. David Weisman, Magistrate Judge |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THIRD-PARTY ALBERTO RODRIGUEZ TO TESTIFY**

Plaintiff Thomas Sierra respectfully submits this response in opposition to the Defendants' motion to compel third-party witness Alberto Rodriguez to testify, stating in support as follows:

**INTRODUCTION**

Alberto Rodriguez plans to assert his Fifth Amendment right not to incriminate himself in response to all questions about his role in the prosecution and conviction of Plaintiff Thomas Sierra. Rodriguez's assertion of his Fifth Amendment rights is justified because he reasonably fears prosecution for perjury in Illinois based on the lies he told under oath at Plaintiff's criminal trial. Illinois courts and the Cook County State's Attorney have determined that a witness who provides false testimony during a criminal proceeding and recants under oath decades later may be prosecuted for the statements made in the earlier criminal trial because the Illinois perjury statute does not require a showing of which statement giving rise to the prosecution is false. Indeed, an individual recently was convicted and received a prison sentence in Cook County under these circumstances. Given that the triggering event for a prosecution is the testimony

given later in time, the statute of limitations presents no obstacle. Rodriguez should be permitted to assert the Fifth Amendment in response to questions at his deposition The jury at Plaintiff's civil trial will be instructed that they may draw an inference against Rodriguez for that assertion, and Defendants' motion seeking to compel his testimony should be denied.

## BACKGROUND

Thomas Sierra alleges that he was wrongly convicted of a shooting murder he did not commit as the result of investigative misconduct perpetrated by Defendant Reynaldo Guevara and the other Defendant police officers in this case. Complaint, Dkt. 1. He has been certified innocent by the State of Illinois. Defendants told the two witnesses to the crime who had been riding in the same car as the victim—Jose M. Melendez and Alberto Rodriguez—to identify Sierra as the shooter in identification procedures and to identify a car purportedly associated with Sierra as the one used in the shooting. *Id.* ¶¶ 19-73. Defendants did this despite the fact that neither Melendez nor Rodriguez got a real look at the shooter, and despite that the car purportedly linked to Sierra did not match the description of the car used in the shooting. *Id.* These fabricated identifications were the only evidence implicating Sierra in the crime. *Id.*

Melendez testified during the criminal case and confirmed during his deposition in this civil case that Guevara held a photograph of Sierra in his hand during a photo identification procedure and told Melendez to identify Sierra as the shooter. Exhibit A (Melendez Deposition, Aug. 13, 2019) at 44-48. He also testified that he told Guevara that the car purportedly connected to Sierra was *not* the car used in the shooting. *Id.* at 51-57.

Rodriguez also has testified that he told Guevara that the car was different than the one used in the shooting. Exhibit B (Rodriguez Deposition in *Johnson v. Guevara, et al.*, No. 05 C 1042, Jan. 9, 2009) at 61:4-16. Like Melendez, Rodriguez viewed identification procedures

conducted by Guevara. During that photo array, Melendez testified that the detective told him they "probably got the guy" and that the shooter was in the pictures. Exhibit C (Rodriguez Criminal Trial Testimony, Feb. 6, 1997) at E139:2-10; Exhibit D (Rodriguez Pretrial Criminal Hearing Testimony, Aug. 20, 1996) at A10:16-A11:6. Unlike Melendez, Rodriguez testified against Sierra at the criminal trial, identifying Sierra as the shooter. Exhibit B (Rodriguez Deposition) at 73:1-7. Since the criminal trial, however, Rodriguez has testified that he did not get a look at the shooter that was sufficient to identify him. Exhibit B (Rodriguez Deposition) at 32:18-23 ("A. Not too good of a description because of the tinted window. I couldn't tell if he had a mustache or not. Umm, I know they were Hispanic.").

