IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

**THOMAS SIERRA,**                                       Case No. 18 CV 3029
                                                                 Judge John Z. Lee
     **Plaintiff,**                              Magistrate Judge M. David Weisman

v.

**REYNALDO GUEVARA, et al.**

     **Defendants.**                                   **JURY TRIAL DEMANDED**
_____

**SUPPLEMENTAL RESPONSE OF ALBERTO RODRIGUEZ TO
DEFENDANTS' COMBINED SUPPLEMENTAL MEMORANDUM AND
REPLY IN SUPPORT OF MOTION TO COMPEL
ALBERTO RODRIGUEZ TO TESTIFY**

_____

Comes now the witness, Alberto Rodriguez, by and through undersigned counsel, Arthur E. Quinn, and pursuant to the directions of Magistrate Judge M. David Weisman, files this Supplemental Response to Defendants' Combined Supplemental Memorandum and Reply in support of Motion to Compel Alberto Rodriguez to Testify (ECF #384).

Mr. Rodriguez adopts by reference his previously filed Response (ECF #375-3), and supplements it as follows:

## I.

## PROCEDURAL ISSUES

Mr. Rodriguez disputes the conclusion that the court has the authority to order the witness to testify substantively which the Defendants reach in Section I of the Defendants' Combined Supplemental Memorandum.

1

Mr. Rodriguez respectfully asks this Court to either deny the motion to compel, or, in the alternative, transfer any motions related to the subpoena which has been issued for him to the "court where compliance is required." FRCP 45(d)(2)(B)(i). In this case, that court would be the United States District Court for Arkansas, Eastern District. The Advisory Committee notes to FRCP Rule 45 (2013 Amendment) Subdivision (f) provide that

> Under Rules 45(d)(2)(B), 45(d)(3) and 45(e)(2)(B), subpoena related motions and applications are to be made to the court where compliance is required under Rule 45(c). Rule 45(f) provides authority for that court to transfer the motion to the court where the action is pending. It applies to all motions under this rule, including an application under Rule 45(e)(2)(B) for privilege determination.
>
> Subpoenas are essential to obtain discovery from non-parties. To protect local non-parties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rule 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). But transfer to the court where the action is pending is sometimes warranted. If the person subject to the subpoena consents to the transfer, Rule 45(f) provides that the court where compliance is required may do so.
>
> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local non-parties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena related motions. In some instances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion, or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the non-party served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful it to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena related motions.

The relief sought, was initiated by the filing by the Defendants of their Motion to Compel Eyewitness Alberto Rodriguez to Testify (ECF #370) in the issuing court instead of the compliance court.

Admittedly, this court has addressed the efforts to depose Mr. Rodriguez previously in this case. Nevertheless, the appropriate place to file the motion would have been the compliance court, not the issuing court. Mr. Rodriguez points out that requirement of FRCP 45 to go to the compliance court is consistent with FRCP Rule 37(a)(2) which provides that "a motion for an order to a party must be made in the court where the action is pending. A motion for an order to a **non-party** must be made in the court where the discovery is or will be taken." (Emphasis added).

Apparently, at the June 7, 2022, hearing the court raised the question concerning the limits of judicial power in the event Mr. Rodriguez disobeyed a court order. Mr. Rodriguez agrees with Defendants that the consideration of this issue is premature. It appears that pursuant to Rule 45 this matter should properly be before the court of compliance unless and until that court finds "exceptional circumstances" to transfer the matter to the issuing court. At this point in time, the "limits of judicial power" would rest in the court of compliance.

## II.

In the following paragraphs, Mr. Rodriguez responds to various assertions and arguments made in the Defendants' Supplemental Memorandum:

### A.

In their Section I argument, the Defendants express concern about the Plaintiff being able to obtain from the district court a jury instruction permitting an adverse inference against Mr. Rodriguez should he assert his Fifth Amendment right. However, if the court does allow Mr. Rodriguez to assert his Fifth Amendment right, the Defendants would have a right to file a motion

3

in limine to limit such invocation of his Fifth Amendment right from occurring in the presence of the jury. The district court will utilize established tests in order to determine the admissibility of whether the jury should hear Mr. Rodriguez, a non-party, from asserting his Fifth Amendment right. See, *Libutti v. United States*, 107 F.3d 110 (2nd Cir., 1997).

If the district court deems that testimony to be unfairly prejudicial, then, the district court will rule it to be not relevant.

