IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | No. 18 C 3029 |
| *Plaintiff,* | ) | |
| | ) | Hon. John Z. Lee, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |

**PARTIES' JOINT STATUS REPORT**

Pursuant to the Court's order (Dkt. 393), the parties submit the following joint status report:

- Fact discovery in this case closed on August 19, 2022.[1]

---

[1] So the Court is fully abreast: although fact discovery has concluded, there are two issues that have been presented to the Court and on which the parties continue to discuss steps they might take: (1) the deposition of Alberto Rodriguez, Dkt. 395, and (2) the deposition of Richard Beuke, Dkt. 398. Unfortunately, Plaintiff's inclusion of this footnote intended to ensure the Court is fully informed of potential issues has resulted in a tit-for-tat between the parties regarding Mr. Rodriguez:

Plaintiff's position: Defendants took the position that they would not challenge Mr. Rodriguez's effort to assert his Fifth Amendment rights. Mr. Rodriguez's counsel took the position that his client would not follow court orders and appear for his deposition. Defendants' counsel took the position that Plaintiff had to file a motion in Arkansas to compel the deposition. Plaintiff disagrees that a motion is required, but he has found local counsel and filed one in Arkansas today to make sure the record of his efforts to take Mr. Rodriguez's deposition is complete. A file stamped copy of that motion will be served on all parties once it is received from local counsel.

Defendants' position: Plaintiff's added this footnote for the first time at 6:08 PM. Defendants do not agree with Plaintiff's characterization that the parties continue to discuss steps regarding the deposition of Mr. Rodriguez. The last communication on this topic between the parties and Mr. Rodriguez's counsel was on July 29, 2022. Defendants also disagree with Plaintiff's representations

**Proposed Schedule for Expert Disclosures[2]**

- Plaintiff's expert disclosures are due September 16, 2022.
- Plaintiff's expert shall be deposed by December 9, 2022.
- Defendants' experts' disclosure reports shall be provided to Plaintiff by January 30, 2023.
- Defendants' experts shall be deposed by 3/27/23.


Dated: August 22, 2022                                         Respectfully submitted,


| /s/ Anand Swaminathan | /s/ Eileen E. Rosen | /s/ Josh M. Engquist |
|---|---|---|
| Jon Loevy | Eileen E. Rosen | James G. Sotos |
| Anand Swaminathan | Catherine M. Barber | Josh M. Engquist |
| Steven Art | Theresa Berousek Carney | Jeffrey R. Kivetz |
| Josh Tepfer | Austin G. Rahe | David A. Brueggen |
| Sean Starr | Special Assistant | Samantha J. Pallini |
| Rachel Brady | Corporation Counsel | Elizabeth R. Fleming |
| Isabella Aguilar | | |

regarding Defendants and Mr. Quinn's position, but Plaintiff added this portion of the footnote for the first time today at 8:49 PM and Defendants not wish to prolong this process any longer but will address this further at the status if the Court believes it is necessary. With respect to Plaintiff's representation that he located local counsel and filed a motion today, Plaintiff's first informed Defendants of his actions today at 8:49 PM.

[2] Plaintiff proposed an expert discovery schedule ending February 27, 2023, but in the interest of compromise has agreed to Defendants' proposal. Plaintiff provides this information so that, to the extent the Court is considering whether to enter a different schedule than the ones the parties have agreed to, the Court is aware that Plaintiff believed a shorter schedule was appropriate (one that still provided Defendants with two and a half months to depose Plaintiff's experts). Plaintiff is disappointed that, again, the inclusion of this benign information has resulted in the tit-for-tat contained in the remainder of this footnote. Plaintiff's proposed discovery schedule required Defendants to complete the deposition of Plaintiff's expert over the Thanksgiving holiday and make their expert disclosure on Christmas Eve eve, despite the fact that this Court's original schedule provided a slight cushion for the holidays. (Dkt. 373). Defendants only added their explanation because Plaintiff insisted on adding footnote 2 (which Defendants suggested was completely unnecessary).

| | | |
|---|---|---|
| Loevy & Loevy<br>311 N. Aberdeen St.<br>Chicago, Illinois 60607<br>(312) 243-5900<br>**For Plaintiff** | Rock Fusco & Connelly, LLC<br>333 W. Wacker 19th Floor<br>Chicago, Illinois 60606<br>(312) 494-1000<br>**For Defendant City of Chicago** | Special Assistant Corporation Counsel<br>The Sotos Law Firm, P.C.<br>141 W. Jackson, Suite 1240A<br>Chicago, Illinois 60604<br>(630) 735-3300<br>**For Defendants JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, deceased, Wojcik, McMurray, Figueroa, and Biebel** |

/s/ Megan K. McGrath
Megan K. McGrath
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Special Assistant Corporation Counsel
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 663-3003
**For Defendant Guevara**

3

## CERTIFICATE OF SERVICE

      I, Anand Swaminathan, an attorney, hereby certify that on August 22, 2022 I caused the foregoing Joint Status Report to be filed using the Court's CM/ECF system, thereby effectuating service on all counsel of record.

/s/ Anand Swaminathan
*Attorney for Plaintiff*
