IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | No. 18 C 3029 |
| *Plaintiff,* | ) | |
| | ) | Hon. Robert Blakey, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |

## **PARTIES' JOINT STATUS REPORT**

Pursuant to the Court's order (Dkt. 403), the parties submit the following joint status report:

### **Status on the Depositions of Mr. Beuke and Mr. Rodriguez**

Efforts to take Mr. Rodriguez's deposition are ongoing. Plaintiff moved to compel his deposition in the U.S. District Court for the Eastern District of Arkansas. Mr. Rodriguez's attorney Art Quinn moved to withdraw. Magistrate Judge Volpe in the EDAR has appointed new counsel for Mr. Rodriguez. Judge Volpe has ordered that a hearing will take place on November 7, 2022, to determine whether Mr. Rodriguez will be compelled to testify, and Mr. Rodriguez will appear at that hearing. If he is compelled to testify, the deposition will take place that day.

While Mr. Beuke and his counsel were unable to locate his former client regarding a waiver of privilege, Mr. Beuke's deposition is no longer at issue in this case. On August 25, counsel for Plaintiff informed Defendants that, to avoid unnecessary delays, Plaintiff decided to forego any further questioning of Mr. Beuke and that Plaintiff turned the witness over to Defendants for questioning. Plaintiff further informed Defendants that, to the extent that Defendants were not seeking to ask Mr. Beuke any questions, the deposition was complete from Plaintiff's perspective. On August 29, Defendants responded that based on Plaintiff's position, Defendants saw no reason to continue the deposition and agreed that it can be complete as is.

## Issues with Expert Discovery

Plaintiff made his Rule 26(a)(2) disclosures on September 16, 2022. The parties are working to schedule depositions.

Plaintiff has proposed, in the interest of a just, speedy, and inexpensive resolution of expert discovery in the Guevara cases, that the parties consolidate the depositions of the same experts who offered the same opinions in multiple cases relating to Guevara and the policies and practices of the City of Chicago. In Plaintiff's view, these experts—namely Anthony Finnell and Nancy Steblay—offer overlapping and sometimes identical opinions in multiple cases using similar datasets. Defendants in this case have already taken a deposition of Mr. Finnell of 14 hours in length in the *Reyes* case. As a result, Plaintiff thinks that completion of these depositions should not require seven hours of questioning in each case. Plaintiff communicated this position to Defendants, who responded that Defendants would agree to avoid repetition but would not agree to consolidated depositions. Plaintiff hopes that the parties can continue to discuss the issue as they schedule depositions, and they hope to resolve the issue without Court intervention.

Defendants do not agree to consolidate expert depositions across multiple cases. The datasets upon which both Finnell and Steblay rely are different. Moreover, while it is true that Mr. Finnell sat for 14 hours, pursuant to MJ Harjani's order in *Reyes*, that amount of time was necessary based on the length and scope of Mr. Finnell's opinions (which MJ Harjani noted) and because Mr. Finnell admitted that there were errors in his report, including some of the data he relied upon, that required a significant time to explore and correct. Accordingly, there are no efficiencies gained by consolidating the depositions. Defendants have agreed to refrain from asking questions that have already been asked.

Dated: October 11, 2022

Respectfully submitted,

| /s/ Sean Starr | /s/ Eileen E. Rosen | /s/ Josh M. Engquist |
|---|---|---|
| Jon Loevy | Eileen E. Rosen | James G. Sotos |
| Anand Swaminathan | Catherine M. Barber | Josh M. Engquist |
| Steven Art | Theresa Berousek Carney | Jeffrey R. Kivetz |
| Josh Tepfer | Austin G. Rahe | David A. Brueggen |
| Sean Starr | Special Assistant | Samantha J. Pallini |
| Rachel Brady | Corporation Counsel | Elizabeth R. Fleming |
| Isabella Aguilar | Rock Fusco & Connelly, LLC | Special Assistant Corporation Counsel |
| Loevy & Loevy | | |

| | | |
|---|---|---|
| 311 N. Aberdeen St.<br>Chicago, Illinois 60607<br>(312) 243-5900<br>**For Plaintiff** | 333 W. Wacker 19th Floor<br>Chicago, Illinois 60606<br>(312) 494-1000<br>**For Defendant City of Chicago** | The Sotos Law Firm, P.C.<br>141 W. Jackson, Suite 1240A<br>Chicago, Illinois 60604<br>(630) 735-3300<br>**For Defendants JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, deceased, Wojcik, McMurray, Figueroa, and Biebel** |

/s/ Megan K. McGrath
Megan K. McGrath
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Special Assistant Corporation Counsel

Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 663-3003
**For Defendant Guevara**

3

## CERTIFICATE OF SERVICE

  I, Sean Starr, an attorney, hereby certify that on October 11, 2022 I caused the foregoing Joint Status Report to be filed using the Court's CM/ECF system, thereby effectuating service on all counsel of record.

/s/ Sean Starr
*Attorney for Plaintiff*
