IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Thomas Sierra**, | No. 18 C 3029 |
| Plaintiff, | Hon. John Robert Blakey<br>District Judge |
| v. | |
| **Reynaldo Guevara** et al., | Hon. M. David Weisman,<br>Magistrate Judge |
| Defendants. | |

## REASSIGNMENT STATUS REPORT

Plaintiff, Thomas Sierra, and Defendants, City of Chicago ("City"), Reynaldo Guevara, Anthony Wojcik, John McMurray, George Figueroa, Edward Mingey, Robert Biebel, and JoAnn Halvorsen as special representative of Ernest Halvorsen (deceased), respectfully submit the following reassignment status report in the above-captioned matter, which was reassigned to the Court on September 15, 2022 (Dkt. 409), stating as follows:

1. **Type of Initial Status Report**. This is a joint status report on behalf of all parties.

2. **Service of Process**. Service of process is complete.

3. **The Nature of the Case**.

   a. **Attorneys:**

For Plaintiff (all members of NDIL bar):
Jon Loevy – Lead Attorney (trial bar)
Anand Swaminathan
Steven Art
Rachel Brady

Sean Starr
Isabella Aguilar
Loevy & Loevy
311 N. Aberdeen St.
Chicago, Illinois 60607
(312) 243-5900

For Defendant City of Chicago:
Eileen E. Rosen – Lead Attorney
Austin Rahe
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606

For Individual Defendants Wojcik, McMurray, Figueroa, Mingey, JoAnn Halvorsen, as Special Representative of Ernest Halvorsen, deceased, and Biebel:
James G. Sotos – Lead Attorney
Josh M. Engquist
Jeffrey R. Kivetz
Samantha Pallini
Elizabeth Fleming
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604

For Individual Defendant Guevara
Thomas M. Leinenweber – Lead Attorney
James V. Daffada – Lead Attorney
Megan McGrathKevin E. Zibolski
Leinenweber Barone & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602

b. **Federal jurisdiction:**

This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

c. **Nature of the claims:**

Plaintiff alleges that the individual Defendants violated his constitutional rights, including his right to due process, when they caused him to be wrongly convicted and imprisoned for 22 years for a murder he did not commit. He alleges further that the City of Chicago's policies and practices caused the violation of his constitutional rights. Moreover, Plaintiff claims that the Defendants committed state-law torts. Finally, Plaintiff seeks attorneys' fees and costs under 42 U.S.C. § 1988. There are no counterclaims.

d. **Legal and factual issues:**

Plaintiff's submission: (1) whether Defendants fabricated false evidence, including false witness identifications and false testimony, which was used against Plaintiff during his criminal proceedings, in violation of his right to due process; (2) whether Defendants suppressed exculpatory evidence and evidence that could have been used to impeach witnesses at Plaintiff's criminal trial, in violation of due process; (3) whether Defendants caused a criminal case to be instituted or continued against Plaintiff without probable cause, and whether Plaintiff was deprived of his liberty as a result; (4) whether Defendants conspired to violated Plaintiff's rights; (5) whether they failed to intervene to prevent the violation of Plaintiff's rights; (6) whether Plaintiff's constitutional rights were violated as the result of a policy or practice on the part of the City of Chicago to violate the due process rights of criminal defendants, to suppress exculpatory and impeachment evidence, to secure identifications via suggestive and illegal means, to fabricate evidence, and/or to fail

to train, supervise, and discipline Chicago employees; (7) whether Plaintiff is innocent of the crimes; (8) the damages that Plaintiff has suffered as a result of his wrongful conviction.

Defendants' submission: Plaintiff's claims in this case arise from the police investigation into and resulting criminal proceedings relating to a 1995 gang related murder. Plaintiff was convicted and spent 22 years in prison before his conviction was vacated. Plaintiff alleges that Defendants including former Chicago police officer Reynaldo Guevara violated his rights under the United States Constitution and Illinois law by framing him for a murder he did not commit. There are no counterclaims in this case. Defendants deny all Plaintiff's claims and allegations.

    e. **Damages:**

Plaintiff seeks compensatory damages in an amount to be determined by a jury, punitive damages against each of the individual Defendants in an amount to be determined by a jury, attorneys' fees and costs against each Defendant, and any other relief this Court deems just and appropriate.[1]

    4.     **Pending Motions and Case Plan**.

        a. **Pending Motions:** Plaintiff's motion to compel the deposition of third-party witness Alberto Rodriguez is currently pending in the U.S. District Court for the Eastern District of Arkansas, *Sierra v.*

---

[1] Plaintiff is not seeking punitive damages against defendant Halvorsen as he is deceased.

