IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | No. 18 C 3029 |
| *Plaintiff*, | ) | |
| | ) | Hon. John Robert Blakey, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

## PARTIES' JOINT STATUS REPORT

Pursuant to the Court's order (Dkt. 414), the parties submit the following joint status report:

### Nancy Steblay Deposition

Plaintiff and Defendants' counsel are still in the process of negotiating a compromise regarding a consolidated deposition of Plaintiff's expert, Nancy Steblay, across the Guevara-related cases of Sierra, Iglesias, Buoto, and Rodriguez. Defendants' position is that they demand fourteen (14) hours with an option for seven (7) more. Plaintiff's position is that the parties agree to a total of 14 hours and start with a deposition of 7 hours, then meet and confer to see how many more hours Defendants think they will need out of an additional 7 hours. If Defendants need more than the additional 7 hours, Plaintiff will file a motion across the cases. Plaintiff believes that after the first 7 hours, Defendants will have a good idea of how much additional time they will need with Dr. Steblay. If Defendants can complete their deposition in 14 hours, no motion practice will be necessary at all.

Plaintiff's position is that 7 initial hours, with possibility of 7 additional hours is more than enough time to depose Dr. Steblay across the four cases. Dr. Steblay's reports across the four cases are nearly identical in terms of substance and methodology: they look at the overall rate of positive identifications in lineups and photo arrays across Area 5. Her reports do not delve into the individual facts of any one case, so there will need to be no case-specific questions. And Defendants need to question her only once about her qualifications and methodology.

Defendants claim that her conclusions in her four reports are different, but in fact they vary only to the extent they analyze different portions of the 1989-1998 files. Steblay analyzed a coded spreadsheet of data about eyewitness identification procedures in homicide investigations from 1989-1998. She did not code the data herself. Dr. Steblay's report in the *Iglesias* case analyzes the entire 1989-98 timeframe, and the other reports cover subsets of those years: *Bouto* - 1989-93; *Sierra* - 1991-95, and *Rodriguez* - 1995-98. In other words, to arrive at her various conclusions, Dr. Steblay did the same math on different subsets of one overall set of data. All this to say: the

reports are substantially the same. Indeed, the reason Plaintiff's selected one expert to opine on all four of these cases was based on efficiency, with the goal of minimizing the need for costly and time-consuming depositions. Plaintiff, of course, has agreed to abide by the same restrictions in deposing Defendants' responsive expert.

Defendants' position is that they need 14 hours over two consecutive days and may need a third day of up to 7 hours. They have informed Plaintiffs that they are willing to meet and confer after the conclusion of the first 14 hours to discuss the need for more time, if they believe that becomes necessary. Defendants' position is based upon the fact that Dr. Steblay has been disclosed in four separate cases and provided four separate and distinct reports with different conclusions that rely, in part, upon four separate and distinct data sets. Under the Rules, Defendants would be entitled to 7 hours in each of the cases for a total of 28 hours. The sheer volume of information contained in the data sets relied upon in each of the cases requires hours and hours of questions to understand and depending on Dr. Steblay's responses could take a full day. Specifically, in *Sierra* there are 1,048 lines of data, equaling 37,000+ cells of coded information; in *Bouto*, there are 1,022 lines of data with 36 distinct columns for a total of 36,000+ cells of coded information; in *Rodriguez* there are 979 lines of data, equaling 35,000+ cells of coded information; and in *Iglesias* there are 2,477 lines of data, equaling 89,000+ cells of coded information. In addition, Dr. Steblay relies on the data sets from two other cases, *Rivera v. Guevara, et al.*, 12-CV-4428 and *Velez v. City of Chicago, et al.*, 18-CV-8144. Additional hours of questioning will be necessary related to those data sets. While there is overlap in the data, the conclusions reached are different. For example, in *Sierra* Dr. Steblay concluded that the City had a 74% positive identification rate on single-suspect, first-attempt, stranger-perpetrator identifications, in *Bouto*, she concluded that the rate was 73%, in *Iglesias* she concluded that the rate was 70%, and finally, in *Rodriguez* she also concluded that the rate was 70%. Accordingly, Defendants obviously have questions about these conclusions. There are myriad of other topics raised by the four reports that necessitate questioning. Plaintiffs' proposal to conduct a 7 hour deposition and then confer is designed to give Plaintiffs the opportunity to hear Defendants' questions from the first day and make whatever adjustments they deem necessary before the deposition is reconvened at some later date, perhaps after motion practice, if Plaintiffs decide that 7 hours were enough. Plaintiffs have informed Defendants that they will provide Defendants with their final position on Monday, December 19, 2022. If the parties cannot reach agreement, Defendants are prepared to file a motion on Monday, December 19, 2022.

