# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | No. 18 C 3029 |
| *Plaintiff*, | ) | |
| | ) | Hon. John Robert Blakey, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

## PARTIES' JOINT STATUS REPORT

Pursuant to the Court's December 20, 2022 Minute Entry (Dkt. 419), the Parties submit the following Joint Status Report:

### Nancy Steblay Deposition

Plaintiff has agreed to produce Dr. Nancy Steblay on two consecutive days for a consolidated deposition in four cases (*Sierra*, *Rodriguez*, *Bouto* and *Iglesias*). Plaintiff has offered January 19-20, 2023. Defendants are trying to rearrange other commitments to accommodate the offered dates. In the meantime, Defense counsel have asked Plaintiff's counsel to provide alternative consecutive dates. Plaintiff's counsel is working on additional dates but at the time of this filing do not have them yet.

To the extent that there are outstanding issues after the second day of the deposition, the Parties have agreed to file any necessary motion in front of Magistrate Judge Weisman for resolution. The Parties agree that Magistrate Judge Weisman's decision with respect to issues arising from Dr. Steblay's deposition will be binding in all four cases.

**Deposition of Anthony Finnell**

Mr. Finnell's deposition is currently scheduled to take place in the *Sierra* case on January 13, 2023. On December 28, 2022, Plaintiff Sierra's counsel again indicated their desire for a consolidated deposition. Defense counsel have reviewed the reports in *Sierra* and *Iglesias* and have determined that each report requires a separate deposition for the reasons previously articulated to the Court and to Plaintiff's counsel. Defense counsel also explained the Finnell's outlier analysis varies from case to case necessitating different lines of inquiry. Additionally, Defense Counsel explained that in *Iglesias*, Meza and Knight are additional signatories to Finnell's report (they are not signatories to Finnell's *Sierra* report or on any of the reports Finnell has previously provided deposition testimony). That distinction also requires different line of inquiry. Defense counsel asked Plaintiff to reconsider his position. Plaintiff has now proposed a consolidated deposition lasting ten hours. For the same reasons previously articulated, unfortunately, Defendants cannot agree to anything less than 7 hours in each case. Additionally, for the first time today, at close to 3:00 p.m., Plaintiff has now proposed adding Finnell's deposition in *Bouto* into the negotiations and offered 17 hours across the three cases. Unfortunately, Defendants cannot respond to Plaintiff's latest proposal today.

Plaintiff's position is as follows: he has offered ten hours for the consolidated deposition of Mr. Finnell in *Sierra* and *Iglesias*. Plaintiff's position is that this is more than ample time to complete his deposition across the two cases, especially given that Mr. Finnell has already been deposed by the same defense counsel for more than 21 hours across Guevara cases, on the exact same *Monell* opinions (plus an additional seven hours scheduled in *Bouto* shortly). Indeed, the very purpose of disclosing the same experts across the Guevara cases is to reduce the burden in time and money. The fact that Meza and Knight have been additionally disclosed as signatories in

*Iglesias* is all the more reason that additional time is not necessary; *Defendants are going to have additional hours of deposition time with those two witnesses on the same report*. In other words, even under Plaintiff's proposal Defendants are likely to have over 20 hours of deposition time regarding a single expert report that is nearly identical to the prior versions of the same report disclosed in the other Guevara cases. At minimum, the deposition should proceed for the ten hours Plaintiff has proposed (which will bring Defendants to over 38 hours of questioning of Mr. Finnell), and a request for additional time can be made after the deposition is complete, if necessary, of if the parties are not able to reach agreement. Unfortunately, Plaintiff's attempt at conferral--reflecting that with Plaintiff's ten-hour compromise, on top of Defendants' seven hours of questioning in Bouto--is interpreted by Defendants as an eleventh-hour proposal.

**EXTENSION OF EXPERT DISCOVERY SCHEDULE**

At the last status, when Defendants raised the issue of an extension of time to complete expert discovery, Plaintiff indicated that Defendants would need to file a motion for an extension of time in order to secure such an extension. Because this Court's order, entered after the last status (dkt. 419), asked for an update on any agreement on the timing of Defendants' expert disclosures, Defendants asked Plaintiff if that was still his position and if it was the position of the other Plaintiffs in the other cases (since, despite an earlier agreement, the other Plaintiffs' position became unclear to Defendants' counsel). Plaintiff responded and asked Defendants how much time Defendants were seeking. Defendants responded that they were seeking an extension of time of the expert discovery that would put them in the same position they would have been in had they completed the depositions of all Plaintiff's experts within the originally set deadlines. Defendants further responded that since Dr. Steblay's deposition dates are still not confirmed and there is now

3

a dispute over the deposition of Finnell, which is putting his January 13 deposition date in jeopardy, Defendants do not know what that precise date would be.

Plaintiff's position is as follows: Defendants, despite previous indications of potential disagreement on the issue, did not reach out to Plaintiff until today about a request for expert extension, without identifying any proposed length of extension. Plaintiffs are happy to confer and have indicated they have openness to extending deadlines as necessary for those particular responsive experts for whom the parties have dispute (e.g., Steblay), but within reason given that the experts, and opinions, are all exactly the same as multiple prior expert reports on the same issues.

DATED: December 30, 2022,                                  Respectfully submitted,

Defendant City of Chicago                                  All Officer Defendants other than Guevara

/s/ Eileen E. Rosen                                        /s/ Caroline Golden
*Special Assistant Corporation Counsel*                    *Special Assistant Corporation Counsel*
Eileen E. Rosen                                            James G. Sotos
Catherine M. Barber                                        Josh M. Engquist
Theresa Berousek Carney                                    Jeffrey R. Kivetz
Rock Fusco & Connelly                                      David A. Brueggen
333 W. Wacker 19th Floor                                   The Sotos Law Firm, P.C.
Chicago, Illinois 60606                                    141 W. Jackson, Suite 1240A
(312) 494-1000                                             Chicago, Illinois 60604
erosen@rfclaw.com                                          (630) 735-3300
Defendant Reynaldo Guevara                                 Plaintiff

/s/ Megan K. McGrath                                       /s/ Anand Swaminathan
Special Assistant Corporation Counsel                      Jon Loevy
Megan K. McGrath                                           Anand Swaminathan
Thomas M. Leinenweber                                      Steven Art
James V. Daffada                                           Josh Tepfer
Kevin E. Zibolski                                          Sean Starr
Leinenweber Baroni & Daffada, LLC                          Rachel Brady
120 N. LaSalle Street, Suite 2000                          Isabella Aguilar
Chicago, Illinois 60602                                    Loevy & Loevy
(312) 663-3003                                             311 N. Aberdeen St.
                                                           Chicago, Illinois 60607
                                                           (312) 243-5900