IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | Case No. 18 CV 3029 |
| Plaintiff, | ) | |
| | ) | Judge John Robert Blakey |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO EXTEND SCHEDULE FOR SUMMARY JUDGMENT
AND *DAUBERT* MOTIONS REGARDING *MONELL* CLAIMS**

Defendants City of Chicago ("City"), Reynaldo Guevara, Anthony Wojick, John McMurray, George Figueroa, Edward Mingey, Robert Biebel, and JoAnn Halvorsen as special representative of Ernest Halvorsen (deceased) ("Defendant Officers") (collectively referred to as "City Defendants"), by and through their respective undersigned attorneys, move for an order extending the summary judgment and *Daubert* motion briefing schedule, and, in support state:

1.     On July 10, 2023, Plaintiff filed a motion to set a summary judgment briefing schedule requesting the Court order the parties to file any motions by August 11, 2023.  (ECF 435).  Defendants explained that Plaintiff's request was premature because Defendants had not yet completed the depositions of Plaintiff's rebuttal experts.  In fact, Plaintiff disclosed his rebuttal expert reports on July 5, 2023, just a matter of days before filing his motion to set the schedule.  (*Id.*, para. 8).  Defendants also expressed that more time was needed to prepare their motions than the proposed date Plaintiff demanded.  *Id.*  In addition, Defendants expressed their proposal that the Court decide *Daubert* motions before the parties filed summary judgment,

1

considering Plaintiff's broad *Monell* theories are entirely dependent on the admissibility of their experts' opinions. *Id.*

2.      To explain further, Plaintiff disclosed three *Monell* focused experts to support his various theories. Plaintiff's first theory is that the City allegedly had a widespread practice of failing to discipline its officers. To support that claim, Plaintiff's counsel provided Plaintiff's expert, Anthony Finnell, with a spreadsheet, prepared by undisclosed employees of Plaintiff's counsel's firm, that purportedly analyzed hundreds of Complaint Register files pertaining to allegations of misconduct. Finnell (along with other undisclosed experts who assisted him) then reviewed the data in the spreadsheet and ultimately concluded that the rate of discipline in those files was too low.

3.      Another one of Plaintiff's theories is that the City allegedly had a widespread practice of manipulating witness identification procedures. To support that claim, Plaintiff's counsel provided Plaintiff's expert, Dr. Nancy Steblay, with a spreadsheet, again prepared by undisclosed employees of Plaintiff's counsel's firm, that purportedly listed all the eyewitness decision outcomes from lineups and photo arrays in hundreds of homicide investigations produced in this case, and others. Dr. Steblay then compared the outcomes from the spreadsheet to the rate of witness identifications in published psychological studies and determined that the rate of positive identifications in the spreadsheet was too high in comparison to the studies. She then offered various criticisms for why the rate of suspect identifications in the CPD files would be higher.

4.      Finally, Plaintiff theorizes that the City had an alleged widespread practice of suppressing exculpatory evidence in "clandestine files." To support this claim, Plaintiff's counsel, again, provided his expert, Thomas Tiderington, with a spreadsheet, also prepared by

2

undisclosed employees of Plaintiff's counsel firm, that purportedly compared hundreds of homicide investigative files with corresponding files from the Cook County Public Defender's office and identified those files in which various documents from the investigative files were "missing" in the decades-old public defender files to conclude that the City had a widespread practice of withholding documents.

5. These experts also offered various sub-opinions in their reports – which together total hundreds of pages – to support Plaintiff's various *Monell* theories. The City anticipates numerous arguments to bar these experts relating to issues such as, that the underlying data is unreliable, the experts' used flawed methodology, and the fact that the experts' opinions are irrelevant and untethered to the actual allegations in the case. If the City's motions are successful, Plaintiffs' *Monell* claim will fail because it is entirely dependent on these three experts.

6. The Court granted Plaintiff's motion to set the summary judgment schedule in part. While the Court declined to resolve the *Daubert* motions in advance of summary judgment, the Court nevertheless set a schedule that accounted for the time Defendants needed to depose Plaintiff's rebuttal experts. (ECF 436). At the time of Plaintiff's motion, Defendants had until August 14, 2023 to depose Plaintiff's rebuttal experts. (ECF 434). The Court ordered the parties to file any summary judgment motions by September 1, 2023. (ECF 436).

