# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS SIERRA**, | No. 18 C 3029 |
| Plaintiff, | Hon. John R. Blakey, District Judge |
| v. | |
| **REYNALDO GUEVARA,** et al., | Hon. M. David Weisman, Magistrate Judge |
| Defendants. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE SUMMARY JUDGEMENT SCHEDULE

Plaintiff THOMAS SIERRA, by his attorneys, responds in opposition to Defendants' motion to further extend the summary judgment deadlines in this case, stating as follows:

### INTRODUCTION

This Court should not further extend the summary judgment deadlines in this case. This case is more than five years old. Plaintiff deserves the trial that is inevitable as soon as possible. Plaintiff explains the procedural background of this litigation, before discussing why summary judgment is a waste of the parties' time and resources, and the reasons that, in any event, the deposition of one of Sierra's experts about her rebuttal opinions is not a reason for delay.

### DISCUSSION

**I.  A Trial Will Take Place and It Should Take Place As Soon As Possible**

On January 9, 2018, Thomas Sierra's wrongful conviction for the murder of Noel Andjuar was vacated with the agreement of the Cook County State's Attorney. On February 10, 2022, he was awarded a certificate of innocence. Five and a half years ago, on April 30, 2018,

Sierra filed this civil rights lawsuit, alleging that the Chicago Police Officer Defendants violated his constitutional rights by fabricating and suppressing evidence, among other things. Dkt. 1.

Since then, the parties have been engaged in protracted discovery—the 450 docket entries before trial reflect the war of attrition. During that time, the City of Chicago has expended more than $2,100,000 on defense attorneys' fees alone. Plaintiff's attorneys' fees and expenses are in the multiple millions of dollars as well. Reasonable settlement demands sent by the Plaintiff in the case have been rejected without any offer from the Defendants.

To what end? A trial in this case is guaranteed. And the Defendants' prospects of success at trial are dismal. As explained in Plaintiff's recently filed motion for summary judgment, only two witnesses ever purportedly implicated Sierra in the crime of which he was wrongly convicted. Dkt. 448. No other evidence suggested he was involved. *Id.* One of those two witnesses (Jose Melendez) has always maintained that Defendant Guevara fabricated his identifications of Sierra. *Id.* The other (Alberto Rodriguez) refused to testify in this civil case and was held in criminal contempt. Exhibit A, *Sierra v. Guevara*, No. 4:22-mc-13-DPM-JJV, Dkt. 36 (E.D. Ark. Nov. 9, 2022). Defendants Guevara and Halvorsen have pleaded their Fifth Amendment right not to incriminate themselves in response to all questions about their investigation and prosecution of Sierra. All of the evidence supports Sierra's claims that he was framed; nothing supports any defense that the individual Defendants might mount.

For the City's part, Sierra brings *Monell* claims regarding the City's practices of suppressing evidence, conducting improper identification procedures, and failing to train and supervise its police officers that the City has recently lost in a nearly identical Guevara case, *Rivera v. Guevara*, No. 12 C 4428, Dkt. 678 (N.D. Ill. Aug. 3, 2018), and in *Fields v. City of Chicago*, 2017 WL 4553422, at *3-4 (N.D. Ill. Oct. 12, 2017), which the Seventh Circuit

affirmed, *Fields v. City of Chicago*, 981 F.3d 534, 561-63 (7th Cir. 2020). Other courts in this district have concluded that such verdicts preclude the City from relitigating these *Monell* theories in future trials. *Kluppelberg v. Burge*, No. 13 C 3963, Dkt. 636 (N.D. Ill.). The City may ultimately be precluded here as well, but without a shadow of a doubt the claims against the City involve deep factual disputes and certainly will be tried, and Sierra's evidence supporting those claims is incontrovertibly strong.

Yet, Thomas Sierra, who served more than two decades in prison for a crime he did not commit before securing his freedom, waits patiently but seemingly endlessly for a trial to adjudicate whether he is entitled to compensation for the extreme harm he has suffered.

