# EXHIBIT B

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

August 21, 2023

*Via Email*

| | |
|---|---|
| Eileen Rosen | Jim Sotos |
| Theresa Carney | Josh Engquist |
| Catherine Barber | Caroline Golden |
| Rock Fusco & Connelly, LLC | The Sotos Law Firm, P.C.. |
| 321 N. Clark Street, Suite 2200 | 550 E. Devon Ave., Suite 150 |
| Chicago, Illinois 60654 | Itasca, IL 60143 |

Thomas Leinenweber
Jim Daffada
Leinenweber Baroni & Daffada, LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60602

  Re: *Sierra v. Guevara, et al.*, No. 18 C 3029 (N.D. Ill.)

Dear Counsel,

  The Court has set a briefing schedule for summary judgment in the above-captioned matter. Before the parties' waste considerable resources briefing and filing summary judgment motions, we write regarding Plaintiff's position on those motions.

  In Plaintiff's view, there is no basis for any Defendant to seek summary judgment in this matter, given the numerous factual disputes on nearly every issue. Indeed, any summary judgment motion by Defendant Guevara or Defendant Halvorsen would be frivolous, and Plaintiff would invoke Rule 11 procedures if either of these Defendants files such a motion.

  Defendants Wojcik and McMurray also cannot avoid a trial. They were the first two detectives to interview the eyewitnesses Rodriguez and Melendez, but they failed to document critical exculpatory information that these witnesses provided, including that Melendez did not see the shooter and could not make an identification. In addition, substantial evidence also supports that these two Defendants are authors of the fabricated cleared-closed report, in which Defendants included information they all knew to be false, and from which they withheld exculpatory and impeaching information that would have fatally undermined the witnesses, including Defendants, who were called against Plaintiff during his criminal trial.

As a result, there necessarily will be a trial in this case, and there is no reason for the parties to engage in extensive and costly summary judgment briefing. Instead, the parties' disputes about the claims should be resolved at trial. Plaintiff intends to file a motion with the Court setting forth Plaintiff's position that summary judgment briefing is not warranted and asking the Court to set the case for trial.

In advance of that filing, Plaintiff is willing to discuss dismissing his claims against certain defendants and in so doing streamlining his claims. In particular, Plaintiff is willing to dismiss his claims against Defendants Mingey, Biebel, and Figueroa, subject to certain non-monetary conditions (such as their attendance at trial, etc.), if the remaining Defendants, including the City of Chicago, agree that they will not move for summary judgment in this case.

Such an agreement is in the individual Defendants' best interests. Defendants Mingey and Biebel are each unlikely to obtain summary judgment, and therefore they face significant risk of liability at trial. Defendants Biebel and Mingey were the supervisors who approved each of the key fabricated reports, and as Defendants know, supervisors have been previously found liable by juries, and assessed punitive damages, for their role in Defendant Guevara's misconduct (*e.g.*, Sergeant Edward Mingey in *Rivera*). Defendant Figueroa also cannot escape liability given his role in helping Defendants Guevara and Halvorsen prepare the suggestive, all-suspect photo array from which Plaintiff Sierra was falsely identified.

The agreement is in the City's interest as well. Any attempt by the City to file for summary judgment would be baseless. Plaintiff is pursuing tried and true *Monell* theories in this case: (1) that the City had a policy and practice of suppressing investigative information in police files; (2) that the City had a policy and practice of conducting suggestive eyewitness identification procedures; and (3) that the City had a policy and practice of failing to supervise and discipline police officers who engage in misconduct, and concealing such misconduct through a code of silence. At minimum, there are disputes of fact—including but not limited to battles between experts—that preclude summary judgment on these *Monell* theories, as there were when summary judgment was denied on the same theories in *Fields v. City of Chicago* and *Rivera v. Guevara*, among other cases.[1]

---

[1] To the extent that the City hopes to obtain summary judgment based on *Daubert* challenges to Plaintiff's experts, there is plenty of non-expert evidence supporting the claims—including 30(b)(6) depositions of the City, depositions of the individual Defendants, the City's own homicide files, and evidence from numerous other Guevara-related exonerations. Moreover, the City has attempted *Daubert* challenges to almost identical expert opinions in the past, and it has failed in each instance, including in *Fields v. City of*

But the City faces a bigger risk: Plaintiff intends to file a motion to preclude the City from re-trying the *Monell* claims in this case. Having lost these same *Monell* claims in past jury trials before, the City faces the very real prospect of losing that motion to apply claim and issue preclusion, which would prevent the City from even litigating the *Monell* issues again in this case. As in *Kluppelberg v. City of Chicago*, the Court here has ample basis to grant Plaintiff's motion and to find that the City is precluded from contesting that it had a policy of concealing investigative materials in its police files. *See Kluppelberg*, No. 1:13 Civ. 3963, Dkt. 636 (N.D. Ill.). In *Kluppelberg*, Judge Lefkow relied on the *Monell* verdict against the City in *Fields*. Since then, Jacques Rivera won a second jury verdict on the same theory in *Rivera*, which concerned the same Defendant officers as in this case, from the same Area, working under to the same City policies. Put simply, the case for applying preclusion has only gotten stronger over time.

If we ultimately are unable to reach the agreement outlined above to avoid summary judgment and schedule a trial, Plaintiff intends to move to apply claim and issue preclusion on certain *Monell* claims against the City. If, however, Defendants agree to skip summary judgment, Plaintiff will not only forego that motion, Plaintiff will also agree to dismiss his *Monell* theory based on the City's failure to supervise and discipline.

Moreover, if we do not reach agreement, Plaintiff intends to move for summary judgment on his claims against Defendants Guevara and Halvorsen for their fabrication and suppression of evidence relating to eyewitness Jose Melendez's identifications. In the face of Melendez's clear and repeated testimony that Defendants fabricated this evidence, Defendants Guevara and Halvorsen have pleaded the Fifth. Plaintiff has a considerable chance of securing summary judgment against these Defendants on these claims. If we do reach agreement, Plaintiff will not file his own motion for summary judgment.

We look forward to conferring with you on this proposal. Please let us know times you are available to discuss the proposal this week. We intend to file a motion with the Court regarding out position set forth above by August 28, 2023.

    Sincerely,

    /s/ Anand Swaminathan
    /s/ Steve Art

---

*Chicago* and *Rivera v. City of Chicago*. Certainly, to the extent *Daubert* challenges are to be raised, that briefing should occur at the *motion in limine* stage and not at summary judgment.