# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS SIERRA**, <br><br> Plaintiff, <br><br> v. <br><br> **REYNALDO GUEVARA,** et al., <br><br> Defendants. | No. 18 C 3029 <br><br> Hon. John R. Blakey, <br> District Judge <br><br> Hon. M. David Weisman, <br> Magistrate Judge |

## JOINT STATUS REPORT

The parties, by their respective attorneys, in response to the Court's order, Dkt. 464, respectfully provide the following joint status report:

1.  The parties have different views regarding the propriety of and schedule for summary judgment motions, and they set out their different positions:

### PLAINTIFF'S POSITION

2.  This case was filed more than five years ago, on April 30, 2018. Dkt. 1.

3.  Fact discovery closed more than a year ago, on August 19, 2022.

4.  Expert discovery followed, with Plaintiff disclosing experts on September 16, 2022, Defendants disclosing experts on March 24, 2023, and Plaintiff disclosing rebuttal experts on July 3, 2023. The final deposition of one of Plaintiff's rebuttal experts took place on November 9, 2023.

5.  On July 26, 2023, Plaintiff asked the Court to set a briefing schedule for summary judgment, Dkt. 435, and the Court ordered that, "[t]o the extent the parties have a good faith

basis to seek summary judgment, they may file any such motions by 9/1/23; responses shall be filed by 9/29/23; and replies by 10/13/23." Dkt. 436.

6. On the same day, with Plaintiff's agreement, Defendants filed a motion to modify that briefing schedule "due to defense counsels' professional obligations in other legal matters, as well as personal obligations." Dkt. 437. The Court granted that motion, setting October 6, 2023, as the date for Defendants to file motions for summary judgment, November 6, 2023 for response briefs, and November 20, 2023 for replies. *Id.*

7. On September 1, 2023, Plaintiff filed a motion for partial summary judgment against Defendant Guevara. Dkts. 448, 449.

8. On September 8, 2023, Defendants filed a motion to extend their deadline for summary judgment motions from October 6 to October 27, 2023. Dkt. 450.

9. Plaintiff opposed that motion on the ground that none of Defendants have a non-frivolous basis to seek summary judgment in this matter; that motions for summary judgment would therefore be a waste of the Court's and the parties' time and resources; and that the case is more efficiently resolved at trial. Dkt. 452. In addition, Plaintiff noted that, on August 21, 2023, he had offered Defendants a chance to substantially narrow the claims by proposing to voluntarily dismiss certain claims and Defendants in advance of trial in exchange for Defendants' agreement to proceed directly to trial, but that Defendants had never responded to that offer. *Id.*

10. A hearing on Defendants' motion took place on September 13, 2023, in which Defendants suggested that a settlement conference would be beneficial. Dkt. 455. The Court struck the summary judgment schedule and denied without prejudice Plaintiff's partial motion for summary judgment. *Id.*

11. The settlement conference took place on November 15, 2023, and did not resolve the case. Dkt. 463.

12. Plaintiff's position is that this Court should set a trial date and resolve this case at trial. As expressed in detail in Plaintiff's submission of September 8, 2023, Dkt. 452, attached here as Exhibit A, a trial in this case will certainly occur because summary judgment is not realistically available to any of the Defendants (two of whom have pleaded the Fifth in response to all questions about their conduct in this case), and as a result briefing and deciding cross-motions for summary judgment will waste the Court's and the parties' time and financial resources. Any party who believes that the evidence is insufficient on a particular claim to reach the jury can of course file a Rule 50 motion at trial.

13. Avoiding costly summary judgment is particularly appropriate where Plaintiff has proposed, and remains willing to, substantially narrow his meritorious claims in order to proceed directly to trial. In prior correspondence, Plaintiff informed Defendants that, if the parties agreed not to file motions for summary judgment, Plaintiff would (a) dismiss Defendants Biebel, Mingey, and Figueroa, (b) dismiss Plaintiff's *Monell* theory based on a failure to supervise and discipline Chicago police officers, (c) forego moving for partial summary judgment on certain claims, and (d) forego moving to preclude the City of Chicago from relitigating *Monell* theories already decided against it at recent jury trials. Exhibit B (August 21, 2023 correspondence). Defendants still have never responded to Plaintiff's proposal.

14. To the extent that the Court wishes to set a summary judgment schedule, Plaintiff proposes the following schedule: cross-motions for summary judgment due on December 8, 2023, responses due on January 19, 2024, and replies due on February 2, 2024.

15. Fact discovery has been closed and Plaintiff disclosed experts more than a year ago. Plaintiff already filed a partial motion for summary judgment, and Defendants already had deadlines in this case to file summary judgment motions by September 1, then by October 6, and then by October 27, 2023. Based on those previous extensions, any suggestion that Defendants need significantly more time to prepare their motions is without merit, particularly given that Defendants cannot possibly have a good faith basis to file anything but the most narrow motion for summary judgment.

