THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | Case No. 18 CV 3029 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | Judge John Robert Blakey |
| HALVORSEN, ANTHONY WOJCIK, JOHN | ) | |
| McMURRAY, GEORGE FIGUEROA, | ) | |
| EDWARD MINGEY, ROBERT BIEBEL, | ) | |
| FRANCIS CAPPITELLI, UNKNOWN | ) | **JURY TRIAL DEMANDED** |
| EMPLOYEES OF THE CITY OF | ) | |
| CHICAGO, and the CITY OF CHICAGO, | ) | |
| Illinois, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANT GUEVARA'S MOTION TO JOIN DEFENDANT OFFICERS' LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT GUEVARA'S MOTION FOR SUMMARY JUDGMENT.**

**I.    Introduction**

Plaintiff, Thomas Sierra, filed suit against Reynaldo Guevara, other former Chicago Police Officers (Ernest Halvorsen, Anthony Wojcik, John McMurray, George Figueroa, Edward Mingey, Robert Biebel, and Francis Cappitelli) ("Defendant Officers"), and the City of Chicago, alleging violations of his constitutional rights under 42 U.S.C. §1983 and of state law (R.185). There are eight Counts alleged against Defendant Guevara:

    Count I – Fourteenth Amendment Due Process
    Count II – Fourth Amendment Unlawful Detention
    Count III – Federal Failure to Intervene
    Count IV – Federal Conspiracy

1

      Count VI – State Law Malicious Prosecution
      Count VII – State Law Intentional Infliction of Emotional Harm
      Count VIII – State Law Willful and Wanton Conduct
      Count IX – State Law Conspiracy

The Co-Defendant Officers moved for summary judgment, filing a Memorandum of Law in Support of Motion for Summary Judgment ("Memorandum") (R. 471 (motion) and R. 478 (memorandum of law) and a Local Rule 56.1 Statement of Uncontested Facts (R. 479).

## II. Memorandum's Introduction, Summary of Material Facts, and Legal Standard Sections

Guevara moves to join in their entirety the Sections of the Memorandum entitled, "Introduction," "Summary of Material Facts," and "Legal Standard." (R. 478, pp. 1-17).

## III. Memorandum's Argument Section

Guevara moves to join, in part, the "Argument" Section of Defendant Officers' Memorandum. The arguments that he joins demonstrate that he is entitled to summary judgment on all but one aspect of Sierra's fabrication claim.

### A. Defendant Guevara Is Entitled to Partial Summary Judgment on Plaintiff's Fourteenth Amendment Due Process Claim (Count I).

Sierra brings three types of due process claims in Count I: a fabrication claim, a *Brady* claim, and an unduly suggestive identification claim. He presents several theories of liability for each type of claim. Guevara is entitled to summary judgment on all

2

theories of liability except the claim that Guevara fabricated his initial identification of the car and its occupants, and Jose Melendez's identifications of Sierra and the offending vehicle. Guevara moves to join the following parts of the "Argument" Section that demonstrate that he is entitled to summary judgment on the following due process theories.

### i. Fabrication of evidence (Part I):

I. Setting forth the legal standard of a fabrication claim;
I.b. "Rodriguez's identifications of Sierra and Montanez's Buick Park Avenue were not fabricated."
I.c. "Police reports that documented the identification procedures and summarized the victims/witnesses' statements were not introduced at trial."
I.d. "Neither Montanez nor Montalvo's statements were introduced at Sierra's trial."
I.e. "Sierra's claim that Halvorsen and Guevara fabricated a report of seeing Junito (Sierra) in a dark color Buick Park Ave. three days before the Andujar murder cannot survive."

### ii. *Brady* (Part II):

II. Setting forth the legal standard for a *Brady* claim
II.a. "Claims for fabrication of evidence, suggestive identification procedures and coercion of witnesses cannot be recast as independent *Brady* claims." **except** for the personal involvement paragraph at 28 (starting, "Second …")
II.b. "Alternatively, Sierra cannot establish materiality or that Defendants concealed evidence."
II.c. "There is no Brady claim based on alleged suppression of generic non-descript evidence, "street files," or notes."

### iii. Unduly suggestive identifications (Part III):

III.a. "An Unduly Suggestive Procedures Claim Is Not Cognizable Under § 1983."

...

- III.b.  Setting forth legal standard.
- III.b.1. "Rodriguez's identification procedures were not unduly suggestive."
- III.b.2. "Alternatively, Rodriguez's identifications were sufficiently reliable to overcome any taint."
- III.c.  "Alternatively, Defendants are entitled to qualified immunity."

**B. Guevara Is Entitled to Summary Judgment on Sierra's Remaining Counts Against Him.**

Guevara joins in full parts IV, VI, VII, and VIII of the Defendant Officers' Argument section, that demonstrates that the remaining Counts against him fail. Those Counts are as follows:

Count II – Fourth Amendment Unlawful Detention
Count III – Federal Failure to Intervene
Count IV – Federal Conspiracy
Count VI – State Law Malicious Prosecution
Count VII – State Law Intentional Infliction of Emotional Harm
Count VIII – State Law Willful and Wanton Conduct
Count IX – State Law Conspiracy

Thus, like the other Defendant Officers, Guevara is entitled to summary judgment on these remaining seven Counts.

**C. Guevara Raises the Following In Support of His Motion for Summary Judgment.**

IV. Conclusion

WHEREFORE, for the foregoing reasons, Defendants request that the Court grant Guevara's motion to join Defendant Officers' Local Rule 56.1 Statement of Uncontested Facts in its entirety and Sections of their Memorandum as detailed above. Guevara also requests this Court enter summary judgment in favor of Defendant Guevara on all claims,

except the claim that Guevara fabricated his initial identification of the car and its occupants, and Jose Melendez's identifications of Sierra and the offending vehicle.

Respectfully submitted,

*/s/ Gabrielle R. Sansonetti*
Gabrielle R. Sansonetti

Thomas More Leinenweber
James Daffada
Gabrielle R. Sansonetti
LEINWEBER, DAFFADA & SANSONETTI
120 N. LaSalle Suite 2000
Chicago, Illinois 60602
773-716-6117 (m)
thomas@ilesq.com
gabrielle@ilesq.com