# Exhibit NNN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GERALDO IGLESIAS, | ) | |
| | ) | Case No. 19-cv-6508 |
| *Plaintiff*, | ) | |
| | ) | Judge Franklin U. Valderrama |
| *v.* | ) | |
| | ) | Magistrate Judge Maria Valdez |
| REYNALDO GUEVARA, the ESTATE of | ) | |
| ERNEST HALVERSON, STEVE GAWRYS, | ) | |
| ANTHONY RICCIO, ROBERT BIEBEL, | ) | |
| and the CITY OF CHICAGO | ) | |
| | ) | JURY TRIAL DEMANDED |
| *Defendants*. | ) | |

# EXHIBIT 41

## *Fields* Final Jury Instructions

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **NATHSON FIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10 C 1168** |
| | ) | |
| **CITY OF CHICAGO,** | ) | |
| **DAVID O'CALLAGHAN,** | ) | |
| **and JOSEPH MURPHY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>INSTRUCTIONS TO THE JURY</u>

Date:  December 19, 2016

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially.  Each party to the case is entitled to the same fair consideration.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

1

The evidence consists of the testimony, the exhibits, and stipulations.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

2

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Case: 1:18-cv-03029 Document #: 511-67 Filed: 03/15/24 Page 7 of 29 PageID #:26048

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

4

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-        the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-        the witness's memory;

-        any interest, bias, or prejudice the witness may have;

-        the witness's intelligence;

-        the manner of the witness while testifying;

-        the reasonableness of the witness's testimony in light of all the evidence in the case; and

-        any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

5

Case: 1:18-cv-03029 Document #: 511-67 Filed: 03/15/24 Page 7 of 29 PageID #:27055

You have heard witnesses who gave opinions about certain subjects. You do not have to accept the testimony of such a witness. You should judge it in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how the witness reached his or her opinions, and the factors I have described for determining the believability of testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses.  You need not accept the testimony of the larger number of witnesses.

**The parties and the claims**

The plaintiff in this case is Nathson Fields.  I will refer to him as the plaintiff.  The defendants in this case are the City of Chicago, and David O'Callaghan and Joseph Murphy, who are current or retired Chicago police officers.  I will refer to them as the defendants.

The plaintiff claims that defendants O'Callaghan and Murphy violated his civil rights, entered into an agreement to violate his civil rights, maliciously caused him to be prosecuted for murder, and intentionally inflicted emotional distress.  As to the City of Chicago, the plaintiff contends that a policy or widespread practice of the City caused a violation of his civil rights.

The defendants deny each of the plaintiff's claims.

You must give separate consideration to each claim and to each defendant.

8

Case: 1:18-cv-03029 Document #: 511-67 Filed: 12/15/16 Page 12 of 29 PageID #:29053

**Preponderance of the evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiff has to prove something by a preponderance of the evidence, I mean that he must prove that the particular proposition is more likely true than not true.

### First claim - violation of due process –
### defendants O'Callaghan and Murphy

The plaintiff's first claim is that defendants O'Callaghan and Murphy violated his constitutional right to due process of law.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove both of the following things by a preponderance of the evidence:

1.    The defendant:

    a.    knowingly concealed from the prosecutor material exculpatory and/or impeachment evidence, and the evidence was not otherwise available to the plaintiff through the exercise of reasonable diligence;

    and/or

    b.    knowingly fabricated or participated in the fabrication of material evidence.

2.    The plaintiff was damaged as a result of the concealment or fabrication.

I will now define some of the terms that I have just used.

"Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged. "Impeachment" evidence is evidence that would undermine the credibility of a prosecution witness who testifies at the criminal trial.

With regard to the plaintiff's 1986 criminal trial, exculpatory or impeachment evidence, or fabricated evidence, is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the case.

With regard to the plaintiff's 2009 criminal trial, exculpatory or impeachment evidence, or fabricated evidence, is considered "material" if there is a reasonable likelihood that it would have altered a reasonable prosecutor's decision to proceed to trial.

**Second claim – agreement to violate due process rights –**
**defendants O'Callaghan and Murphy**

Plaintiff's second claim is that defendants O'Callaghan and Murphy entered into an agreement to deprive him of his right to due process of law by concealing material exculpatory and/or impeachment evidence and/or by fabricating false evidence.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

1.      There was an agreement between two or more persons to conceal material exculpatory and/or impeachment evidence and/or to fabricate false evidence.  The plaintiff must prove that the participants shared this common purpose.  He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details.  He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

2.      The defendant knowingly became a member of the agreement with the intention to carry it out.

3.      One or more of the participants committed an act in an effort to carry out the agreement.

4.      As a result, the plaintiff's due process rights were violated as defined in the first claim.

11

### Third claim – malicious prosecution –
### defendants O'Callaghan and Murphy

The plaintiff's third claim is that defendants O'Callaghan and Murphy maliciously caused him to be prosecuted for murder.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.    The defendant caused a criminal proceeding to be commenced or continued against the plaintiff.

2.    There was no probable cause for the criminal proceeding.  Probable cause existed if, based on the evidence known at the time, a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged.

The fact that the plaintiff was found guilty in 1986 does not, by itself, mean that the defendant had probable cause.  The fact that the plaintiff was found not guilty in 2009 does not, by itself, mean that the defendant did not have probable cause.

3.    The defendant acted with malice.  A person acts with malice in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged.  You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith.

4.    The criminal proceeding was terminated in the plaintiff's favor.  This element has been established in this case.

5.    The plaintiff was damaged as a result of the defendant's actions.

12

**Fourth claim – intentional infliction of emotional distress –
defendants O'Callaghan and Murphy**

The plaintiff's fourth claim is that defendants O'Callaghan and Murphy intentionally caused him emotional distress.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The defendant's conduct was so outrageous in character, and so extreme in degree, that it exceeded the bounds of decency.

