# Exhibit SSS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GERALDO IGLESIAS, )<br><br>*Plaintiff*, )<br><br>*v.* )<br><br>REYNALDO GUEVARA, the ESTATE of )<br>ERNEST HALVERSON, STEVE GAWRYS, )<br>ANTHONY RICCIO, ROBERT BIEBEL, )<br>and the CITY OF CHICAGO )<br><br>*Defendants*. ) | Case No. 19-cv-6508<br><br>Judge Franklin U. Valderrama<br><br>Magistrate Judge Maria Valdez<br><br><br><br>JURY TRIAL DEMANDED |

# EXHIBIT 48

## *Rivera* Final Jury Instructions

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

JUN 28 2018

JUDGE JOAN B. GOTTSCHALL

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 C 4428 |
| *Plaintiff,* | ) | |
| | ) | Hon. Joan B. Gottschall, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | JURY TRIAL DEMANDED |

## **JURY INSTRUCTIONS**

1

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, one of the Defendants, City of Chicago, is a municipal corporation. All parties are equal before the law. A municipal corporation is entitled to the same fair consideration that you would give any individual person.

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

### DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the witness's age;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a party before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

You may also consider statements given by a witness under oath before trial as evidence of the truth of what that witness said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to statements given by a witness before trial that were not given under oath, the law is different. If you decide that, before the trial, a witness made a statement that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether the witness's testimony here in court was true and what weight to give his or her testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications and all other evidence in the case.

## DEMONSTRATIVE EXHIBITS

Certain charts, maps, timelines, and summaries have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## MULTIPLE CLAIMS; MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are 4 police officer defendants, it does not necessarily follow that if one is liable, any of the others is also liable.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## THE DEFENDANTS' ASSERTIONS OF THE FIFTH AMENDMENT

In response to questions here, defendants Guevara and Mingey have asserted their Fifth Amendment right not to incriminate themselves.

You may draw an inference against defendants Guevara and Mingey as a result of their decision to invoke their Fifth Amendment right instead of testifying, and you may assume that any response that they might have given to the questions asked would have been unfavorable to them, but you may not find a defendant liable on the basis of silence alone.

## THE PARTIES AND THE CLAIMS

The plaintiff in this case is Jacques Rivera. I will refer to him as the plaintiff.

The defendants in this case are Reynaldo Guevara, Steve Gawrys, Edward Mingey, Gillian McLaughlin, and the City of Chicago. I will refer to them as the defendants.

The plaintiff claims that defendants Guevara, Gawrys, Mingey, and McLaughlin violated his civil rights and entered into an agreement to violate his rights. The plaintiff also claims that defendant Guevara intentionally inflicted emotional distress on him.

As to the City of Chicago, the plaintiff contends that an official policy or widespread practice of the City caused a violation of his civil rights.

The defendants deny each of the plaintiff's claims.

## FIRST CLAIM—VIOLATION OF DUE PROCESS

The plaintiff's first claim is that defendants Guevara, Gawrys, Mingey, and McLaughlin violated his constitutional right to due process of law.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant:

   a. knowingly concealed exculpatory and/or impeachment evidence, and the evidence was not otherwise available to the plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial;

   and/or

   b. knowingly fabricated or participated in the fabrication of evidence.

2. The evidence was material.

3. The plaintiff was damaged as a result.

I will now define some of the terms that I have just used.

"Exculpatory evidence" is evidence that would tend to show that the accused is not guilty of the crime charged.

"Impeachment evidence" is evidence that would undermine the credibility of a prosecution witness.

Evidence is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the criminal case.

## SECOND CLAIM—CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

The plaintiff's second claim is that defendants Guevara, Gawrys, Mingey, and McLaughlin conspired to deprive him of his constitutional rights.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on his conspiracy claim as to the specific defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant joined an agreement between two or more persons to violate the plaintiff's due process right to a fair trial.

2. The defendant knowingly became a member of the agreement with the intention to carry it out.

3. One or more of the participants committed an act in an effort to carry out the agreement.

4. As a result, the plaintiff's constitutional rights were violated.

In order to show that the defendant joined an agreement, the plaintiff must prove that the participants shared a common purpose. The plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

## THIRD CLAIM—FAILURE TO INTERVENE

The plaintiff's third claim is that defendants Guevara, Gawrys, Mingey, and McLaughlin failed to intervene to stop the violation of his constitutional right to due process.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The plaintiff's constitutional rights were violated.

