**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS SIERRA**, | No. 18 C 3029 |
|      Plaintiff, | Hon. John R. Blakey, District Judge |
| v. | |
| **REYNALDO GUEVARA,** et al., | Hon. M. David Weisman, Magistrate Judge |
|      Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE REMAINING SUMMARY JUDGMENT AND *DAUBERT* BRIEFING SCHEDULE

Plaintiff THOMAS SIERRA, by his attorneys, submits this brief opposition to Defendants' motion to extend the remaining summary judgment and *Daubert* briefing schedule, stating in support as follows:

1.      The Court noted the "already generous summary judgment briefing schedule" when it granted the last extension of the schedule. Dkt. 496. That was a correct characterization. Defendants now seek to extend it even further.

2.      Plaintiff will briefly address Defendants' arguments (and accusations) in support of their request below, but first to cut to the chase: after already agreeing to Defendants' request for a three-week extension, Plaintiff is willing to agree to an extension of one additional week for Defendants to file their replies, and their responses to Plaintiff's motion for summary judgment, to April 19, 2024.[1]

---

[1] The parties did not have an opportunity to confer because Defendants emailed Plaintiff yesterday at 2:43 p.m., stating that they were going to move for an extension and so Plaintiff had to respond by 5 p.m. Due to other professional commitments, Plaintiff was not able to meet Defendants' 5 p.m. deadline. It is not clear why, given that Defendants' responses are not due until April 12, Plaintiff was given just two hours to respond. In any event, Plaintiff's position is set out here.

3.      Plaintiff strives to extend professional courtesies and agree to reasonable extensions whenever possible. But Defendants have already self-helped themselves to almost five months of extensions of the summary judgment briefing schedule, and have already obtained extensions of the deadline for their replies and response to Plaintiff's cross-motion from March 15 to April 12. This request would add almost another month, to May 7, 2024, giving Defendants almost two months to file their replies.

4.      This case was filed almost six years ago, on April 30, 2018. Dkt. 1. Fact discovery closed more than eighteen months ago, on August 19, 2022. On July 26, 2023, Plaintiff asked the Court to set a briefing schedule for summary judgment, Dkt. 435, and the Court set an original deadline of **September 1, 2023** "[t]o the extent the parties have a good faith basis to seek summary judgment." Dkt. 436. On the same day, with Plaintiff's agreement, Defendants filed a motion to modify that briefing schedule, which the Court granted, setting October 6 as the date for Defendants to file motions for summary judgment. Dkt. 437.[2] On September 8, Defendants filed a second motion to extend their deadline to October 27, 2023. Dkt. 450.

5.      Plaintiff opposed that motion on the ground that none of Defendants have a non-frivolous basis to seek summary judgment in this matter. Dkt. 452. In addition, Plaintiff noted that, on August 21, 2023, he had offered Defendants a chance to substantially narrow the claims by proposing to voluntarily dismiss the majority of claims and Defendants (and not file his cross-motions for partial summary judgment) if Defendants agreed to skip summary judgment and proceed directly to trial, but that Defendants had never responded to that offer. *Id.* That offer remained open, and still remains open. Dkt. 465 (explaining the offer in detail).

---

[2]Meanwhile, Plaintiff filed his motion for partial summary judgment against Defendant Guevara on September 1, 2023, on the original briefing schedule. Dkts. 448, 449.

6.      At a hearing on Defendants' motion, the Court struck the summary judgment schedule after Defendants suggested that a settlement conference would be beneficial. The settlement conference took place on November 15, 2023, but the City never made a serious offer and the conference proved to be a disappointing waste of time. Dkt. 463.

7.      The parties then submitted new proposed summary judgment schedules. Plaintiff proposed that summary judgment briefs be filed by December 8, 2023; Defendants proposed January 26, 2024. The Court adopted Defendants' schedule. Dkt. 466. When Defendant Guevara filed a third motion to extend that deadline, the Court granted that request and reset Plaintiff's deadline to respond to all motions, and file his response, to March 5, 2024.

8.      When Plaintiff then moved for a **one-day** extension to respond to Defendants' voluminous filings, Defendants agreed, but in exchange sought a fourth extension of almost **three-weeks** to respond, to April 12. Plaintiff bit his tongue and agreed. Dkt. 494. It was that three week request that led the Court to point out the already generous schedule, and to set the current deadlines. Defendants now bring this fifth request for an extension, to add almost another month. But Plaintiff, Mr. Sierra, has personally implored us not to agree to any further extensions. In his words, "It has been almost six years. This just is not fair."

9.      Defendants' justification for yet another extension is that Plaintiff's recent filings are unduly voluminous. That is a remarkable claim, given the voluminous nature of Defendants' own summary judgment filings. Defendants requested—and were granted—over 121 pages of summary judgment briefing and 153 pages of *Daubert* motions (for a total of 274 pages of briefing), supported by 477 statements of fact. Dkts. 498-506. They now turn around and claim that Plaintiff's response consisting of a 161-page brief and 114 pages of *Daubert* responses (for a total of 275 pages of briefs), supported by 550 statements of fact, is "extraordinary" and a

3

"considered strategy to confuse, overwhelm, and distract." Dkt. 524. What a difference a few pages make.

10.     Defendants' argument is hypocritical and baseless. But Plaintiff will not belabor the point. Rather, the volume of briefing (and evidence in the record) is indicative of only one thing: there are innumerable disputes on nearly every material fact in this case. This is simply not a summary judgment case.

11.     To the extent Defendants reference Plaintiff's partial cross-motion for summary judgment, Plaintiff notes that he originally filed his partial cross-motion as to Defendant Guevara on September 1, 2023. Dkt. 448, 449. Defendants have had more than six months to prepare a response.

12.     Finally, the rest of Defendants' request is for an additional extension to file their replies. But Defendants have already filed 274 pages of briefs in support of their summary judgment motions, and so it is hard to fathom why replies are necessary at all, let alone why they should be so voluminous that Defendants need almost two months to file them.

13.     For these reasons, Plaintiff opposes Defendants' fifth request for an extension of the summary judgment deadlines, this time for an additional 25 days on top of its prior request for almost three weeks. However, Plaintiff will agree to only *one* additional week, moving the deadline to April 19, 2024.

RESPECTFULLY SUBMITTED,

/s/ Anand Swaminathan
*One of Plaintiff's Attorneys*
Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr

4

Meg Gould
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900

## <u>CERTIFICATE OF SERVICE</u>

I, Anand Swaminathan, an attorney, hereby certify that on March 21, 2023, I caused the foregoing to be filed using the Court's CM/ECF system, which served the documents on all counsel of record.

/s/ Anand Swaminathan
*One of Plaintiff's Attorneys*