THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIERRA, | ) | |
| | ) | Case No. 18 CV 3029 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |
| | ) | |

**DEFENDANTS GUEVARA AND HALVORSEN'S MOTION TO STAY BRIEFING
ON PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants Reynaldo Guevara and Geri Lynn Yanow, as Special Representative of Ernest Halvorsen (deceased), by and through their undersigned attorneys, move the Court to stay briefing on Plaintiff's Motion for Sanctions (Dkt. 533, "Sanctions Motion"), and in support, state:

1. On March 8, 2024, Defendant Reynaldo Guevara moved for partial summary judgment, while the remaining Defendants, Ernest Halvorsen, Anthony Wojcik, John McMurray, George Figueroa, Edward Mingey, Robert Biebel, and the City of Chicago moved for summary judgment on the entire case. (Dkts. 497, 501, 502, 504, 505.)

2. On March 15, 2024, Plaintiff both responded and, as against Guevara and the City, cross-moved for partial summary judgment. (Dkts. 509, 510, 520.)

3. On May 8, 2024, the Court set deadlines for the rest of the summary judgment briefing: Defendants were instructed to file their combined reply in support of summary judgment and response to Plaintiff's motion for partial summary judgment by May 28, 2024;

1

Plaintiff was instructed to reply in support of the partial summary judgment request by June 18, 2024. (Dkt. 532.)

4. Later that same day, May 8, 2024, Plaintiff filed a Sanctions Motion against Guevara and Halvorsen pursuant to Federal Rule of Civil Procedure 11. (Dkt. 533.)

5. On May 16, 2024, the Court ordered Guevara and Halvorsen to respond by June 7, 2024, and Plaintiff to reply by June 14, 2024. (Dkt. 534.) Guevara and Halvorsen now move to stay this briefing schedule on the Sanctions Motion.

6. In essence, Plaintiff's Sanctions Motion argues that four items in Guevara and Halvorsen's summary judgment briefs warrant sanctions based on legal and/or factual frivolity: (1) Guevara and Halvorsen's refusals to concede and/or not contest certain theories of liability; (2) because Guevara in this lawsuit, and Halvorsen in an unrelated lawsuit, invoked their Fifth Amendment rights to remain silent—Halvorsen thereafter disavowed his invocation—neither Defendant can seek summary judgment; (3) material disputed facts exist as to whether Guevara and Halvorsen fabricated eyewitness identifications; and (4) material issues of fact defeat summary judgment on Plaintiff's claim that Guevara and Halvorsen suppressed exculpatory and impeaching evidence. (*Id.* at 10–26.)

7. Suffice to say, Guevara and Halvorsen deny in the strongest possible terms that any of their contentions were frivolous. To the contrary, the arguments referenced above are all well-supported and Defendants believe they should lead to the granting of Halvorsen's motion for summary judgment and Guevara's partial motion for summary judgment. What's more, should the Court decline to stay briefing on the Sanctions Motion, Guevara and Halvorsen anticipate needing to initiate proceedings required under Rule 11 to put Plaintiff on formal notice of the frivolousness of their motion for sanctions which, depending on Plaintiff's response, could

lead to a cross-motion for sanctions. In that regard, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions[,]" and no such motion should "be prepared to emphasize the merits of a party's position [or] to intimidate an adversary into withdrawing contentions that are fairly debatable." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Here, the *entirety* of Plaintiff's motion for sanctions emphasizes his myopic perception of the merits of Defendants' motion for summary judgment, and Plaintiff initiated Rule 11 proceedings specifically to intimidate Defendants into withdrawing debatable contentions.

8. Further, when Plaintiff's counsel raised the specter of the Sanctions Motion by letter, defense counsel notified Plaintiff's counsel that it appeared Plaintiff was merely trying to gain a strategic advantage on the current summary judgment proceedings by (1) distracting Defendants from their work on completing their reply brief and response to Plaintiff's 550-paragraph statement of "disputed" facts, (Dkt. 519), and (2) gaming the system to ensure that Plaintiff got an opportunity to file a surreply in opposition to Defendants' summary judgment motion under the guise of a reply brief in support of his Sanctions Motion.

