IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THOMAS SIERRA**, *Plaintiff*, v. **REYNALDO GUEVARA,** et al., *Defendants*. | No. 18 C 3029  Hon. John R. Blakey, District Judge  Hon. M. David Weisman, Magistrate Judge |

### JOINT STATUS REPORT

The parties, by their respective attorneys, respectfully provide the following joint status report on the issue of settlement:

### INTRODUCTION

The parties have reached an agreement whereby the Corporation Counsel has agreed to recommend to the City Council a settlement of an amount certain, an amount Plaintiff has accepted if City Council approves it. In light of this development, the parties have different views about how to proceed:

### PLAINTIFF'S POSITION

This case is scheduled for trial to begin on January 6, 2025. Both sides and the Court have blocked out that time.

Plaintiff's position is that the Court should keep the January 6 trial date until the City Council decides whether to accept the Corporation's Counsel's settlement recommendation. Whereas City Council approval had always previously been a formality, earlier this year the City Council rejected a $7mm settlement in the *Velez* case that the parties had reached before Judge

1

Chang, a case litigated by the same firm representing Plaintiff in this matter. Judge Chang subsequently entered a minute order stating he would never again remove a case from the trial call based on an agreement to settle unless and until the City Council approves that agreement. *Velez v. Chicago*, No. 18 C 8144, Dkt. 394 (N.D. Ill. July 22, 2024) ("On review of the status report, R. 391, the Chicago City Council did not approve the proposed settlement. Rejection of the proposed settlement is the City's prerogative and was always a known condition of the negotiated settlement. At the same time, it is highly, highly unlikely that the Court will ever postpone or vacate a pretrial or trial schedule on just a negotiated settlement in a City of Chicago case. Trial settings are a precious and rare commodity, especially four-week blocks as this one was (and will be). If the City wishes to settle in any case, then the Council will simply need to consider the settlement at the full-Council level at a sufficiently early stage to avoid expending fees on pretrial filings and a trial. Defense counsel shall communicate this to the City of Chicago Law Department so that it is on sufficient advance notice for other cases.").

Plaintiff respectfully requests that this Court do the same. While it undoubtedly makes sense for the Court not to expend additional judicial resources on the pending summary judgment motions in light of the settlement recommendation, those motions could always be taken up at trial in the event the City Council again rejects this proposed settlement.

It is presently still early November. If there is a will to do so, there is time to get the settlement on the calendar for the City Council meeting on December 11, 2024. If the Corporation Council takes steps to get this before the City Council on December 11, the parties and the Court will know if the case is going to settle, or if it is not.[1] If City Council again rejects

---

[1] In response to our inquiry upon receiving their draft for this Position Statement, defense counsel provided assurance on November 8 that if Plaintiff signs and returns the documents by

Corporation Counsel's recommendation to settle the case, the case can and should proceed to trial on January 6 as scheduled.

## DEFENDANTS' POSITION

Defendants believe that striking the trial date is appropriate. The *Velez* case was an anomaly, as Plaintiff's counsel states. The City can never guarantee any settlement will pass, but it is very rare that settlements do not. Plaintiff's counsel cannot point to one other settlement brought by their firm that has not passed. Loevy & Loevy has had three settlements approved by City Council in the past two months alone. There is no reason for the Court or the parties to expend resources preparing for trial for that rare occurrence.

While Defendants appreciate the frustration of Judge Chang, the City has to follow a process dictated by law to consider and approve settlements over $100,000. Before the settlement can be considered by full Council, the Committee of Finance must meet and vote on the settlement. That process is one small aspect of City Council's important governing duties and while the Department of Law submits a list of settlements awaiting approval to the Committee of Finance, it is that committee that controls its agenda, not the Department of Law.

The Department of Law has no control over the legislative branch's meeting schedule. Regular City Council meetings are scheduled approximately once per month.[2] The next regular Committee of Finance has not yet been scheduled, nor has the next regular City Council meeting. Although usually City Council meets once a month, in October there were two meetings. The meeting originally scheduled for November was rescheduled to October 30, to accommodate

---

the same day, November 8 (which he did) it is will not be too late to get this on the agenda for the December 11 meeting.

[2] https://chicityclerkelms.chicago.gov/Meetings/

budget hearings in November. That resulted in two City Council meetings in October. Because the Council's 2025 budget hearings are underway, there will be no regular meetings of either the Committee of Finance or City Council in November. The next regular meeting of these two bodies has not yet been set. Defendants have informed the Plaintiff of the current but tentative date for the next regular City Council meeting—December 11. That has not been finalized and has already been moved once since Defendants informed Plaintiff of any tentative date. If the meeting gets set for December 30, then the parties will be a week away from trial.

Given that the City Council meeting is a moving target, it makes no sense to continue these proceedings until the vote. While the trial date was set by the Court on November 29, 2023, no other pre-trial dates have been set. There are many substantial pending motions that must be ruled upon before trial. As this Court is aware, Defendant City, Defendant Guevara and the remaining Defendant Officers filed summary judgment motions that are fully briefed and awaiting ruling from the Court. Additionally, Defendant City, filed three *Daubert* motions seeking to bar Plaintiff's *Monell* experts which are also fully briefed. Plaintiff also filed his own partial motion for summary judgment against the City which awaits ruling. He also filed a motion for sanctions related to Defendants' summary judgment motions.

This Court's rulings on the eight pending motions could dramatically impact the length and scope of the trial. Accordingly, in light of the settlement, Defendants do not believe it is either feasible or reasonable to hold the trial date or for the motions that are pending to be taken up at trial in the unlikely event that City Council rejects the proposed settlement.

Regarding Plaintiff's representation that defense counsel provided any assurances on November 8, the only "assurances" defense counsel provided was that if the settlement agreement was executed, and it now is, the Department of Law would put this case on the list for

4

consideration. Defense counsel reiterated that the Department of Law does not control the legislative agenda so it cannot guarantee that the settlement will be considered at the next meeting, or even that the next meeting will occur on December 11 but the Department will put this settlement on the list for consideration, as soon as the agreement is executed.

In light of the above, Defendants respectfully request that the Court strike the January 6, 2025 trial date.

RESPECTFULLY SUBMITTED,

/s/ Steve Art
*One of Plaintiff's Attorneys*
Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

/s/ Eileen E. Rosen

Eileen E. Rosen
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 474-1000
erosen@rfclaw.com

/s/ Josh M. Engquist

Josh M. Engquist
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Officers*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
David A. Brueggen
Special Assistant Corporation Counsel
The Sotos Law Firm, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
(630) 735-3300
jengquist@sotoslaw.com

5