For his part, Guevara testified in the criminal case that both Melendez and Rodriguez identified Sierra in multiple identification procedures and both identified the car purportedly linked to Sierra as the one used in the shooting. Exhibit E (Guevara Criminal Trial Testimony, Feb. 2, 1997). In this civil case, Defendant Guevara has asserted his Fifth Amendment right not to incriminate himself in response to all questions about his investigation, Melendez, and Rodriguez. Exhibit F (Guevara Deposition, August 21, 2019). He has invoked his Fifth Amendment rights based on an assertion that he fears criminal prosecution. *Id.* at 8:2-16.

Like Guevara, Rodriguez would like to assert his Fifth Amendment right to avoid testifying. Plaintiff has been seeking his deposition for years, and the Court has ordered him to participate in that deposition on a number of occasions. Dkts. 90, 115, 263, 264, 314, 327; *see also* Dkt. 358 (recounting the history of motion practice regarding Rodriguez's deposition). In advance of his last scheduled deposition, Rodriguez refused to participate, saying in a letter that he would assert the Fifth. Exhibit G (Rodriguez Letter). The Court ordered him to participate in his deposition. Dkt. 327. At the deposition, Rodriguez refused to be sworn in, saying he wished

to consult with an attorney. Dkt. 358 & 358-1 (Transcript of Deposition). The parties jointly hired him independent counsel from the CJA panel, Dkt. 361, who has consulted with Rodriguez and now reports that Rodriguez intends to assert his Fifth Amendment right to avoid self-incrimination. Dkt. 375-2. Rodriguez's attorney has prepared a substantive response explaining Rodriguez's assertion of the Fifth. Dkt. 375-3.

## DISCUSSION

Plaintiff concedes that Defendants' motion to compel the testimony of Rodriguez despite his intention to assert his Fifth Amendment right to remain silent is ripe for resolution. Rodriguez's attorney's affidavit makes clear Rodriguez intends to invoke the Fifth in response to all substantive questions about the investigation of the Andjuar murder and the prosecution of Sierra, instead of on a question-by-question basis. Dkt. 375-2. Rodriguez's deposition will have to proceed either way—whether he is asserting the Fifth in response to questions or is compelled to testify—and so the issue of whether he is appropriately asserting the Fifth should be adjudicated before that deposition.

Defendants' motion lacks merit and it should be denied. If Rodriguez testifies truthfully at his upcoming deposition, recants, and admits that his testimony against Sierra at his criminal case was a lie, he has a reasonable fear of prosecution for perjury in Illinois. Though he is currently in federal prison, he will be released in January 2024, *see* Exhibit H (Rodriguez Inmate Locator), and he could suffer additional prosecution and prison time as a result.

The premise of Defendants' motion to compel his testimony is that he has no prosecution to fear. But the premise is incorrect. As all parties know, in an unrelated and recent wrongful conviction case, a third-party witness named Willie Johnson recanted his criminal trial testimony during post-conviction proceedings decades later, after which he was prosecuted by the Cook

4

County State's Attorney for perjury and sentenced to 30 months in prison. *See* Exhibit I (Johnson Indictment); Exhibit J (Victim who changed testimony charged with perjury, Chicago Tribune, Sep. 2, 2011); Exhibit K (Man sentenced to prison for lying about 1992 double-slaying, Chicago Sun Times, Oct. 7, 2014). The situation facing Rodriguez is materially indistinguishable from that case—Rodriguez would tell the truth for the first time in a civil deposition after lying at the criminal trial (and in earlier deposition testimony); Johnson told the truth for the first time in post-conviction proceedings after lying at the criminal trial. This interpretation of the Illinois perjury statute adopted by the Cook County State's Attorney's Office and the Illinois courts— that later truthful testimony gives rise to a prosecution for earlier lies under oath—turns on the statutory language that "the prosecution need not establish which statement is false" in 720 ILCS § 5/32-2(b).