More importantly though, trial tactics of one party or the other should not be a consideration of this court in determining whether or not Mr. Rodriguez, a non-party, has a Fifth Amendment right under these facts and under the law.

**B.**

In Section II, the Defendants again seem to base their argument on the allegation that Mr. Rodriguez faces no risk of further prosecution for any crimes potentially arising from his testimony. The Defendants argue that Mr. Rodriguez's "contention is entirely undeveloped, relegated to a single declaratory and conclusory pronouncement that should be disregarded on that basis alone." (ECF #384, page id 9253). This is a perplexing argument. In their original Motion, it was the Defendants who alleged that the statute of limitations "has long expired." (ECF #370, page id 8374). The bulk of Mr. Rodriguez's Response (ECF #375-3) was dedicated to developing the facts and the legal arguments of why the statute of limitations has not run. In his original Response, Mr. Rodriguez sets out four paragraphs of additional facts in addition to the facts set out by the Movants. (ECF #375-3, page id 8452-8543). Mr. Rodriguez then argued his position in the following three pages citing the statute that provides the basic three-year statute of limitations, a statute that extends the beginning of when the statute of limitations starts to run if it is based on a series of acts, and then he also cited a statute where the period of limitation is tolled when, as in

this case, Rodriguez, is not "usually and publicly resident" within Illinois. (ECF #375-3, page id 8854-8456). So certainly the issue has not been waived and to the contrary, the issue remains a very significant threat hanging over the head of Mr. Rodriguez.

The Defendants in their original Motion and their Combined Supplemental Memorandum failed to address why the statutes providing when a statute of limitations is tolled or when it begins to run would not be applicable.

An example of how real the threat of prosecution is to Mr. Rodriguez is reflected in *State v. Stillings*, 238 Mont. 478 (1989), a Montana Supreme Court case, the facts of which are extremely similar to the relevant facts on this issue. In that case, the Montana Supreme Court held that for perjury cases relying upon inconsistent testimony, the statute of limitations cannot begin to run "at least until the defendant has completed the crime by making the indispensable, second statement." *Id*. at p. 481. The court in *Stillings* also ruled that the statute of limitations for perjury was tolled, while the perjurer, who had been sentenced by a Montana court, was being housed out of state. The *Stillings* court found against the perjurer on both issues.

Even if this court does not consider *Stillings* binding precedent, the *Stillings* case does show that Mr. Rodriguez's concerns about the statute of limitations against him having either been tolled, extended or, not even yet begun are real. Certainly, Mr. Rodriguez's concerns are not remote, speculative or fanciful.

**C.**

Additionally, the Defendants argue that Mr. Rodriguez is unlikely to recant his testimony. (ECF #384, page id 9254). Whether that conclusion is accurate or not, it is not relevant under this fact situation in determining whether or not he has a Fifth Amendment right at this point. As addressed in Mr. Rodriguez's Response to the Motion to Compel, no matter how he testifies, he

5

risks incriminating himself. But if Mr. Rodriguez is allowed to invoke the Fifth Amendment, the Defendants can try to admit into evidence the testimony of Mr. Rodriguez which has been given multiple times. Pursuant to Federal Rule of Evidence 804(1) or (2), his previous court testimony would then appear to be an exception to the rule against hearsay.

**D.**

An additional consideration for this court is that even if this court rules that the statute of limitations has run, that decision would not be binding on a state criminal court. The state is not a party to this case and has not been heard on this issue. Such a decision by this court would not eliminate Mr. Rodriguez's exposure, nor would it be binding on prosecutors or courts exercising criminal jurisdiction.

**III.**

**CONCULSION**

For the foregoing reasons, Mr. Rodriguez respectfully asks as follows:

1. That the Motion to Compel be dismissed, or in the alternative, that it be transferred to the appropriate "court of compliance;"

2. That the court allow him to assert his Fifth Amendment right to remain silent relative to the investigation of the Andujar murder and the prosecution of Mr. Sierra to any questions which might arguably serve as a basis that Mr. Rodriguez has waived his right to remain silent should he answer such questions.

Respectfully submitted,

/s/Arthur E. Quinn
Arthur E. Quinn, TN006245
Law Office of Arthur E. Quinn
50 North Front Street, Suite 800
Memphis Tennessee 38103
901-302-4868
aquinn@artquinnlaw.com
Attorney for Alberto Rodriguez
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent via the court's electronic system to counsel of record on this the 11th day of July, 2022.

/s/ Arthur E. Quinn