  *Guevara, et al.*, No. 4:22-mc-00013 (EDAR), and a hearing is scheduled on that motion for November 7, 2022.

 b. **Discovery and Case Schedule:** Judge M. David Weisman has been supervising fact and expert discovery.

  i. Fact discovery in the case concluded on August 19, 2022, with the exception of the deposition of Alberto Rodriguez, which remains an issue of litigation, described above.

  ii. Plaintiff's Rule 26(a)(2) disclosures were made on September 16, 2022. Plaintiff's experts are to be deposed by December 9, 2022. Defendants' Rule 26(a)(2) disclosures are due on January 30, 2023. Defendants' experts are to be deposed by March 27, 2023.

  iii. Plaintiff's position on dispositive motions is that there is absolutely no basis to file a dispositive motion on for claim or party in this case, and that the case should proceed after discovery to pre-trial litigation and to trial. Plaintiff submits that if Defendants are to file motions for summary judgment, the Defendants' proposed schedule below delays an already long-pending case far too long: expert discovery is nearly complete; Defendants' disclosure of their own experts could not possibly help to establish the *absence* of a genuine dispute of fact on any issue; and so Defendants should be required to file motions for summary judgment at latest by March 1, 2022. Defendants

       anticipate both completely dispositive motions for some of the Defendants as well as potentially partial summary judgment motions for others. Defendants are still waiting for the conclusion of the motion to compel the third-party witness, Alberto Rodriguez (who has testified previously in the criminal matter and during a deposition that his identification of Plaintiff was correct) before making a final determination on the breath of the motions for Summary Judgment. Additionally, expert testimony will most likely to used by both sides to either support or rebut arguments made in the multiple *Monell* claims made by Plaintiff as well as possibly on the underlying claims as well. Defendants, therefore, request two months following completion of expert discovery to file motion for Summary Judgment to June 1, 2023, then August 1, 2023 for Plaintiff's responses and September 15, 2023 for Defendants' replies.

iv. Plaintiff proposes that the Court set a trial date of April 1, 2023 or later, as its schedule allows. Defendants do not believe setting a trial date at this time makes logical sense. Defendants proposed that this Court set dates for all *Daubert* motions, Motion *In Limine,* the Final Pretrial Order and Trial Date after ruling on all the motions for Summary Judgement.

    v. Plaintiff expects the trial of this case to last 15 trial days, at most. Based on prior experience, Defendants expect this case to last approximately one month.

5. **Consent to Proceed Before A Magistrate Judge**. The parties do not currently unanimously consent to proceed before a magistrate judge.

6. **Status of Settlement Discussions**. Plaintiff sent a settlement demand to Defendants in December 2021. Defendants indicated to Plaintiff that they needed the issue with Alberto Rodriguez to conclude before being able to fully evaluate and respond to the demand.

Dated: October 27, 2022          Respectfully submitted,

| /s/ Steve Art | /s/ Eileen E. Rosen | /s/ Josh M. Engquist |
|---|---|---|
| Jon Loevy | Eileen E. Rosen | James G. Sotos |
| Anand Swaminathan | Catherine M. Barber | Josh M. Engquist |
| Steven Art | Theresa Berousek Carney | Jeffrey R. Kivetz |
| Josh Tepfer | Austin G. Rahe | David A. Brueggen |
| Sean Starr | Special Assistant | Samantha J. Pallini |
| Rachel Brady | Corporation Counsel | Elizabeth R. Fleming |
| Isabella Aguilar | Rock Fusco & Connelly, LLC | Special Assistant Corporation Counsel |
| Loevy & Loevy | 333 W. Wacker 19th Floor | The Sotos Law Firm, P.C. |
| 311 N. Aberdeen St. | Chicago, Illinois 60606 | 141 W. Jackson, Suite 1240A |
| Chicago, Illinois 60607 | (312) 494-1000 | Chicago, Illinois 60604 |
| (312) 243-5900 | **For Defendant City of Chicago** | (630) 735-3300 |
| **For Plaintiff** | | **For Defendants JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, deceased, Mingey, Wojcik, McMurray, Figueroa, and Biebel** |

/s/ Megan K. McGrath
Megan K. McGrath
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Special Assistant
Corporation Counsel
Leinenweber Baroni &
Daffada, LLC
120 N. LaSalle Street,
Suite 2000
Chicago, Illinois 60602
(312) 663-3003
**For Defendant
Guevara**

## CERTIFICATE OF SERVICE

I, Steve Art, an attorney, hereby certify that on October 27, 2022 I caused the foregoing Reassignment Status Report to be filed using the Court's CM/ECF system, thereby effectuating service on all counsel of record.

/s/ Steve Art
*Attorney for Plaintiff*