## Subpoenaed Documents from Plaintiff's Experts

Defendants have received all the subpoenaed documents from Plaintiff's experts, with the exception of documents related to Steblay.

## Summary of Expert Depositions Completed and Scheduled

The following expert depositions have been completed:

- December 8 – Tom Tiderington

The following expert depositions have been scheduled:

2

- January 13 – Anthony W. Finnell
- January 18 – Jennifer Dysart
- January XX – Nancy Steblay

### Other Issues

The Court's last expert scheduling order required Defendants to depose Plaintiff's experts by December 9, 2022. (Dkt. 403). Because of difficulties between the parties and the witnesses in scheduling Finnell and Dysart and the negotiations regarding the deposition of Steblay, Defendants were not able to complete the depositions of all of Plaintiff's experts by the deadline. Accordingly, Defendants will need additional time to disclose their experts. The current schedule requires Defendants to disclose their experts by January 30, 2023. Once the issues regarding Steblay's deposition are resolved and her deposition is set, a new disclosure date can be set.

Plaintiff's position is that no extension of Defendants' expert disclosure deadline is necessary, given that Plaintiff's disclosures were made three months ago, and the depositions of Plaintiff's experts will have been completed by Defendants' disclosure deadline (with the possible exception of Prof. Steblay, depending on how their dispute resolves). Moreover, Mr. Finnell disclosed nearly identical failure-to-discipline opinions almost a year ago in *Reyes/Solache*, which Defendants have deposed him about on multiple occasions, and have responded to with their own experts in *Reyes/Solache* and *Velez*. The same is true with regard to Mr. Tiderington, whose *Monell* opinions are also identical to his opinions in *Reyes/Solache*, about which he was deposed months ago (and again in this case last week), and to which Defendants have already disclosed a responsive expert. For these reasons, there is no basis for an indefinite delay in Defendants' expert disclosure deadline. If anything, the Court should grant at most an extension of one to two weeks, and to the extent motion practice causes a longer delay in the scheduling of Prof. Steblay's deposition, an extension could be given for Defendants' responsive expert on that issue alone (rather than a blanket extension for all experts).

Dated: December 15, 2022

Respectfully submitted,

| /s/ Sean Starr | /s/ Eileen E. Rosen | /s/ Josh M. Engquist |
|---|---|---|
| Jon Loevy | Eileen E. Rosen | James G. Sotos |
| Anand Swaminathan | Catherine M. Barber | Josh M. Engquist |
| Steven Art | Theresa Berousek Carney | Jeffrey R. Kivetz |
| Josh Tepfer | Austin G. Rahe | David A. Brueggen |
| Sean Starr | Special Assistant Corporation | Samantha J. Pallini |
| Rachel Brady | Counsel | Elizabeth R. Fleming |
| Isabella Aguilar | Rock Fusco & Connelly, LLC | Special Assistant Corporation |
| Loevy & Loevy | 333 W. Wacker 19th Floor | Counsel |

| | | |
|---|---|---|
| 311 N. Aberdeen St.<br>Chicago, Illinois 60607<br>(312) 243-5900<br>**For Plaintiff** | Chicago, Illinois 60606<br>(312) 494-1000<br>**For Defendant City of Chicago** | The Sotos Law Firm, P.C.<br>141 W. Jackson, Suite 1240A<br>Chicago, Illinois 60604<br>(630) 735-3300<br>**For Defendants JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, deceased, Wojcik, McMurray, Figueroa, and Biebel** |

/s/ Megan K. McGrath
Megan K. McGrath
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Special Assistant
Corporation Counsel
Leinenweber Baroni &
Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 663-3003
**For Defendant Guevara**

## CERTIFICATE OF SERVICE

  I, Eileen E. Rosen, an attorney, hereby certify that on December 15, 2022 I caused the foregoing Joint Status Report to be filed using the Court's CM/ECF system, thereby effectuating service on all counsel of record.

               */s/ Eileen E. Rosen*
               Attorney for Defendant City of Chicago