7. On July 26, 2023, Defendants then moved to extend the summary judgment schedule due, in part, to personal and professional conflicts in other matters. (ECF 437). Plaintiff did not oppose this motion, and the Court set a revised schedule, granting Defendants until October 6, 2023 to file their motions for summary judgment. (ECF 439).

8.      Since the time of that order, however, Plaintiff has not produced one of their rebuttal experts, Dr. Nancy Steblay, for a deposition.  As discussed above, Dr. Steblay authored an original expert report in this case, and Plaintiff disclosed another report from her rebutting Defendants' expert.  Defendants first put Plaintiff on notice that they intended to take her deposition (as well as the deposition of Plaintiff's other rebuttal expert) in a status report on July 7, 2023.  (ECF 433).  By July 20, Plaintiff still had not provided dates for her deposition.  In fact, Plaintiff did not offer any date until July 31, and then only offered only one date, August 4, which was merely four days away.  Defendants could not make that date work on such short notice.  After additional email exchanges regarding scheduling, Plaintiff offered dates at the end of August.  Defendants agreed to conduct the deposition on August 28th because Plaintiff's counsel indicated that the deposition could not proceed on any date in September due to a trial occurring during that time in another matter.

9.      Even though the parties had several exchanges regarding the scheduling of the deposition, and even though Defendants memorialized their intention to depose Dr. Steblay in a status report as early as July 7th, Plaintiff raised for the first time the week before the scheduled deposition that Defendants should not be permitted to depose Dr. Steblay for the seven hours permitted pursuant to FRCP 30 because Defendants already deposed her regarding her original export report.[1]  Naturally, Defendants opposed Plaintiff's request to limit the time because Dr. Steblay authored an entirely new expert report.  While her opinions are not true rebuttal (in the sense that they do not respond to new and unanticipated material raised by Defendants' expert),

---

[1] Defendants conducted a consolidated deposition of Dr. Steblay on February 9th and 10th in this case, and three others in which the plaintiffs (all represented by Loevy & Loevy) disclosed Dr Steblay to opine about their eyewitness identification policy claims.  Defendants also deposed her in a fifth case, where Plaintiff disclosed Dr. Steblay for four hours total.  That deposition could not be consolidated with the original four cases because the plaintiff in that case had not yet disclosed Dr. Steblay as an expert by the time the original deposition proceeded.

Plaintiff is attempting to use them as such, and Defendants have not had an opportunity to depose her at all about her rebuttal report. Thus, Defendants should be entitled to seven hours to depose her, just like any witness allowed under the rules.

10. On September 1, 2023, Plaintiff filed his motion to limit the deposition time before Magistrate Judge Weisman. (ECF 446). On the same day, Plaintiff filed a motion for summary judgment before this Court against Defendant Guevara. (ECF 448). Magistrate Judge Weisman ordered the City to respond by September 8, 2023 and set a hearing for September 14, 2023, which is the earliest the parties will receive a ruling on the issue. (ECF 447).

11. Accordingly, Defendants will not be able to schedule Dr. Steblay's deposition until sometime after September 14, 2023. Plaintiff has already indicated that his counsel is unavailable during the month of September, and Defendants already have numerous matters scheduled during the month as well. That means the deposition is not likely to occur until October, which conflicts with the current summary judgment deadline of October 6, 2023.

12. For these reasons, Defendants request the Court order Dr. Steblay's deposition to proceed by October 13, 2023, and extend the summary judgment deadline until October 27, 2023. The City cannot file its *Daubert* motions until it has an opportunity to depose Dr. Steblay about her rebuttal report. Indeed, without deposing her, any arguments to bar opinions would be incomplete. And the City cannot file its motion for summary judgment without completing its *Daubert* motions because Plaintiff's *Monell* theories are so heavily reliant on his experts' testimony.[2] Indeed, in a related case, *Rodriguez v. Guevara*, (2018-cv-7951), involving similar

---

[2] As one example of this, Plaintiff's responses to the City's contention interrogatories regarding *Monell* make explicit that his *Monell* claims are dependent on his experts. For instance, in response to interrogatories requesting each theory of *Monell* liability Plaintiff intends to pursue and the complete factual basis and evidence upon which Plaintiff will rely to establish how such theory amounts to a "policy" pursuant to *Monell*, Plaintiff objected that the parties had not yet completed expert discovery, and stated that the requests were premature to the extent they called for "quintessentially expert opinions"

allegations against the City and where the plaintiff is represented by the same counsel here, the Plaintiff conceded that he will rely on his experts' opinions in effort to defeat the City's motion for summary judgment. (*Rodriguez*, ECF 219).