## II. Summary Judgment Would Be A Waste of Time and Resources

On July 12, 2023, this Court set September 1, 2023, as the deadline for the parties to file motions for summary judgment. Dkt. 436. On July 31, 2023, this Court moved the Defendants' deadline to file motions for summary judgment to October 6, 2023. Dkt. 439. The Defendants now move for an additional extension, to October 27, 2023, to file their motions, and an extension to the same date for Defendant Guevara's response to Plaintiff's pending motion for partial summary judgment. Dkt. 450.

Given, the Court's September 1 deadline, Sierra recently filed a motion for partial summary judgment against Defendant Guevara on part of his due process theories. Dkt. 448. But summary judgment in this case is an extreme waste of the Court's and the parties' time and resources. As discussed, there will be a trial in this case. The Defendants have no prospect at summary judgment, and many of them—especially those pleading the Fifth—have no non-frivolous argument for summary judgment, within the meaning of Federal Rule of Civil Procedure 11. The City may be precluded from re-litigating its liability by recent verdicts against

3

it, and the fact that there have been multiple trials recently against the City on precisely the same *Monell* theories belies any contention the City might make that it is entitled to judgment before trial. In such a situation, it makes far more sense to set a trial date, litigate evidentiary disputes before trial, and then use Rule 50 to limit any claims on which a party contends there is not sufficient evidence to reach a jury.

That is why on August 21, 2023, Sierra proposed to the Defendants that they discuss narrowing the issues for trial, in an attempt to reach an agreement that avoids wasting additional time and resources briefing summary judgment motions. Exhibit B, Letter from Sierra to Defendants, August 21, 2023. After filing his summary judgment brief pursuant to the Court's September 1 deadline, Sierra reiterated to the Defendants that his offer still stands, and that he would withdraw his motion if agreement could be reached. Sierra is still awaiting Defendants' response to his proposal.

**III.     There Is Certainly No Basis to Further Extend the Summary Judgment Deadlines**

Regardless of the result of the parties' discussions about avoiding summary judgment, there is no basis to extend the deadlines currently in place. Fact discovery in this case closed in May of 2022, *more than 15 months ago*. Defendants have had all the time in the world to prepare a summary judgment brief, if they really thought there were a viable path.

As the reason for further delay, the Defendants point only to the upcoming and second (or third) deposition of Dr. Nancy Steblay, about which the parties have a pending dispute regarding appropriate length. *See* Dkts. 446, 447. But Dr. Steblay's deposition cannot possibly have any effect on summary judgment arguments for or against any party.

First, Dr. Steblay's second deposition concerns her report disclosed *in rebuttal* to one of the Defendants' experts, and rebuttal evidence cannot ever establish the *absence* of a dispute for

4

trial. Second, and similarly, Defendants questions to an expert about a disclosed opinion will not resolve disputed facts—if anything they will create additional disputes of fact. Third, Dr. Steblay offers an opinion about the City's practices of conducting unduly suggestive identification procedures, and so her opinions have nothing to do with Sierra's claims against any of the other Defendants. Fourth, Dr. Steblay's opinions in this case are the same that led to the verdict against the City on the unduly suggestive identification *Monell* claim in *Rivera*, and so any suggestion that a deposition of her might help avoid a trial does not hold water. Fifth, Dr. Steblay has already sat for a total of 18 hours of depositions in this case and related cases, and so the argument that the Defendants do not have the evidence they need from her to proceed with briefing summary judgment does not pass the straight-face test.

## CONCLUSIONS

For all of these reasons, this Court should deny Defendants' motion for an additional extension of the summary judgment deadlines. In addition, Sierra's counsel stands ready to discuss the broader issues regarding summary judgment, discussed above, either before or after the parties' conferral on those issues is complete, as the Court sees fit.

RESPECTFULLY SUBMITTED,

/s/ Steve Art
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
Isabella Aguilar
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

5

## **CERTIFICATE OF SERVICE**

      I, Steve Art, an attorney, hereby certify that on September 8, 2023, I caused the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE SUMMARY JUDGEMENT SCHEDULE to be filed using the Court's CM/ECF system, which served the documents on all counsel of record.

                                          /s/ Steve Art
                                          *One of Plaintiff's Attorneys*