16. Finally, Defendants' suggestion that they have other litigation that demands their attention before this case should be rejected. Of the other matters that Defendants list, each one was filed more recently than this one. Regardless, Defendants' request would severely prejudice Plaintiff Sierra: he requested a summary judgment briefing schedule more than four months ago, the Court's deadline has been extended multiple times already at Defendants' request, and Defendants' latest request would result in months more of additional delay. Moreover, nearly all of the professional commitments Defendants cite are cases in which Plaintiff's counsel are also involved and face the same litigation demands.

## DEFENDANTS' POSITION

17. Defendants require 60 days in order to file their summary judgment motion and accompanying *Daubert* motions. Simply put, it is not possible to complete a summary judgment on a complicated reversed conviction case tackling nuanced constitutional issues in two weeks, as Plaintiff suggests. While Defendants were diligent in preparing their summary judgment motion under the previous briefing schedule (which Plaintiff requested briefing on even before expert discovery closed), that was upended due to the mutual agreement to proceed forward with a settlement conference. Further, Defendants could not have completed their summary judgment

4

motion until the November 9th deposition of the final *Monell* expert, which served as one of the primary reasons for the previous summary judgment briefing extensions (s*ee* dkt. 450). Defendants expected that the parties would seriously undertake reaching a settlement. As such, Defendants did not intend to waste a significant amount of time, resources and expense (to the detriment of the taxpayers) on continuing to prepare the summary judgment motion while the potential for a settlement existed. Unfortunately, the settlement efforts were unsuccessful and now Defendants are left with no choice but to move forward with summary judgment, which contrary to Plaintiff's suggestion is fully merited and is not impacted by Defendant Guevara's assertion of the Fifth Amendment (or Defendant Halvorsen's previous assertion of the Fifth Amendment in a separate case that was later withdrawn and never asserted in this instant matter). And while Plaintiff has offered to narrow the claims, that deal is unfeasible given it would prevent other Defendants from seeking a potentially dispositive motion. Moreover, defense counsel (as well as Plaintiff's counsel) have looming deadlines in other Guevara related cases, as well as other professional (and personal) commitments over the next couple months, including summary judgment due in several other large reversed conviction cases: *Savory v. Cannon*, 23-cv-1184 (CDIL) due on 12/31; *Rios v. Guevara* 22-cv-3973 (NDIL) response to Plaintiff's motion for partial summary judgment due 1/26; *Johnson v. Guevara* 20-cv- 45156 (NDIL) due on 1/31; *Rodriguez v. Guevara*, 18-cv-7951 (NDIL) due on 2/16. Additionally, because Plaintiff's *Monell* claim is almost completely reliant on his four *Monell* experts and all are, in Defendants' view, susceptible to *Daubert* challenges, those motions must also be prepared to be considered by the court in assessing the City's summary judgment on Plaintiff's *Monell* claim. Beyond that, Defendants need time built into the schedule to provide their clients with an opportunity to review, analyze, and provide input on the summary judgment motion.

Accordingly, Defendants seek to file their joint summary judgment motion and accompanying Daubert motions on January 26, 2024, responses to summary judgment due on February 25, 2024, and replies to be filed on March 26, 2024.

RESPECTFULLY SUBMITTED,

/s/ Steve Art
*One of Plaintiff's Attorneys*
Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

| | |
|---|---|
| /s/ Eileen E. Rosen | /s/ Josh M. Engquist |
| Eileen E. Rosen | Josh M. Engquist |
| Special Assistant Corporation Counsel | Special Assistant Corporation Counsel |
| *One of the Attorneys for City of Chicago* | *One of the Attorneys for Defendant Officers* |
| Eileen E. Rosen | James G. Sotos |
| Catherine M. Barber | Josh M. Engquist |
| Theresa B. Carney | Jeffrey R. Kivetz |
| Austin G. Rahe | David A. Brueggen |
| Rock Fusco & Connelly, LLC | Special Assistant Corporation Counsel |
| 333 W. Wacker, 19th Floor | The Sotos Law Firm, P.C. |
| Chicago, Illinois 60606 | 141 W. Jackson, Suite 1240A |
| (312) 474-1000 | Chicago, Illinois 60604 |
| erosen@rfclaw.com | (630) 735-3300 |
| | jengquist@sotoslaw.com |

/s/ James V. Daffada

James V. Daffada
Special Assistant Corporation Counsel
*One of the Attorneys for Reynaldo Guevara*

Thomas M. Leinenweber
James V. Daffada

Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 200
Chicago, Illinois 60602
(847) 251-4091
jim@ilesq.com

**CERTIFICATE OF SERVICE**

   I, Steve Art, an attorney, hereby certify that on November 27, 2023, I caused the foregoing JOINT STATUS REPORT to be filed using the Court's CM/ECF system, which served the documents on all counsel of record.

                /s/ Steve Art
                *One of Plaintiff's Attorneys*

8