2.      The defendant intended to inflict emotional distress on plaintiff or knew there was a high probability that his conduct would do so.

3.      The defendant's conduct caused plaintiff emotional distress so severe that no reasonable person could be expected to endure it.

## Fifth claim – "policy" claim against City of Chicago

The plaintiff's fifth claim is that the City of Chicago had a policy or widespread practice that caused a violation of his right to due process of law.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.      Material exculpatory and/or impeachment evidence in the possession of the Chicago Police Department was concealed from the prosecutor, and the evidence was not otherwise available to the plaintiff through the exercise of reasonable diligence.  The terms "material," "exculpatory," and "impeachment" have the same definitions that I provided in connection with the plaintiff's first claim.

2.      At the time of the concealment, it was the policy of the City of Chicago to conceal material exculpatory and/or impeachment evidence.  The term policy means:

a.      An express policy;

or

b.      A widespread practice that is so permanent and well-settled that it constitutes a custom.  A widespread practice may be a custom even if the City of Chicago has not formally approved it, so long as the plaintiff proves that the Superintendent of Police knew of the practice and allowed it to continue.  This includes a situation where the Superintendent of Police must have known about a subordinate's actions or failure to act by virtue of the Superintendent's position.

or

c.      A decision or policy statement made by the Superintendent of Police. This includes the Superintendent's approval of a decision or policy made by someone else.

14

Case: 1:18-cv-03029 Document #: 511-67 Filed: 12/15/16 Page 18 of 29 PageID #:26059

or

d.      A practice of failing to train or supervise employees.  To establish this, the plaintiff must prove by a preponderance of the evidence:

(i)  Either (A) or (B):

(A)  The City of Chicago's training program was inadequate to train its employees to ensure that exculpatory and impeachment information would be disclosed to prosecutors or pursuant to subpoena;

or

(B)  The City of Chicago failed to adequately supervise its employees to ensure that exculpatory and impeachment information would be disclosed to prosecutors or pursuant to subpoena;

and

(ii)      The City of Chicago knew that more or different training or supervision was needed to avoid the risk that exculpatory or impeachment information would not be disclosed to prosecutors.

3.      The policy as described in paragraph 2 caused the concealment of material exculpatory or impeachment evidence in the plaintiff's criminal case.

4.      The plaintiff was damaged as a result.

**Chicago Police Department regulations**

You have heard evidence about whether Chicago Police Department regulations were complied with.  You may consider this evidence in your deliberations.  But remember that the ultimate question you must decide is whether the plaintiff has proven the claims as I have described them in the preceding instructions, not whether Police Department regulations may have been violated.

## Damages

The plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the plaintiff against one or more of the defendants on one or more of the plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

## Compensatory damages

You are to determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the defendants' wrongful conduct. This is called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following type of compensatory damages:

Any physical, mental or emotional pain and suffering and loss of a normal life that the plaintiff has experienced and is likely to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for any injury he has sustained.

18

## Punitive damages

In addition to compensatory damages, you may, but are not required to, assess punitive damages against any individual defendant (i.e., defendant O'Callaghan or defendant Murphy) that you find liable.  Punitive damages are not available against the City of Chicago.

The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular defendant that you are considering.  You may assess punitive damages against a defendant only if you find that the defendant's conduct was malicious or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the other party. Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects complete indifference to the person's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

  - the reprehensibility of the defendant's conduct;

  - the impact of the defendant's conduct on the plaintiff;

  - the relationship between the plaintiff and the defendant;

19

Case: 1:18-cv-03029 Document #: 511-67 Filed: 12/15/16 Page 23 of 29 PageID #:29109

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Case: 1:18-cv-03029 Document #: 511-67 Filed: 12/15/16 Page 24 of 29 PageID #:29065

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

Case: 1:18-cv-03029 Document #: 511-67 Filed: 12/15/16 Page 26 of 29 PageID #:29205

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, I will read the verdict aloud.

Case: 1:18-cv-03029 Document #: 511-67 Filed: 12/15/16 Page 23 of 29 PageID #:29068

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**VERDICT FORM – Fields v. City of Chicago, et al., Case No. 10 C 1168**

We, the jury, find as follows on the claims of the plaintiff, Nathson Fields, against the

defendants, the City of Chicago, David O'Callaghan and Joseph Murphy:

**1.      First claim – violation of due process:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| David O'Callaghan | _____ | _____ |
| Joseph Murphy | _____ | _____ |

**2.      Second claim – agreement to violate due process rights:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| David O'Callaghan | _____ | _____ |
| Joseph Murphy | _____ | _____ |

**3.      Third claim – malicious prosecution:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| David O'Callaghan | _____ | _____ |
| Joseph Murphy | _____ | _____ |

**4.      Fourth claim – intentional infliction
of emotional distress:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| David O'Callaghan | _____ | _____ |
| Joseph Murphy | _____ | _____ |

**5.      Fifth claim – policy claim against City of Chicago:**

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| City of Chicago | _____ | _____ |

## Compensatory damages
### (to be considered only if you have found
### in favor of plaintiff on one or more of his
### claims against one or more of the defendants)

We, the jury, award the plaintiff, Nathson Fields, compensatory damages in the

amount of $ _____.


## Punitive damages
### (to be considered regarding a particular defendant
### only if you have found in favor of plaintiff against that
### defendant on one or more of plaintiff's claims)

We, the jury, award the plaintiff, Nathson Fields, punitive damages against David

O'Callaghan in the amount of $ _____.

We, the jury, award the plaintiff, Nathson Fields, punitive damages against Joseph

Murphy in the amount of $ _____.



**Please sign and date the form below:**

_____          _____
Presiding juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


Date: _____, 2016
                                    26