2. The defendant knew that the plaintiff's constitutional rights were being violated or would be violated.

3. The defendant had a realistic opportunity to prevent harm from occurring.

4. The defendant failed to take reasonable steps to prevent harm from occurring.

5. The defendant's failure to act caused the plaintiff to suffer harm.

## FOURTH CLAIM—POLICY CLAIM AGAINST THE CITY OF CHICAGO

The plaintiff's fourth claim is that the City of Chicago had a policy or widespread practice that caused a violation of his constitutional rights

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.     The plaintiff's constitutional rights were violated as defined in these instructions.

2.     The City of Chicago had a policy of concealing material exculpatory and/or impeachment evidence. The term "policy" means:

    a.  An express policy.

      or

    b.  A widespread practice that is so permanent and well-settled that it constitutes a custom. A widespread practice may be a custom even if the City of Chicago has not formally approved it, so long as the plaintiff proves that the City of Chicago knew of the practice and allowed it to continue. This includes a situation where the City of Chicago must have known about a subordinate's actions or failure to act.

      or

    c.  A decision or policy statement, including a decision not to adopt a needed policy, made by the City of Chicago.

      or

    d.  A practice of failing to train employees of the City of Chicago or the Chicago Police Department.

3.     The policy as described in paragraph 2 caused the violation of the plaintiff's constitutional rights.

## DEFINITION OF "FAILURE TO TRAIN"

To succeed on his claim against defendant City of Chicago for a policy of failure to train employees of the Chicago Police Department, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. That the City of Chicago's training program was not adequate to train its officers to properly handle recurring situations;

2. The City of Chicago knew that exculpatory or impeachment information would not be disclosed because there was a pattern of similar constitutional violations or because it was highly predictable even without a pattern of similar constitutional violations.

3. The City of Chicago's failure to provide adequate training caused the violation of the plaintiff's constitutional rights.

## FIFTH CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff's fifth claim is that defendant Guevara intentionally caused him emotional distress.

To succeed on his claim, the plaintiff must prove the following by a preponderance of the evidence:

1. The conduct of the defendant was extreme or outrageous.

2. The defendant intended to inflict emotional distress on the plaintiff or knew that there was a high probability that his conduct would cause emotional distress.

3. The defendant's conduct caused plaintiff severe emotional distress.

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I cautioned or warned during the trial.

## EVIDENCE OF OTHER ACTS BY DEFENDANT GUEVARA

You have heard evidence in the form of testimony from witnesses that defendant Reynaldo Guevara committed acts other than the ones alleged in this lawsuit. You must first decide whether it is more likely than not that defendant Reynaldo Guevara performed the unrelated acts as alleged by the witnesses. If you decide that he did commit the unrelated acts alleged by the witnesses, then you may consider this evidence only to help you decide defendant Reynaldo Guevara's intent, absence of mistake, opportunity, plan, or knowledge regarding Orlando Lopez's false identification of Jacques Rivera.

You may not consider the alleged acts for any other purpose. Keep in mind that defendant Reynaldo Guevara is on trial here only for allegations in this lawsuit, not for any other alleged acts that may have occurred at some other time or in some other context.

## CHICAGO POLICE DEPARTMENT REGULATIONS

You have heard evidence about whether Chicago Police Department regulations were complied with. You may consider this evidence in your deliberations. But remember that the ultimate question you must decide is whether the plaintiff has proven the claims as I have described them in the preceding instructions, not whether Police Department regulations may have been violated.

## LIMITING INSTRUCTION ON POST-CONVICTION RULING

You have heard evidence about Plaintiff's post-conviction proceeding. Plaintiff was granted post-conviction relief and a new trial on the basis of evidence of his actual innocence. The State decided not to retry Plaintiff.

The issues for you to decide in this case were not decided during the post-conviction proceeding.

## DAMAGES

The plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the plaintiff against one or more of the defendants on one or more of the plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

## COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a result of the defendants' wrongful conduct.

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

1.     The physical, mental, and emotional pain and suffering that the plaintiff has experienced in the past and is reasonably certain to experience in the future.

2.     The loss of normal life that the plaintiff has experienced in the past and is reasonably certain to experience in the future.

No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, assess punitive damages against an individual defendant who you find liable. Punitive damages are not available against the municipal defendant, City of Chicago. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, a defendant simply did not care about the plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

-   the reprehensibility of that defendant's conduct;

-   the impact of that defendant's conduct on the plaintiff;

-   the relationship between the plaintiff and that defendant;

-   the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

-   the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.