9. These arguments, however, need never reach the Court, as no sanctions briefing is necessary at this point. Rather, it makes far more sense to complete briefing on summary judgment and allow the Court to rule, at which point Plaintiff can assess whether he believes it makes sense for him to continue to pursue his ill-conceived Sanctions Motion. But to force briefing on the motion while work on summary judgment is ongoing will require a wasteful duplication of efforts—the parties will essentially repeat their summary judgment arguments—supplemented by an unnecessary level of acrimony due to the context in which the matter will be litigated: competing sanctions disputes.

10. To that point, the last time Loevy & Loevy put Halvorsen's defense counsel on notice that it would be filing a sanctions motion due to arguments it disagreed with in a defense motion for summary judgment was in *Coleman v. City of Peoria,* another reversed conviction case. However, before opposing counsel could file the motion for sanctions, the district judge granted defendants' motion for summary judgment in full, mooting the would-be sanctions motion. *See, Coleman v. City of Peoria*, No. 15-cv-01100, 2018 WL 10807067 (C.D. Ill. Mar. 9, 2018). The district court's grant of summary judgment was later affirmed on appeal. *Coleman v. City of Peoria*, 925 F.3d 336 (7th Cir. 2019).

11. Here too, the Court should rule on Defendants' summary judgment motions before moving forward with proceedings related to any motions for sanctions. Plaintiff's Sanctions Motion is entirely contingent on a preliminary finding that Guevara and Halvorsen lacked good faith bases upon which to move for summary judgment. **Should the Court find for Guevara and Halvorsen at summary judgment, such finding will *moot Plaintiff's Sanctions Motion* on its face**.

12. "[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court should invoke that discretion here, as a stay will best serve judicial economy and accomplish a *tremendous* conservation of resources for all parties—the Court, Guevara, Halvorsen, and Plaintiff alike. In addition, a stay will prejudice no one.

13. Absent a stay of briefing, the Court will be burdened by satellite sanctions proceedings no matter the outcome of summary judgment. With a stay, however, should the Court rule for Guevara and Halvorsen at summary judgment—or rule against either or both of them on some issues, but find their arguments were made in good faith—the entire issue will be

moot, as (1) Plaintiff will no longer possess grounds to argue frivolity, and (2) Guevara and Halvorsen will have expended no costs defending against the Sanctions Motion, which will reduce their need to initiate procedures relating to a potential cross-motion. The conservation of resources and service to judicial economy will, in such case, be immense.

14. Moreover, a stay works no prejudice whatsoever against Plaintiff. Rather, should the Court determine briefing on the matter remains warranted after summary judgment, Plaintiff's entitlement to seek sanctions will have been preserved. And, helpful for everyone, by that time the Court will have a far better handle on the wide range of summary judgment disputes that serve as the entire basis for the Sanctions Motion.

15. Seventh Circuit courts routinely stay briefing on one motion where its outcome or viability is contingent on a separate motion. *E.g., Jolley v. United States*, No. 1:20-cv-03216-JMS-MJD, 2021 WL 4804165, at *3–4, 7 (S.D. Ind. Oct. 14, 2021) (noting prior rulings to stay briefing on plaintiff's summary judgment motion where the defense had already filed a motion to dismiss, and ultimately denying plaintiff's sanctions motion where the court's partial grant of the motion to dismiss revealed that the sanctions request was meritless); *N. Shore Co-Owners' Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, No. 1:18-cv-03632-SEB-TAB, 2020 WL 6888421, at *1–2 (S.D. Ind. Octo. 28, 2020) (staying briefing schedule of motions for summary judgment where "resolution of the extensive issues identified in [pending] motions to strike will clarify the scope of legal questions under review in the parties' summary judgment briefing, including in anticipated cross-motion from Defendant," through which "judicial economy will be best served"); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1996 WL 266648, at *1 (N.D. Ill. May 7, 1996) (staying briefing on motion to exclude damages experts where two

5

relevant legal issues were likely to be certified to the Seventh Circuit, and "defendants' motion would best be evaluated with the benefit of the Seventh Circuit's treatment as to those matters").