A witness may assert the Fifth Amendment and refuse to answer questions where the witness "has reasonable cause to apprehend danger from a direct answer." *Shakman v. Democratic Org. of Cook County*, 920 F. Supp. 2d 881, 887 (N.D. Ill. 2013). "[T]he court 'may order the witness to answer if it clearly appears that no danger of prosecution exists.'" *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 5800727, at *2 (N.D. Ill. Sept. 29, 2020) (quoting *Ryan v. Comm'r*, 568 F.2d 531, 539 (7th Cir. 1977) and citing *Hoffman v. United States*, 341 U.S. 479, 486, (1951)). "The Fifth Amendment applies so long as there is a possibility of prosecution, even if this Court thinks that the government would be unlikely to prosecute." *Id.* at *3. Rodriguez has a well-founded fear of prosecution for perjury, based not on a plan to lie at his upcoming deposition (for which he could not assert the Fifth), but on his lies

told at the trial of Thomas Sierra. Such a prosecution has recently taken place in Illinois in the very courthouse in which Rodriguez would be prosecuted and on the very same facts.[1]

Plaintiff would love to finally obtain Rodriguez's truthful testimony at his deposition. Plaintiff was prosecuted based on Rodriguez's lies. Nonetheless, Plaintiff recognizes that such truthful testimony would put Rodriguez in jeopardy of prosecution in Illinois, and Plaintiff respects his right to assert his Fifth Amendment rights.[2]

Defendants' motion to compel should be denied, and Rodriguez should finally sit for his deposition, in which he can assert the Fifth in response to questions posed by both sides. At trial, the jury will be instructed that it may draw an adverse inference against the witness based on that assertion. *Baxter v. Palmigiano*, 425 U.S. 308 (1976); *see also Harris v. City of Chicago*, 266 F.3d 750 (7th Cir. 2001) (finding reversible error where a trial court refused to permit impeachment of a witness with his assertions of the Fifth Amendment). The jury will be instructed on this point anyway, because Defendant Guevara is similarly taking the Fifth in response to questions about his participation in the prosecution of Plaintiff, based on a fear that

---

[1] A similar motion to compel testimony was granted in *Reyes* but that case is distinguishable. The third-party witness there (Mejia) was imprisoned for life, unlike Rodriguez who gets out soon. In addition, Mejia's testimony under oath in the criminal case was limited to a plea colloquy (she pleaded guilty to murder) and pre-trial testimony in a motion to suppress hearing, and so was limited in a way that there was nothing really for Mejia to contradict in later sworn testimony. *Reyes*, 2020 WL 5800727, at *4 (citing *Reyes*, Dkt. 354-1 at 20-58 and 183-222, which set out Mejia's limited past testimony). Moreover, no one raised the argument in that litigation that Plaintiff and Rodriguez raise here—Mejia argued that she might be prosecuted for perjury, but she did not point out that the Illinois statute has been interpreted to allow for such a prosecution (and the plaintiffs in that case took no position on her assertion of the Fifth).

[2] Granting Defendants' motion would not advance the truth-seeking purpose of these proceedings. If Rodriguez is compelled to testify and fears prosecution, then he is incentivized to provide the same false testimony he provided during the criminal proceedings in his deposition in this civil case. Put differently, Rodriguez's statement that he intends to assert the Fifth based on a fear of perjury is tantamount to an admission that his testimony in this civil case would be different, if he told the truth, than the testimony he gave during the criminal case. Were it otherwise, then Rodriguez could simply stick by his old testimony and testify. Compelling Rodriguez to testify therefore leaves him with an untenable choice: (1) lie under oath, stick with his old testimony, and avoid potential prosecution, or (2) tell the truth finally and face potential prosecution.

his truthful answers might incriminate him as well (presumably at least in part under the same perjury theory that Rodriguez advances here).

## CONCLUSION

This Court should deny Defendants' motion, reinstate its order requiring Rodriguez to sit for his deposition, and further order that Rodriguez may assert his Fifth Amendment rights at that deposition, if he so chooses.

June 14, 2022                                             Respectfully submitted,

/s/ Steve Art
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Joshua Tepfer
Rachel Brady
Sean Starr
Isabella Aguilar
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

**Certificate of Service**

I, Steve Art, an attorney, hereby certify that on June 14, 2022, I caused the foregoing document and attachments thereto to be filed using the Court's CM/ECF system, which served the documents on all counsel of record.

/s/ Steve Art
*One of Plaintiff's Attorneys*