13.     While Dr. Steblay's opinions do not directly relate to the claims against the Defendant Officers, the City's motion for summary judgment is dependent on the Defendant Officers' motion because the *Monell* claim is dependent on Plaintiff first establishing a constitutional violation as a result of the officers' conduct. Accordingly, Defendants request the Court extend the deadlines for all Defendants' motions.

14.     In addition, Defendant Guevara requests additional time to file his response to Plaintiff's motion for summary judgment. Defendant Guevara anticipated that Plaintiff would file on October 6, 2023, as that was the date the Court extended the deadline for Defendants' motion for summary judgment. Counsel for Guevara also has a trial during the month of September. Accordingly, Defendant Guevara requests this Court enter a briefing schedule that puts his response to Plaintiff's motion on the same track as Defendants' motions, such that his response to Plaintiff's motion for summary judgment would be due on the same date as Plaintiff's response to Defendants' motions for summary judgment.

15.     Defendants have conferred with Plaintiff who objects to this motion and requested Defendants include their position here:

> Plaintiff objects to any further extension of the summary judgment briefing schedule. Dr. Steblay's deposition on her rebuttal report cannot possibly have any impact on summary judgment briefing, given that it is a rebuttal report, offering rebuttal evidence for trial, and therefore cannot *resolve* any material dispute of fact. If anything, Dr. Steblay's rebuttal report introduces additional material disputes of fact precluding

---

that were propounded before Plaintiff's expert disclosures. Therefore, conceding that his *Monell* claims are reliant on his experts' opinions. Indeed, Plaintiff made that objection for nearly all 25 contention interrogatories targeted at the basis for Plaintiff's *Monell* claim. *See* Exhibit 1, Plaintiff's Response to Defendant City's Interrogatories.

summary judgment. Therefore, we do not see Defendants' refusal to agree to a reasonable time for Dr. Steblay's deposition and the attendant postponement of that deposition as a good reason to further delay the summary judgment briefing schedule. Moreover, we do not agree to an extension of Defendant Guevara's response, given that Dr. Steblay's report has nothing to do with the issues raised in Plaintiff's motion for summary judgment against Defendant Guevara.

16.     Plaintiff's concern does not consider the fact that Plaintiff failed to raise the issue of the length of Dr. Steblay's deposition much earlier, such that the issue could have been resolved with enough time for Defendants to complete her deposition and still meet the Court's summary judgment deadline. Plaintiff's response also fails to acknowledge the fact that the City needs to complete Dr. Steblay's deposition to complete its *Daubert* motions, which are the foundation of their summary judgment motions.

WHEREFORE, Defendants respectfully request this Court grant their motion for an extension of time and enter an order requiring Plaintiff to produce Dr. Steblay for a deposition by October 13, 2023 and extend the deadline to October 27, 2023 for all Defendants to file their summary judgment motions and for the City to file its *Daubert* motions regarding Plaintiff's *Monell* claims, and an order granting Defendant Guevara until the date Plaintiff responds to Defendants' summary judgment motions, such that the motions are on the same scheduling track.

Date:  September 8, 2023                    Respectfully submitted,

by: /s/ Eileen E. Rosen                     /s/ Josh M. Engquist
Eileen E. Rosen                             Caroline Golden
Special Assistant Corporation Counsel       Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*  *One of the Attorneys for Defendant Officers*

Eileen E. Rosen                             James G. Sotos
Catherine M. Barber                         Josh M. Engquist
Theresa B. Carney                           Jeffrey R. Kivetz
Austin G. Rahe                              David A. Brueggen
Rock Fusco & Connelly, LLC                  Special Assistant Corporation Counsel
333 W. Wacker, 19th Floor                   The Sotos Law Firm, P.C.
Chicago, Illinois 60606                     141 W. Jackson, Suite 1240A
(312) 474-1000                              Chicago, Illinois 60604

erosen@rfclaw.com

/s/ James V. Daffada
James V. Daffada
Special Assistant Corporation Counsel
*One of the Attorneys for Reynaldo Guevara*

Thomas M. Leinenweber
James V. Daffada
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 200
Chicago, Illinois 60602
(847) 251-4091
jim@ilesq.com

(630) 735-3300
jengquist@sotoslaw.com