16. As has become par for the course, Defendants anticipate a rhetorically feverish response from Plaintiff that will largely ignore and obfuscate the important issues of judicial economy on which the instant motion is grounded. Ultimately, there is no sound reason to disrupt and distract these already protracted proceedings with another unnecessary level of vitriol and paper attendant to sanctions briefing while summary judgment proceedings remain pending.

## CONCLUSION

WHEREFORE, Guevara and Halvorsen respectfully request that this Court stay briefing on the Sanctions Motion until the parties' respective requests for summary judgment have been ruled upon.

Date: May 24, 2024                                    Respectfully submitted,

/s/ Gabrielle R. Sansonetti                           /s/ Josh M. Engquist
Gabrielle R. Sansonetti                               Josh M. Engquist
Special Assistant Corporation Counsel                 Special Assistant Corporation Counsel
*One of the Attorneys for Reynaldo Guevara*           *One of the Attorneys for Defendant Halvorsen*

Thomas M. Leinenweber                                 James G. Sotos
Gabrielle R. Sansonetti                               Josh M. Engquist
Leinenweber, Daffada, & Sansonetti                    Jeffrey R. Kivetz
120 N. LaSalle Street, Suite 200                      Elizabeth R. Fleming
Chicago, Illinois 60602                               Special Assistant Corporation Counsel
(773) 716-6117                                        The Sotos Law Firm, P.C.
gabrielle@ilesq.com                                   141 W. Jackson, Suite 1240A
                                                      Chicago, Illinois 60604
                                                      (630) 735-3300
                                                      jengquist@jsotoslaw.com

## **CERTIFICATE OF SERVICE**

      I, Josh M. Engquist, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Friday, May 24, 2024, I electronically filed the foregoing **Defendants Guevara and Halvorsen's Motion to Stay Briefing on Plaintiff's Motion for Sanctions** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

| *Attorneys for Thomas Sierra:* | *Attorneys for City of Chicago* |
|---|---|
| Jon Loevy | Eileen E. Rosen |
| Steven Art | Patrick R. Moran |
| Anand Swaminathan | Stacy A. Benjamin |
| Joshua A. Tepfer | Catherine M. Barber |
| Rachel Brady | Theresa B. Carney |
| Sean Starr | Austin G. Rahe |
| Margaret Gould | Lauren Ferrise |
| LOEVY & LOEVY | Rock Fusco & Connelly, LLC |
| 311 N. Aberdeen, 3rd Floor | 333 W. Wacker Dr. 19th Floor |
| Chicago, IL 60607 | Chicago, IL 60606 |
| (312) 243-5900 | (312)494-1000 |
| jon@loevy.com | erosen@rfclaw.com |
| steve@loevy.com | pmoran@rfclaw.com |
| anand@loevy.com | cbarber@rfclaw.com |
| josh@loevy.com | tcarney@rfclaw.com |
| brady@loevy.com | arahe@rfclaw.com |
| sean@loevy.com | lferrise@rfclaw.com |
| gould@loevy.com | |

*Attorneys for Defendant Guevara:*

James V. Daffada
Thomas M. Leqinenweber
Kevin E. Zibolski
Michael J. Schalka
Gabrielle R. Sansonetti
Leinenweber, Daffada, & Sansonetti
120 N. LaSalle St, Suite 2000
Chicago, IL 60602
(773) 716-6117
jim@ilesq.com                                         /s/Josh M. Engquist
thomas@ilesq.com                          JOSH M. ENGQUIST
kevin@ilesq.com
mjs@ilesq.com
gabrielle@ilesq.com